UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CATLIN INSURANCE COMPANY,

                      Plaintiff,                      CASE NO. 1:24-cv-4499

    -against-

                                              **DECLARATION OF**
CHAMP CONSTRUCTION COMPANY, AMERICAN       **JOSHUA STERN**
EMPIRE INSURANCE COMPANY, MERCHANT'S
MUTUAL INSURANCE COMPANY, NAVIGATOR'S
SPECIAL INSURANCE, AXIS INSURANCE,
NAVIGATORS INSURANCE COMPANY, GZA
GEOENVIRONMENTAL, INC., also known as GOLDBERG
ZOINO ASSOCIATES OF NEW YORK P.C., COMMERCE
& INDUSTRY INSURANCE, ACE AMERICAN
INSURANCE COMPANY, GILSANZ, MURRAY,
STEFICEK, LLP, CONTINENTAL CASUALTY
COMPANY, JOHN DOES 1-10 (said persons
being unknown and fictitious) and ABC COMPANIES
1-10 (said entities being unknown and fictitious).

                      Defendants.
------------------------------------------------------------------------X

      JOSHUA S. STERN, an attorney duly admitted to practice law before the Courts of the State of New York and before this Court declares the following to be true under the penalties of perjury:

      1.    I am an attorney in the law firm of MANNING GROSS + MASSENBURG LLP and represent Defendant Goldberg-Zoino Associates of New York, P.C. i/s/h/a GZA Environmental, Inc. a/k/a Goldberg Zoino Associates of New York P.C. ("GZA") in the above-captioned matter. I submit this affirmation in support of the GZA's motion for an Order:

          (i)    dismissing pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff Catlin Insurance Company's ("Catlin" or "Plaintiff") claims against GZA relating to the duty to indemnify and defend as the Court lacks subject matter jurisdiction;

          (ii)   in the alternative, staying the proceeding against GZA for all remaining claims pending resolution of the underlying tort action, entitled <u>EMFT, LLC, et al. v. Broadway 371, LLC, et al.</u>, Index No. 156969/2016 which is

1

        pending in the Supreme Court of the State of New York, New York County (the "State Action"), and

(iii) granting GZA such other and further relief as this Court deems just and proper.

2. As detailed more thoroughly in the accompanying Memorandum of Law, Plaintiff's claims regarding the duty to defend and indemnify are premature and not ripe, and thus, the Court lacks subject matter jurisdiction. In the alternative, even if such claims were not ripe, the Court should exercise its discretion under the <u>Wilton/Brillhart</u> Abstention Doctrine and issue a stay because this action is entirely duplicative of the earlier State Action, in which discovery is well underway, and because there are unresolved issues of fact that are determinative to the declaratory judgment issues that are also determinative in the State Court Action.

3. In support of this motion, I respectfully request the Court to consider the following evidence:

4. Annexed hereto as Exhibit A is a true and accurate copy of the Complaint in the State Action.

5. Annexed hereto as Exhibit B is a true and accurate copy of an article published in the Real Deal dated July 20, 2012.

6. Annexed hereto as Exhibit C is a true and accurate copy of portions of the deposition transcript of Robert Moezinia.

7. Annexed hereto as Exhibit D is a true and accurate copy of an unsigned GZA Proposal dated December 6, 2012.

8. Annexed hereto as Exhibit E is a true and accurate copy of an unsigned Change Order.

9. Annexed hereto as Exhibit F is a true and accurate copy of an Order of consolidation in the State Action dated March 7, 2018.

10. Annexed hereto as Exhibit G is a true and accurate copy of a stipulation of discontinuance dated October 12, 2023.

11. Annexed hereto as Exhibit H is a true and accurate copy of a Third-Party Summons and Complaint dated January 14, 2020.

12. Annexed hereto as Exhibit I is a Compliance Conference Order dated August 2024.

**WHEREFORE**, Defendant Goldberg-Zoino Associates of New York, P.C. i/s/h/a GZA Environmental, Inc. a/k/a Goldberg Zoino Associates of New York P.C. respectfully requests that this Court enter an Order (i) dismissing pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff's claims against GZA as the Court lacks subject matter jurisdiction; (ii) in the alternative, staying the proceeding against GZA pursuant to the Wilton/Brillhart Abstention doctrine; and (iii) and for such other relief and the Court deems just and proper.

Dated: New York, New York
December 9, 2024

By: _____
Joshua S. Stern, Esq.