# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

EMFT, LLC,

           *Plaintiff*,

-against -

ELAD GROUP PROPERTIES, LLC, BROADWAY 371 LLC,
and THE BOARD OF DIRECTORS OF THE
FRANKLIN PLACE CONDOMINIUM,

           *Defendants*

Index No.:

The basis of the venue is to CPLR §§503(a), 503(d), 503(d) and 509

**SUMMONS**

To the above named Defendants ELAD GROUP PROPERTIES, LLC, BROADWAY 371 LLC, and THE BOARD OF DIRECTORS OF THE FRANKLIN PLACE CONDOMINIUM:

YOU ARE HEREBY SUMMONED and required to serve upon the Plaintiff's attorney, after the service of this Summons, exclusive of the day of service, or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to appear, judgment may be taken against you by default for the relief demanded in the Complaint, together with the costs of this action.

Dated: New York, New York
       February 15, 2017

                                  BORSTEIN TURKEL, PC
                                  *Attorneys for Plaintiff EMFT, LLC*

By: _____
          Leon Baer Borstein
          420 Lexington Avenue
          Suite 2920
          New York, New York 10170
          Tel.: (212) 687-1600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

EMFT, LLC,

                    *Plaintiff,*

-against -

ELAD GROUP PROPERTIES, LLC, BROADWAY 371 LLC,
and THE BOARD OF DIRECTORS OF THE FRANKLIN PLACE CONDOMINIUM,

                    *Defendants*

Index No.:

**VERIFIED COMPLAINT**

Plaintiff EMFT, LLC, by its attorneys BORSTEIN TURKEL, P.C., as and for its Complaint against Defendants, BROADWAY 371, LLC, ELAD GROUP PROPERTIES LLC, and THE BOARD OF DIRECTORS OF THE FRANKLIN PLACE CONDOMINIUM, alleges as follows:

### The Parties

1. Plaintiff EMFT, LLC ("EMFT"), is a New York limited liability company with a principle place of business in Brooklyn, New York

2. EMFT is the fee owner of land located at 365 Broadway, New York, New York improved by a 9 story residential building ("Plaintiff's Building").

3. Upon information and belief, Defendant, ELAD GROUP PROPERTIES LLC ("ELAD"), is a New York limited liability company with offices at 575 Madison Avenue, 22nd Floor, New York, New York.

4. Upon information and belief, BROADWAY 371, LLC ("BROADWAY 371") is a New York limited liability company and ELAD is the managing member.

5. Upon information and belief, Broadway 371 is now or during the period relevant to this action, the developer and fee owner of property located at 371 Broadway, New

1

York, New York as improved by a recently constructed 21-story residential condominium building ("Defendants' Building").

6. Defendant's Building is adjacent to Plaintiff's Building.

7. Upon information and belief, Defendant, THE BOARD OF DIRECTORS OF THE FRANKLIN PLACE CONDOMUNIUM ("BOARD") is the board of directors of a condominium ("CONDOMINIUM") established to ultimately assume ownership and control of Defendants' Building.

8. Upon information and belief, the BOARD is legally authorized to commence and defend an action in the name of and on behalf of the CONDOMINIUM pursuant to NY RPL Article 9-B.

9. Upon information and belief, BROADWAY 371 will relinquish, or has already relinquished ownership and control of Defendants' Building to the BOARD.

10. ELAD, BROADWAY 371, and the BOARD, are, collectively, referred to hereinafter as "Defendants"

### Jurisdiction and Venue

11. Jurisdiction exists pursuant to CPLR §§ 301 and 302 (a).

12. Venue is properly laid in New York County pursuant to CPLR §§ 503 (c), 503 (d) and 509.

### Relevant Background

13. Plaintiff's Building features an attractive and highly used lower roof deck that is in part open to its tenants and that is adjacent to Defendant's Building.

14. Above the lower roof deck is an upper roof deck that is not presently open to tenants but which is accessible by EMFT via an interior stair case.

2

15. The upper roof deck features open space and 4 exhaust chimneys ("Chimneys"), directed upward, within fifty feet of Defendant's Building.

16. Plaintiff's Building was specifically designed so that it could be additionally built upon by EFMT or a successor owner and so that the roof decks could be further exploited as additional tenant or owner accessible space.

17. Defendants built Defendant's Building on the site of a formerly lower elevation building.

18. On or about July 1, 2013, BROADWAY 371 noticed EMFT that it would construct Defendant's Building and that it would construct and maintain construction scaffolding on the roof of Plaintiff's Building, protect Plaintiff's Building during construction and that the work was expected to take approximately 14 months and that the scaffolding and protection would remain in place until on or around August 2014.

19. Plaintiff thereafter had direct communications with Defendants concerning construction through ELAD.

20. ELAD represented itself as having authority to negotiate for and bind all Defendants.

21. EMFT reasonably relied on ELAD.

22. Defendants agreed to adequately protect Plaintiff's Building, remove its construction apparatus and materials timely, and repair or replace any damages that the construction caused.

23. Thereafter, the construction commenced, the scaffolding was constructed and other protections were emplaced.

24. During and after the construction, Plaintiff's Building has been repeatedly damaged by Defendants due to the construction and related activities at Defendant's Building.

3

25. Defendants owed a duty to adequately protect Plaintiff's Building and to perform their construction and related activities carefully and in a manner that would not cause damage to Plaintiff's Building.

26. EMFT notified Defendants of damages to Plaintiff's Building.

27. Upon information and belief the construction is now completed.

28. Defendants dissembled their scaffolding and other protections and deposited them on the lower roof at Plaintiff's Building, thereby commandeering EMFT's lower roof deck and rendering the lower roof unusable by EMFT and its tenants.

29. EMFT notified Defendants of further damages to Plaintiff's Building.

30. EMFT demanded that Defendants remove the scaffolding and all other property of Defendants from Plaintiff's Building.

31. Defendants inspected the damages that were visible and promised EMFT that Defendants would timely remove the scaffolding and repair all the damages then known and thereafter discovered to Plaintiff's Building caused by Defendants upon completion of the construction.

32. On or about May 23, 2016 EMFT became aware of a notice of violation and hearing from the NYC Department of Buildings, stating that pursuant to Section 501.1.1 of the 2008 NYC Fuel and Gas Code it is the responsibility of the owner of Defendants' Building to extend the Chimneys of Plaintiff's Building, the lower adjacent building, to conform with the requirements of the NYC Fuel and Gas Code.

33. However, Defendants refused to extend the Chimneys up alongside Defendants' Building to a distance above the roof of Defendant's Building.

34. Defendants demanded to create an angled offset for the Chimneys which would extend them across the upper roof deck of the Plaintiff's Building.

35. EMFT notified Defendants that the offset system was unacceptable since it would, inter alia, inhibit and impede the present and future utility of the upper roof deck and would require permanent and regular maintenance, electricity and repair.

36. EMFT also notified Defendants that their failure to remove scaffolding from EMFT's lower roof deck created a reduction of the rights of EMFT and its tenants to the use and enjoyment of Plaintiff's Building and its amenities.

37. EMFT continued to demand that the Defendants extend the existing Chimneys upwards to conform to law, and then to maintain them in conformity with law.

38. EMFT continued to demand that Defendants remove their dissembled scaffolding, protection and debris, and to repair the damages they caused to Plaintiff's Building.

39. To date, Defendants have failed to remove the scaffolding, protection and debris, to repair damages and to remedy the violation concerning the Chimneys.

40. At all times, the correspondence and the negotiations concerning the work to be done and the progress of the work, the protections and the damages was conducted with Defendants ELAD and BROADWAY 371.

### First Cause of Action

41. Plaintiffs hereby repeats and realleges each and every allegation set forth hereinabove as if the same were fully set forth herein.

42. Upon information and belief, pursuant to NYC Fuel and Gas Code § 501.1.1 ("FGC"), and New York City Administrative Code Title 27, Subchapter 15 (the "Building Code"), Section 27-860 ("§27-860") Defendants are required to construct an extension of EFMT's Chimneys upwards beyond the height of Defendant's Building.

43. Defendants breached their obligations by failing and refusing to extend EMFT's Chimneys upward despite demand.

5

44. Plaintiff has been damaged thereby in an amount to be determined at trial.

## Second Cause of Action

45. Plaintiffs hereby repeats and realleges each and every allegation set forth hereinabove as if the same were fully set forth herein.

46. Defendants breached their duty by failing to perform their construction and related activities so as to adequately protect Plaintiff's Building.

47. Defendants' breaches of their duties to EFMT were the actual and proximate cause of the damage to Plaintiff's Building and to EMFT.

48. EMFT has been damaged thereby in an amount to be determined at trial.

## Third Cause of Action

49. Plaintiff hereby repeats and realleges each and every allegation set forth hereinabove as if the same were fully set forth herein.

50. Defendants erected an extensive scaffolding and other protection on, around and above the roof of Plaintiff's Building for an agreed upon period of no more than 14 months.

51. The period of consent has passed and Plaintiff has demanded that Defendants remove the dissembled scaffolding, protection and debris at Defendants sole cost and expense.

52. Defendants have failed and refused.

53. Defendants conduct is negligent, reckless, willful, wanton and malicious.

54. Plaintiff has been damaged thereby in an amount to be determined at trial.

Wherefore, Plaintiff EMFT demands judgment from Defendants ELAD GROUP PROPERTIES LLC, BROADWAY 371, LLC, THE BOARD OF DIRECTORS OF THE FRANKLIN PLACE CONDOMINIUM as follows:

a. On the First Cause of Action, a judgment of specific performance requiring the Defendants to erect the statutorily required upward extension of the Chimneys, or a declaration that the EMFT may erect of the statutorily required upward extension of the Chimneys attached to Defendants' Building and that Defendants shall pay for same; and

b. On the First Cause of Action, damages according to proof, including but not limited to a sum equal to the cost actually incurred by the Plaintiff for time, labor and materials to erect of the statutorily required extension of the Chimneys and all other ongoing costs of operation of the extended Chimneys; and

c. On the Second Cause of Action, damages according to proof; and

d. On the Third Cause of Action, a judgment of specific performance requiring Defendants to immediately remove the dissembled scaffolding, protection and debris within 30 days of the Judgment; and

e. On the Third Cause of Action, damages according to proof.

Dated: New York, New York
February 15, 2017

BorsteinTurkel, P.C.
*Attorneys for Plaintiff*
*EMFT, LLC*

By: _____
Leon Baer Borstein

420 Lexington Avenue
Suite 2920
New York, NY 10170
T: (212) 687-1600
F: (212) 687-8710

7

# VERIFICATION

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF  Kings           )

Michael Moezinia, being duly sworn, deposes and says:

I am a member of EMFT, LLC, a New York Limited Liability Company and the Plaintiff in the foregoing Complaint. I have read the Complaint and know the contents thereof. The contents of the Complaint are true to my own knowledge and based on documents kept in the files of EMFT, LLC, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

EMFT, LLC

_____
By: Michael Moezinia

Sworn to before me on this
15th day of February 2017

_____
Notary Public

[Notary Seal: MARK R. DAVIS, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in New York County, 01DA6306375]