# EXHIBIT H

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EMFT, LLC and 373-375 BROADWAY LLC,                    :

                Plaintiff(s),                    :

       - against -                                    :          Index No.: 156959/2016

BROADWAY 371, LLC, ELAD GROUP PROPERTIES,    :          **THIRD PARTY**
LLC and THE BOARD OF DIRECTORS OF THE                              **COMPLAINT**
FRANKLIN PLACE CONDOMINIUM,                        :

             Defendant(s)                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BROADWAY 371, LLC, and THE BOARD OF             :
DIRECTORS OF THE FRANKLIN PLACE
CONDOMINIUM,                                          :

          Third-Party Plaintiffs             :

     -against -                                    :

786 IRON WORKS CORP., CERTIFIED SCAFFOLDING :
& HOISTING, INC., CHAMP CONSTRUCTION CORP.,
DESIGN CONSTRUCT INTERNATIONAL, INC.,             :
DESIGN CONSTRUCT INT'L OF NEW YORK, LLC,
FNA ASSOCIATES, INC., GEOTECHNICAL               :
SOLUTIONS CORP., GILSANZ.MURRAY.STEFICEK,
INC., GILSANZ.MURRAY.STEFICEK, LLP., GZA         :
GEOENVIRONMENTAL, INC., GOLDBERG ZOINO
ASSOCIATES OF NEW YORK, PC, HYDRO TECH           :
ENVIRONMENTAL, CORP., HYDRO TECH
ENVIRONMENTAL ENGINEERING AND GEOLOGY, :
D.P.C., JOHN S. DEERKOSKI, P.E., AND
ASSOCIATES, DEERKOSKI ENGINEERING, P.C., P-      :
GOOM PLATFORM AND SCAFFOLDING, INC., P-
GOOM, INC.                                           :

                      :

         Third-Party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 3 of 114

**PLEASE TAKE NOTICE**, that the Defendants/Third-Party Plaintiffs, BROADWAY 371, LLC, EL AD US HOLDING, INC. and THE BOARD OF DIRECTORS OF THE FRANKLIN PLACE CONDOMINIUM, [hereinafter "Defendants/Third-Party Plaintiffs"] by their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for a Third-Party Complaint against 786 IRON WORKS CORP., CERTIFIED SCAFFOLDING & HOISTING, INC., CHAMP CONSTRUCTION CORP., DESIGN CONSTRUCT INTERNATIONAL, INC., DESIGN CONSTRUCT INT'L OF NEW YORK, LLC, FNA ASSOCIATES, INC., GEOTECHNICAL SOLUTIONS CORP., GILSANZ.MURRAY.STEFICEK, INC., GILSANZ.MURRAY.STEFICEK, LLP., GZA GEOENVIRONMENTAL, INC., GOLDBERG ZOINO ASSOCIATES OF NEW YORK, PC, HYDRO TECH ENVIRONMENTAL, CORP., HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C., JOHN S. DEERKOSKI, P.E., AND ASSOCIATES, DEERKOSKI ENGINEERING, P.C., P-GOOM PLATFORM AND SCAFFOLDING, INC., P-GOOM, INC. [hereinafter "Third-Party Defendants"] upon information and belief, allege and state the following:

## STATEMENT OF FACTUAL BACKGROUND

1.      On or about August 18, 2016, plaintiff 373-375 Broadway, LLC (hereinafter "373-375 Broadway"), commenced an action (Index No. 156959/2016) in the Supreme Court of the State of New York, County of New York against Broadway 371, LLC, Elad Group Properties LLC, and The Board of Directors of the Franklin Place Condominium   A copy of the Summons and Complaint is attached hereto as Exhibit "A."   Subsequently, 373-375 Broadway filed an Amended Summons and Complaint on October 11, 2016.   A copy of the Amended Summons and Complaint is attached hereto as Exhibit "B."   On November 15, 2016, defendants Broadway

- 2 -

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 4 of 114

371, LLC and El Ad US Holding, Inc. interposed a Verified Answer to plaintiff's Amended Complaint. A copy of the Answer is annexed hereto as Exhibit "C." On November 30, 2016, defendant The Board of Directors of Franklin Place Condominium interposed a Verified Answer to the Amended Complaint. A copy of the Answer is annexed hereto as Exhibit "D."

2.       In essence, 373-375 Broadway's complaint alleges that its property was damaged by ongoing construction activities during the construction of the building located at 371 Broadway in New York, New York. Plaintiff further alleges that defendants' building exceeded the height of plaintiff's property by several stories, and that pursuant to the New York City Administrative Code, defendants were required to construct an extension of the chimney located at 373-375 Broadway to a point above its own building.

3.       On or about February 21, 2017, plaintiff EMFT, LLC (hereinafter "EMFT"), commenced an action (Index No. 650886/2017) in the Supreme Court of the State of New York, County of New York against Broadway 371, LLC, Elad Group Properties LLC, and The Board of Directors of the Franklin Place Condominium  A copy of the Summons and Complaint is attached hereto as Exhibit "E." Subsequently, on March 21, 2017, defendant Broadway 371, LLC interposed a Verified Answer to plaintiff's Complaint. A copy of the Answer is annexed hereto as Exhibit "F." On April 18, 2017, defendant, The Board of Directors of Franklin Place Condominium interposed a Verified Answer to the Complaint. A copy of the Answer is annexed hereto as Exhibit "G."

4.       EMFT's Complaint alleges in substance, that its building located at 365 Broadway in New York, New York was damaged by defendants during the construction of their residential building. EMFT also alleges that defendants failed to extend its chimney beyond the height of defendants building.

- 3 -

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 5 of 114

5.      On August 22, 2017, EMFT filed a motion to consolidate its action with that of 373-375 Broadway, arguing that the two actions were similar and shared significant questions of law and fact requiring identical discovery, thereby necessitating a consolidation of the two actions.  A copy of the motion (without exhibits) is annexed hereto as Exhibit "H."  On January 17, 2018, the Court granted EMFT's motion and consolidated the two actions.  A copy of the Decision & Order is annexed hereto as Exhibit "I."

6.      That at all times hereinafter mentioned, Third-Party Defendant, 786 IRON WORKS CORP. was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

7.      That at all times hereinafter mentioned 786 IRON WORKS CORP was and still is a corporation duly licensed and authorized to do business in the State of New York.

8.      That at all times hereinafter mentioned 786 IRON WORKS CORP was conducting business in the State of New York.

9.      That at all times hereinafter mentioned 786 IRON WORKS CORP was transacting business in the State of New York.

10.     That at all times hereinafter mentioned, Third-Party Defendant, CERTIFIED SCAFFOLDING & HOISTING, INC. was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

11.     That at all times hereinafter mentioned CERTIFIED SCAFFOLDING & HOISTING, INC. was and still is a corporation duly licensed and authorized to do business in the State of New York.

12.     That at all times hereinafter mentioned CERTIFIED SCAFFOLDING & HOISTING, INC. was conducting business in the State of New York.

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 6 of 114

13.    That at all times hereinafter mentioned CERTIFIED SCAFFOLDING &
HOISTING, INC. was transacting business in the State of New York.

14.    That at all times hereinafter mentioned, Third-Party Defendant, CHAMP
CONSTRUCTION CORP. was and still is a domestic business corporation organized and
existing under and by virtue of the laws of the State of New York.

15.    That at all times hereinafter mentioned CHAMP CONSTRUCTION CORP. was
and still is a corporation duly licensed and authorized to do business in the State of New York.

16.    That at all times hereinafter mentioned CHAMP CONSTRUCTION CORP. was
conducting business in the State of New York.

17.    That at all times hereinafter mentioned CHAMP CONSTRUCTION CORP. was
transacting business in the State of New York.

18.    That at all times hereinafter mentioned, Third-Party Defendant, DESIGN
CONSTRUCT INTERNATIONAL, INC. was and still is a domestic business corporation
organized and existing under and by virtue of the laws of the State of New York.

19.    That at all times hereinafter mentioned DESIGN CONSTRUCT
INTERNATIONAL, INC. was and still is a corporation duly licensed and authorized to do
business in the State of New York.

20.    That at all times hereinafter mentioned DESIGN CONSTRUCT
INTERNATIONAL, INC. was conducting business in the State of New York.

21.    That at all times hereinafter mentioned DESIGN CONSTRUCT
INTERNATIONAL, INC. was transacting business in the State of New York.

- 5 -

10466630v.1

22.     That at all times hereinafter mentioned, Third-Party Defendant, DESIGN CONSTRUCT INT'L OF NEW YORK, LLC was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

23.     That at all times hereinafter mentioned DESIGN CONSTRUCT INT'L OF NEW YORK, LLC was and still is a corporation duly licensed and authorized to do business in the State of New York.

24.     That at all times hereinafter mentioned DESIGN CONSTRUCT INT'L OF NEW YORK, LLC was conducting business in the State of New York.

25.     That at all times hereinafter mentioned DESIGN CONSTRUCT INT'L OF NEW YORK, LLC was transacting business in the State of New York.

26.     That at all times hereinafter mentioned, Third-Party Defendant, FNA ASSOCIATES, INC. was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

27.     That at all times hereinafter mentioned FNA ASSOCIATES, INC. was and still is a corporation duly licensed and authorized to do business in the State of New York.

28.     That at all times hereinafter mentioned FNA ASSOCIATES, INC. was conducting business in the State of New York.

29.     That at all times hereinafter mentioned FNA ASSOCIATES, INC. was transacting business in the State of New York.

30.     That at all times hereinafter mentioned, Third-Party Defendant, GEOTECHNICAL SOLUTIONS CORP. was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 8 of 114

31.     That at all times hereinafter mentioned GEOTECHNICAL SOLUTIONS CORP. was and still is a corporation duly licensed and authorized to do business in the State of New York.

32.     That at all times hereinafter mentioned GEOTECHNICAL SOLUTIONS CORP. was conducting business in the State of New York.

33.     That at all times hereinafter mentioned GEOTECHNICAL SOLUTIONS CORP. was transacting business in the State of New York.

34.     That at all times hereinafter mentioned, Third-Party Defendant, GILSANZ MURRAY STEFICEK, INC. was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

35.     That at all times hereinafter mentioned GILSANZ MURRAY STEFICEK, INC. was and still is a corporation duly licensed and authorized to do business in the State of New York.

36.     That at all times hereinafter mentioned GILSANZ MURRAY STEFICEK, INC. was conducting business in the State of New York.

37.     That at all times hereinafter mentioned GILSANZ MURRAY STEFICEK, INC. was transacting business in the State of New York.

38.     That at all times hereinafter mentioned, Third-Party Defendant, GILSANZ MURRAY STEFICEK, LLP was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

39.     That at all times hereinafter mentioned GILSANZ MURRAY STEFICEK, LLP was and still is a corporation duly licensed and authorized to do business in the State of New York.

10466630v.1

40.    That at all times hereinafter mentioned GILSANZ MURRAY STEFICEK, LLP was conducting business in the State of New York.

41.    That at all times hereinafter mentioned GILSANZ MURRAY STEFICEK, LLP was transacting business in the State of New York.

42.    That at all times hereinafter mentioned, Third-Party Defendant, GZA GEOENVIRONMENTAL, INC. was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

43.    That at all times hereinafter mentioned GZA GEOENVIRONMENTAL, INC, was and still is a corporation duly licensed and authorized to do business in the State of New York.

44.    That at all times hereinafter mentioned GZA GEOENVIRONMENTAL, INC. was conducting business in the State of New York.

45.    That at all times hereinafter mentioned GZA GEOENVIRONMENTAL, INC. was transacting business in the State of New York.

46.    That at all times hereinafter mentioned, Third-Party Defendant, GOLDBERG ZOINO ASSOCIATES OF NEW YORK, PC was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

47.    That at all times hereinafter mentioned GOLDBERG ZOINO ASSOCIATES OF NEW YORK, PC was and still is a corporation duly licensed and authorized to do business in the State of New York.

48.    That at all times hereinafter mentioned GOLDBERG ZOINO ASSOCIATES OF NEW YORK, PC was conducting business in the State of New York.

- 8 -

49.     That at all times hereinafter mentioned GOLDBERG ZOINO ASSOCIATES OF NEW YORK, PC was transacting business in the State of New York.

50.     That at all times hereinafter mentioned, Third-Party Defendant, HYDRO TECH ENVIRONMENTAL, CORP. was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

51.     That at all times hereinafter mentioned HYDRO TECH ENVIRONMENTAL, CORP. was and still is a corporation duly licensed and authorized to do business in the State of New York.

52.     That at all times hereinafter mentioned HYDRO TECH ENVIRONMENTAL, CORP. was conducting business in the State of New York.

53.     That at all times hereinafter mentioned HYDRO TECH ENVIRONMENTAL, CORP. was transacting business in the State of New York.

54.     That at all times hereinafter mentioned, Third-Party Defendant, HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C. was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

55.     That at all times hereinafter mentioned HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C. was and still is a corporation duly licensed and authorized to do business in the State of New York.

56.     That at all times hereinafter mentioned HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C. was conducting business in the State of New York.

57.     That at all times hereinafter mentioned HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C. was transacting business in the State of New York.

10466630v.1

58.     That at all times hereinafter mentioned, Third-Party Defendant, JOHN S. DEERKOSKI, P.E., AND ASSOCIATES was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

59.     That at all times hereinafter mentioned JOHN S. DEERKOSKI, P.E., AND ASSOCIATES was and still is a corporation duly licensed and authorized to do business in the State of New York.

60.     That at all times hereinafter mentioned JOHN S. DEERKOSKI, P.E., AND ASSOCIATES was conducting business in the State of New York.

61.     That at all times hereinafter mentioned JOHN S. DEERKOSKI, P.E., AND ASSOCIATES was transacting business in the State of New York.

62.     That at all times hereinafter mentioned, Third-Party Defendant, DEERKOSKI ENGINEERING, P.C. was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

63.     That at all times hereinafter mentioned DEERKOSKI ENGINEERING, P.C. was and still is a corporation duly licensed and authorized to do business in the State of New York.

64.     That at all times hereinafter mentioned DEERKOSKI ENGINEERING, P.C. was conducting business in the State of New York.

65.     That at all times hereinafter mentioned DEERKOSKI ENGINEERING, P.C. was transacting business in the State of New York.

66.     That at all times hereinafter mentioned, Third-Party Defendant, P-GOOM PLATFORM AND SCAFFOLDING, INC. was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

10466630v.1

67.    That at all times hereinafter mentioned P-GOOM PLATFORM AND SCAFFOLDING, INC. was and still is a corporation duly licensed and authorized to do business in the State of New York.

68.    That at all times hereinafter mentioned P-GOOM PLATFORM AND SCAFFOLDING, INC. was conducting business in the State of New York.

69.    That at all times hereinafter mentioned P-GOOM PLATFORM AND SCAFFOLDING, INC. was transacting business in the State of New York.

70.    That at all times hereinafter mentioned, Third-Party Defendant, P-GOOM, INC. was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

71.    That at all times hereinafter mentioned P-GOOM, INC. was and still is a corporation duly licensed and authorized to do business in the State of New York.

72.    That at all times hereinafter mentioned P-GOOM, INC. was conducting business in the State of New York.

73.    That at all times hereinafter mentioned P-GOOM, INC. was transacting business in the State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT 786 IRON WORKS CORP.

#### (Breach of Contract)

74.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 73 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

75.    Upon information and belief, in and around May 24, 2013, defendant/third-party-plaintiff, Broadway 371, LLC entered into a written contract ("Iron Works contract") with 786

- 11 -

10466630v.1

IRON WORKS CORP. ("Iron Works") to supply, design, and install shoring for the construction project taking place at 371 Broadway in New York.

76.    Iron Works breached the Iron Works Contract by performing the required services defectively, improperly, incompetently and negligently, including inter alia, failing to properly supply, design, and install the shoring for the project in accordance with the requirements of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

77.    By reason of the foregoing, Iron Works is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by Iron Works.

78.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Iron Works is liable to Defendants/Third-Party Plaintiffs.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT 786 IRON WORKS CORP.

### (Negligence)

79.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 78 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

80.    Iron Works accepted and undertook to perform the aforementioned services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

81.    Iron Works knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on Iron Works' services related to the subject Building and Project.

- 12 -

10466630v.1

Case 1:24-cv-04499-LJL     Document 103-8     Filed 12/09/24     Page 14 of 114

82.     Iron Works did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and contrary to accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

83.     By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Iron Works is liable to Defendants/Third-Party Plaintiffs.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT 786 IRON WORKS CORP.

### (Common-Law Indemnification)

84.     The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 83 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

85.     That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the plaintiffs, by Iron Works and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

- 13 -

10466630v.1

Case 1:24-cv-04499-LJL   Document 103-8   Filed 12/09/24   Page 15 of 114

86.     If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of Iron Works, its agents, servants, and/or employees.

87.     If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness Iron Works, its agents, servants and/or employees in the premises.

88.     Iron Works is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and Iron Works.

89.     By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and Iron Works, for all or any part of any verdict or judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT IRON WORKS CORP.

#### (Common-Law Contribution)

90.     The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 89 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

91.     Without admitting the truth thereof, Iron Works, is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein.   If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the negligence of plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct of Iron Works in that it:

A.      Failed to hire competent personnel;

- 14 -

B.  Failed to hire competent contractors, subcontractors and/or trades;

C.  Failed to supervise the work being done at the aforesaid premises adequately and properly;

D.  Failed to inspect the work being done adequately and properly;

E.  Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules, regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;

F.  Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and

G.  Failed to conduct itself in a manner consistent with the standard of skill and care customary in the industry;

92.  By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or judgment over and against Iron Works, for all of any part of any verdict or judgment which any party to this action may recover against Broadway 371, LLC all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT IRON WORKS CORP.

### (Contractual Indemnification)

93.  The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 92 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

94.  That prior hereto, Plaintiffs commenced their respective actions an action in this Court.

95.  It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

- 15 -

10466630v.1

96.     The Iron Works Contract requires Iron Works to indemnify Broadway 371, LLC, for all wrongful and negligent acts by Iron Works, for all claims arising in connection with the performance of the services by Iron Works regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

97.     If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of Iron Works, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and Iron Works.

98.     If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Iron Works for full contractual indemnity for all such judgment or settlement.

99.     By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and Iron Works, if plaintiffs recover any judgment against Broadway 371, LLC, then Broadway 371, LLC is entitled to a judgment against Iron Works, requiring Iron Works to indemnify Broadway 371, LLC for any judgment which plaintiff may obtain.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT IRON WORKS CORP.

### (Contractual Contribution)

100.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 99 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

101.    Upon information and belief, in or around May 24, 2013, Broadway 371, LLC entered into an agreement with Iron Works.

- 16 -

10466630v.1

102.     Iron Works, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

103.     If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Iron Works and is entitled to indemnity for all such judgment or settlement or contribution as a result of Iron Work's breach of its obligation to the Broadway 371, LLC under the Iron Works Contract.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT CERTIFIED SCAFFOLDING & HOISTING, INC.

### (Breach of Contract)

104.     The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 103 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

105.     Upon information and belief, in and around August 27, 2013, Hailey Development Group, LLC, as construction manager, entered into a written contract with CERTIFIED SCAFFOLDING & HOISTING, INC. on behalf of and agent for defendant/Third-party plaintiff, Broadway 371, LLC, whereby CERTIFIED SCAFFOLDING & HOISTING, INC. (hereinafter "Certified Scaffolding") agreed to provide scaffolding and shoring for the construction project taking place at 371 Broadway in New York, New York.  This contract is referred to hereinafter as the "Certified Scaffolding Contract".

106.     Certified Scaffolding breached the Certified Scaffolding Contract by performing the required services defectively, improperly, incompetently and negligently, including inter alia, failing to provide adequate scaffolding and shoring services in accordance with the requirements of the Condominium Offering Plan, the Contract between the parties, and all applicable laws, regulations and/or codes.

- 17 -

107.    By reason of the foregoing, Certified Scaffolding is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by Certified Scaffolding.

108.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Certified Scaffolding is liable to Defendants/Third-Party Plaintiffs.

<u>**AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT CERTIFIED SCAFFOLDING & HOISTING, INC.**</u>

**(Negligence)**

109.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 108 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

110.    Certified Scaffolding accepted and undertook to perform the aforementioned services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects Certified Scaffolding knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on Certified Scaffolding's' services related to the subject Building and Project.

111.    Certified Scaffolding did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 20 of 114

contrary to accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

112.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Certified Scaffolding is liable to Defendants/Third-Party Plaintiffs.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT CERTIFIED SCAFFOLDING & HOISTING, INC.

### (Common-Law Indemnification)

113.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 112 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

114.    That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the plaintiffs, by Certified Scaffolding's and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

115.    If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of Certified Scaffolding, its agents, servants, and/or employees.

- 19 -

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 21 of 114

116.    If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness Certified Scaffolding, its agents, servants and/or employees in the premises.

117.    Certified Scaffolding is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and Certified Scaffolding.

118.    By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and Certified Scaffolding, for all or any part of any verdict or judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT CERTIFIED SCAFFOLDING & HOISTING, INC.

#### (Common-Law Contribution)

119.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 118 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

120.    Without admitting the truth thereof, Certified Scaffolding, is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein.  If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the negligence of plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct of Certified Scaffolding in that it:

A.      Failed to hire competent personnel;

B.      Failed to hire competent contractors, subcontractors and/or trades;

10466630v.1

C.     Failed to supervise the work being done at the aforesaid premises adequately and properly;

D.     Failed to inspect the work being done adequately and properly;

E.     Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules, regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;

F.     Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and

G.     Failed to conduct itself in a manner consistent with the standard of skill and care customary in the industry;

121.    By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or judgment over and against Certified Scaffolding, for all of any part of any verdict or judgment which any party to this action may recover against Broadway 371, LLC all determined in accordance with the relative culpability of each party liable herein.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT CERTIFIED SCAFFOLDING & HOISTING, INC.

#### (Contractual Indemnification)

122.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 121 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

123.    That prior hereto, Plaintiffs commenced their respective actions an action in this Court.

124.    It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

10466630v.1

125.    The Certified Scaffolding Contract requires Certified Scaffolding to indemnify Broadway 371, LLC, for all wrongful and negligent acts by Certified Scaffolding, for all claims arising in connection with the performance of the services by Certified Scaffolding regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

126.    If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of Certified Scaffolding, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and Certified Scaffolding.

127.    If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Certified Scaffolding for full contractual indemnity for all such judgment or settlement.

128.    By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and Certified Scaffolding, if plaintiffs recover any judgment against Broadway 371, LLC, then Broadway 371, LLC is entitled to a judgment against Certified Scaffolding, requiring Certified Scaffolding to indemnify the Broadway 371, LLC for any judgment which plaintiff may obtain.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT CERTIFIED SCAFFOLDING & HOISTING, INC.

**(Contractual Contribution)**

129.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 128 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

10466630v.1

130.    Upon information and belief, in or around August 27, 2013, Hailey Development Group, LLC, as construction manager, entered into a written contract with Certified Scaffolding on behalf of and agent for defendant/Third-party plaintiff, Broadway 371, LLC.

131.    Certified Scaffolding, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

132.    If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Certified Scaffolding and is entitled to indemnity for all such judgment or settlement or contribution as a result of Certified Scaffolding's breach of its obligation to the Broadway 371, LLC under the Certified Scaffolding Contract.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT CHAMP CONSTRUCTION CORP.

### (Breach of Contract)

133.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 132 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

134.    Upon information and belief, in and around September 25, 2012, Design Construct International, Inc., as construction manager, entered into a written contract with CHAMP CONSTRUCTION CORP. ("Champ") on behalf of and agent for defendant/Third-party plaintiff, Broadway 371, LLC, whereby Champ agreed to provide excavation, foundation, piles, and MTA services for the construction project taking place at 371 Broadway in New York, New York.  This contract is referred to hereinafter as the "Champ Contract".

135.    Champ breached the Champ Contract by performing the required services defectively, improperly, incompetently and negligently, including inter alia, failing to properly

- 23 -

provide adequate services for the construction of the building in accordance with the requirements of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

136.    By reason of the foregoing, Champ is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by Champ.

137.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Champ is liable to Defendants/Third-Party Plaintiffs.

<u>AS AND FOR A SECOND CAUSE OF ACTION AGAINST<br>THIRD-PARTY DEFENDANT CHAMP CONSTRUCTION CORP.</u>

**(Negligence)**

138.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 137 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

139.    Champ accepted and undertook to perform the aforementioned services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

140.    Champ knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on Champ's services related to the subject Building and Project.

141.    Champ did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and contrary to

10466630v.1

accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in damages to plaintiffs 373-375 Broadway and EMFT.

142.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Champ is liable to Defendants/Third-Party Plaintiffs.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST
THIRD-PARTY DEFENDANT CHAMP CONSTRUCTION CORP.**

**(Common-Law Indemnification)**

143.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 142 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

144.    That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the plaintiffs, by Champ and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

145.    If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of Champ, its agents, servants, and/or employees.

146.    If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness of Champ, its agents, servants and/or employees in the premises.

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 27 of 114

147.    Champ is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and Champ.

148.    By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and Champ, for all or any part of any verdict or judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT CHAMP CONSTRUCTION CORP.

#### (Common-Law Contribution)

149.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 148 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

150.    Without admitting the truth thereof, Champ, is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein.   If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the negligence of plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct of Champ in that it:

    A.    Failed to hire competent personnel;

    B.    Failed to hire competent contractors, subcontractors and/or trades;

    C.    Failed to supervise the work being done at the aforesaid premises adequately and properly;

    D.    Failed to inspect the work being done adequately and

    E.    Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules,

regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;

F.    Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and

G.    Failed to conduct in a manner consistent with the standard of skill and care customary in the industry;

151.    By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or judgment over and against Champ, for all of any part of any verdict or judgment which any party to this action may recover against Broadway 371, LLC all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT CHAMP CONSTRUCTION CORP.

### (Contractual Indemnification)

152.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 151 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

153.    That prior hereto, Plaintiffs commenced their respective actions an action in this Court.

154.    It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

155.    The Champ Contract requires Champ to indemnify Broadway 371, LLC, for all wrongful and negligent acts by Champ, for all claims arising in connection with the performance of the services by Champ regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

Case 1:24-cv-04499-LJL     Document 103-8     Filed 12/09/24     Page 29 of 114

156.    If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of Champ, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and Champ.

157.    If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Champ for full contractual indemnity for all such judgment or settlement.

158.    By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and Champ, if plaintiffs recover any judgment against Broadway 371, LLC, then Broadway 371, LLC is entitled to a judgment against Champ, requiring Champ to indemnify Broadway 371, LLC for any judgment which plaintiff may obtain.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT CHAMP CONSTRUCTION CORP.

### (Contractual Contribution)

159.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 158 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

160.    Upon information and belief, in or around September 25, 2012, Design Construct International, Inc. entered a contract with Champ on behalf of and as agent for Broadway 371, LLC.

161.    Champ, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

162.    If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Champ and is entitled to

- 28 -

10466630v.1

indemnity for all such judgment or settlement or contribution as a result of Champ's breach of its obligation to the Broadway 371, LLC under the Champ Contract.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT DESIGN CONSTRUCT INTERNATIONAL, INC.

### (Breach of Contract)

163.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 162 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

164.    Upon information and belief, in and around June 27, 2012, defendant/third-party-plaintiff, Broadway 371, LLC entered into a written contract ("Design Contract") with DESIGN CONSTRUCT INTERNATIONAL, INC. ("Design Construct") as the Construction Manager to plan, coordinate, manage, and document the construction project taking place at 371 Broadway in New York.

165.    Design Construct breached the Design Contract by performing the required Construction Manager services defectively, improperly, incompetently and negligently, including inter alia, failing to properly plan, coordinate, manage, and document the construction project in accordance with the requirements of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

166.    By reason of the foregoing, Design Construct is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by Design Construct.

167.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Design Construct is liable to Defendants/Third-Party Plaintiffs.

10466630v.1

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT DESIGN CONSTRUCT INTERNATIONAL, INC.

### (Negligence)

168.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 167 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

169.    Design Construct accepted and undertook to perform the aforementioned Construction Manager services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

170.    Design Construct knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on Design Construct's construction manager services related to the subject Building and Project.

171.    Design Construct did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and contrary to accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

172.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Design Construct is liable to Defendants/Third-Party Plaintiffs.

10466630v.1

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT DESIGN CONSTRUCT INTERNATIONAL, INC.

### (Common-Law Indemnification)

173. The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 172 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

174. That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the plaintiffs, by Design Construct and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

175. If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of Design Construct, its agents, servants, and/or employees.

176. If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness of Design Construct, its agents, servants and/or employees in the premises.

177. Design Construct is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and Design Construct.

10466630v.1

178.    By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and Design Construct, for all or any part of any verdict or judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT DESIGN CONSTRUCT INTERNATIONAL, INC.

### (Common-Law Contribution)

179.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 178 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

180.    Without admitting the truth thereof, Design Construct, is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein.  If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the negligence of plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct of Design Construct in that it:

A.    Failed to hire competent personnel;

B.    Failed to hire competent contractors, subcontractors and/or trades;

C.    Failed to supervise the work being done at the aforesaid premises adequately and properly;

D.    Failed to inspect the work being done adequately and properly;

E.    Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules, regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;

F.    Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and

G.    Failed to conduct itself in a manner consistent with the standard of skill and care customary in the industry;

- 32 -

10466630v.1

181. By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or judgment over and against Design Construct, for all of any part of any verdict or judgment which any party to this action may recover against Broadway 371, LLC all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT DESIGN CONSTRUCT INTERNATIONAL, INC.

### (Contractual Indemnification)

182. The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 181 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

183. That prior hereto, Plaintiffs commenced their respective actions an action in this Court.

184. It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

185. The Design Contract requires Design Construct to indemnify Broadway 371, LLC, for all wrongful and negligent acts by Design Construct, for all claims arising in connection with the performance of the services by Design Construct regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

186. If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of Design Construct, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and Design Construct.

- 33 -

10466630v.1

187.    If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Design Construct for full contractual indemnity for all such judgment or settlement.

188.    By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and Design Construct, if plaintiffs recover any judgment against Broadway 371, LLC, then Broadway 371, LLC is entitled to a judgment against Design Construct, requiring Design Construct to indemnify the Broadway 371, LLC for any judgment which plaintiff may obtain.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT DESIGN CONSTRUCT INTERNATIONAL, INC.

### (Contractual Contribution)

189.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 188 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

190.    Upon information and belief, in or around June 27, 2012, Broadway 371, LLC entered into an agreement with Design Construct.

191.    Design Construct, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

192.    If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Design Construct and is entitled to indemnity for all such judgment or settlement or contribution as a result of Design Construct's breach of its obligation to the Broadway 371, LLC under the Design Contract.

- 34 -

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT DESIGN CONSTRUCT INT'L OF NEW YORK, LLC

### (Breach of Contract)

193.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 192 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

194.    Upon information and belief, defendant/third-party-plaintiff, Broadway 371, LLC entered into a written contract ("Contract") with DESIGN CONSTRUCT INTERNATIONAL OF NEW YORK, LLC. ("Design") as the Construction Manager to plan, coordinate, manage, and document the construction project taking place at 371 Broadway in New York.

195.    Design breached the Contract by performing the required Construction Manager services defectively, improperly, incompetently and negligently, including inter alia, failing to properly plan, coordinate, manage, and document the construction project in accordance with the requirements of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

196.    By reason of the foregoing, Design is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by Design.

197.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Design is liable to Defendants/Third-Party Plaintiffs.

- 35 -

10466630v.1

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT DESIGN CONSTRUCT INT'L OF NEW YORK, LLC

### (Negligence)

198.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 197 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

199.    Design accepted and undertook to perform the aforementioned Construction Manager services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

200.    Design knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on Design's construction manager services related to the subject Building and Project.

201.    Design did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and contrary to accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

202.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Design is liable to Defendants/Third-Party Plaintiffs.

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 38 of 114

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT DESIGN CONSTRUCT INT'L OF NEW YORK, LLC

### (Common-Law Indemnification)

203.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 202 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

204.    That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the plaintiffs, by Design and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

205.    If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of Design, its agents, servants, and/or employees.

206.    If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness of Design, its agents, servants and/or employees in the premises.

207.    Design is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and Design.

208.    By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and Design, for all or any part of any verdict or

10466630v.1

judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT DESIGN CONSTRUCT INT'L OF NEW YORK, LLC

#### (Common-Law Contribution)

209.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 208 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

210.    Without admitting the truth thereof, Design is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein.   If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the negligence of plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct of Design in that it:

> A.    Failed to hire competent personnel;
>
> B.    Failed to hire competent contractors, subcontractors and/or trades;
>
> C.    Failed to supervise the work being done at the aforesaid premises adequately and properly;
>
> D.    Failed to inspect the work being done adequately and properly;
>
> E.    Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules, regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;
>
> F.    Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and
>
> G.    Failed to conduct itself in a manner consistent with the standard of skill and care customary in the industry;

211.    By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or judgment over and against Design, for all of any part of any verdict or judgment which any party

- 38 -

to this action may recover against Broadway 371, LLC all determined in accordance with the relative culpability of each party liable herein.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT DESIGN CONSTRUCT INT'L OF NEW YORK, LLC

#### (Contractual Indemnification)

212.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 211 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

213.    That prior hereto, Plaintiffs commenced their respective actions an action in this Court.

214.    It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

215.    The Contract requires Design to indemnify Broadway 371, LLC, for all wrongful and negligent acts by Design, for all claims arising in connection with the performance of the services by Design regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

216.    If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of Design, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and Design.

217.    If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Design for full contractual indemnity for all such judgment or settlement.

- 39 -

218.    By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and Design, if plaintiffs recover any judgment against Broadway 371, LLC, then Broadway 371, LLC is entitled to a judgment against Design, requiring Design to indemnify the Broadway 371, LLC for any judgment which plaintiff may obtain.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT DESIGN CONSTRUCT INT'L OF NEW YORK, LLC

### (Contractual Contribution)

219.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 218 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

220.    Upon information and belief, Broadway 371, LLC entered into an agreement with Design.

221.    Design, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

222.    If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Design and is entitled to indemnity for all such judgment or settlement or contribution as a result of Design's breach of its obligation to the Broadway 371, LLC under the Contract.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT FNA ASSOCIATES, INC.

### (Breach of Contract)

223.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 222 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

10466630v.1

224.    Upon information and belief, in and around November 28, 2012, defendant/third-party-plaintiff, Broadway 371, LLC entered into a written contract ("FNA Contract") with FNA ASSOCIATES, INC. ("FNA") to perform consulting engineering services for the construction project taking place at 371 Broadway in New York.

225.    FNA breached the FNA Contract by performing the required services defectively, improperly, incompetently and negligently, including inter alia, failing to properly draft, design and prepare the Building's structural plans, structural specifications, structural drawings and structural calculations, in accordance with the requirements of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

226.    By reason of the foregoing, FNA is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by FNA.

227.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which FNA is liable to Defendants/Third-Party Plaintiffs.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT FNA ASSOCIATES, INC.

### (Negligence)

228.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 227 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

229.    FNA accepted and undertook to perform the aforementioned services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 43 of 114

230.    FNA knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on FNA's services related to the subject Building and Project.

231.    FNA did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and contrary to accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

232.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which FNA is liable to Defendants/Third-Party Plaintiffs.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST
THIRD-PARTY DEFENDANT FNA ASSOCIATES, INC.**

**(Common-Law Indemnification)**

233.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 232 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

234.    That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the

10466630v.1

plaintiffs, by FNA and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

235.    If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of FNA, its agents, servants, and/or employees.

236.    If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness FNA, its agents, servants and/or employees in the premises.

237.    FNA is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and FNA.

238.    By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and FNA, for all or any part of any verdict or judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT FNA ASSOCIATES, INC.

### (Common-Law Contribution)

239.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 238 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

240.    Without admitting the truth thereof, FNA, is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein.  If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the negligence of

- 43 -

plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct

of FNA in that it:

A. Failed to hire competent personnel;

B. Failed to properly design the building;

C. Failed to properly provide all structural calculations, structural drawings and structural specifications;

D. Failed to properly coordinate with other design professionals and trades;

E. Failed to supervise the work being done at the aforesaid premises adequately and properly;

F. Failed to inspect the work being done adequately and properly;

G. Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules, regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;

H. Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and

I. Failed to conduct itself in a manner consistent with the standard of skill and care customary in the industry;

241.    By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or

judgment over and against FNA, for all of any part of any verdict or judgment which any party to

this action may recover against Broadway 371, LLC all determined in accordance with the

relative culpability of each party liable herein.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT FNA ASSOCIATES, INC.

### (Contractual Indemnification)

242.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the

allegations set forth in paragraphs 1 through 241 of this Third-Party Complaint with the same

force and effect as if set forth at length herein.

- 44 -

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 46 of 114

243.    That prior hereto, Plaintiffs commenced their respective actions an action in this Court.

244.    It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

245.    The FNA Contract requires FNA to indemnify Broadway 371, LLC, for all wrongful and negligent acts by FNA, for all claims arising in connection with the performance of the services by FNA regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

246.    If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of FNA, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and FNA.

247.    If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against FNA for full contractual indemnity for all such judgment or settlement.

248.    By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and FNA, if plaintiffs recover any judgment against Broadway 371, LLC, then Broadway 371, LLC is entitled to a judgment against FNA, requiring FNA to indemnify Broadway 371, LLC for any judgment which plaintiff may obtain.

10466630v.1

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT FNA ASSOCIATES, INC.

### (Contractual Contribution)

249.   The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 248 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

250.   Upon information and belief, Broadway 371, LLC entered into an agreement with FNA.

251.   FNA, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

252.   If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against FNA and is entitled to indemnity for all such judgment or settlement or contribution as a result of FNA's breach of its obligation to the Broadway 371, LLC under the FNA Contract.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT GEOTECHNICAL SOLUTIONS CORP.

### (Breach of Contract)

253.   The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 252 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

254.   Upon information and belief, in and around May 22, 2013, Hailey Development Group, LLC, as construction manager, on behalf of and agent for defendant/Third-party plaintiff, Broadway 371, LLC, entered into a written contract ("Geo contract") with GEOTECHNICAL SOLUTIONS CORP. ("Geo"), to provide soil permeation grouting services for the construction project taking place at 371 Broadway in New York.

- 46 -

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 48 of 114

255.    Geo breached the Geo Contract by performing the required services defectively, improperly, incompetently and negligently, including inter alia, failing to properly provide such services in accordance with the requirements of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

256.    By reason of the foregoing, Geo is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by Geo.

257.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Geo is liable to Defendants/Third-Party Plaintiffs.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GEOTECHNICAL SOLUTIONS CORP.

**(Negligence)**

258.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 257 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

259.    Geo accepted and undertook to perform the aforementioned services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

260.    Geo knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on Geo's services related to the subject Building and Project.

261.    Geo did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of

- 47 -

material defects, but rather performed said services carelessly and negligently and contrary to accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

262.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Geo is liable to Defendants/Third-Party Plaintiffs.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT GEOTECHNICAL SOLUTIONS CORP.

#### (Common-Law Indemnification)

263.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 262 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

264.    That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the plaintiffs, by Geo and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

265.    If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of Geo, its agents, servants, and/or employees.

10466630v.1

266.    If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness Geo, its agents, servants and/or employees in the premises.

267.    253.,   Geo is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and Geo.

268.    By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and Geo, for all or any part of any verdict or judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GEOTECHNICAL SOLUTIONS CORP.

#### (Common-Law Contribution)

269.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 268 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

270.    Without admitting the truth thereof, Geo, is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein.  If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the negligence of plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct of Geo in that it:

A.    Failed to hire competent personnel;

B.    Failed to hire competent contractors, subcontractors and/or trades;

C.    Failed to supervise the work being done at the aforesaid premises adequately and properly;

- 49 -

10466630v.1

D.  Failed to inspect the work being done adequately and properly;

E.  Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules, regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;

F.  Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and

G.  Failed to conduct itself in a manner consistent with the standard of skill and care customary in the industry;

271.  By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or judgment over and against Geo, for all of any part of any verdict or judgment which any party to this action may recover against Broadway 371, LLC all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT GEOTECHNICAL SOLUTIONS CORP.

### (Contractual Indemnification)

272.  The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 271 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

273.  That prior hereto, Plaintiffs commenced their respective actions an action in this Court.

274.  It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

275.  The Geo Contract requires Geo to indemnify Broadway 371, LLC, for all wrongful and negligent acts by Geo, for all claims arising in connection with the performance of

- 50 -

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 52 of 114

the services by Geo regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

276.    If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of Geo, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and Geo.

277.    If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Geo for full contractual indemnity for all such judgment or settlement.

278.    By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and Geo, if plaintiffs recover any judgment against Broadway 371, LLC, then Broadway 371, LLC is entitled to a judgment against Geo, requiring Geo to indemnify the Broadway 371, LLC for any judgment which plaintiff may obtain.

<u>**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST**</u>
<u>**THIRD-PARTY DEFENDANT GEOTECHNICAL SOLUTIONS CORP.**</u>

**(Contractual Contribution)**

279.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 278 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

280.    Upon information and belief, in or around May 22, 2013, Hailey Development Group, LLC, as construction manager, entered into a written contract with Geo on behalf of and agent for defendant/Third-party plaintiff, Broadway 371, LLC.

281.    Geo, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

- 51 -

10466630v.1

282.    If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Geo and is entitled to indemnity for all such judgment or settlement or contribution as a result of Geo's breach of its obligation to the Broadway 371, LLC under the Geo Contract.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GILSANZ MURRAY STEFICEK, LLP

### (Breach of Contract)

283.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 282 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

284.    Upon information and belief, in and around July 2012, defendant/third-party-plaintiff, Broadway 371, LLC entered into a written contract ("GMS contract") with GILSANZ MURRAY STEFICEK, LLP ("GMS") to perform structural engineering services for the construction project taking place at 371 Broadway in New York.

285.    GMS breached the GMS contract by performing the required services defectively, improperly, incompetently and negligently, including inter alia, failing to properly draft, design and prepare the Building's structural plans, structural specifications, structural drawings and structural calculations, in accordance with the requirements of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

286.    By reason of the foregoing, GMS is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by GMS.

287.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which GMS is liable to Defendants/Third-Party Plaintiffs.

10466630v.1

Case 1:24-cv-04499-LJL     Document 103-8     Filed 12/09/24     Page 54 of 114

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT GILSANZ MURRAY STEFICEK, LLP

### (Negligence)

288. The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 287 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

289. GMS accepted and undertook to perform the aforementioned services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

290. GMS knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on GMS's services related to the subject Building and Project.

291. GMS did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and contrary to accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

292. By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which GMS is liable to Defendants/Third-Party Plaintiffs.

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 55 of 114

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT GILSANZ MURRAY STEFICEK, LLP

### (Common-Law Indemnification)

293.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 292 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

294.    That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the plaintiffs, by GMS and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

295.    If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of GMS, its agents, servants, and/or employees.

296.    If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness GMS, its agents, servants and/or employees in the premises.

297.    GMS is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and GMS.

298.    By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and GMS, for all or any part of any verdict or

- 54 -

judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT GILSANZ MURRAY STEFICEK, LLP

### (Common-Law Contribution)

299.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 298 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

300.    Without admitting the truth thereof, GMS, is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein.  If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the negligence of plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct of GMS in that it:

A.    Failed to hire competent personnel;

B.    Failed to properly design the building;

C.    Failed to properly provide all structural calculations, structural drawings and structural specifications;

D.    Failed to properly coordinate with other design professionals and trades;

E.    Failed to supervise the work being done at the aforesaid premises adequately and properly;

F.    Failed to inspect the work being done adequately and properly;

G.    Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules, regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;

H.    Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and

- 55 -

I.    Failed to conduct itself in a manner consistent with the standard of skill and care customary in the industry;

301.    By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or judgment over and against GMS, for all of any part of any verdict or judgment which any party to this action may recover against Broadway 371, LLC all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GILSANZ MURRAY STEFICEK, LLP

### (Contractual Indemnification)

302.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 301 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

303.    That prior hereto, Plaintiffs commenced their respective actions an action in this Court.

304.    It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

305.    The GMS contract requires GMS to indemnify Broadway 371, LLC, for all wrongful and negligent acts by GMS, for all claims arising in connection with the performance of the services by GMS regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

306.    If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of GMS, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and GMS.

- 56 -

307.    If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against GMS for full contractual indemnity for all such judgment or settlement.

308.    By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and GMS, if plaintiffs recover any judgment against Broadway 371, LLC, then Broadway 371, LLC is entitled to a judgment against GMS, requiring GMS to indemnify the Broadway 371, LLC for any judgment which plaintiff may obtain.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GILSANZ MURRAY STEFICEK, LLP

#### (Contractual Contribution)

309.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 308 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

310.    Upon information and belief, in or around July 2012, Broadway 371, LLC entered into an agreement with GMS.

311.    GMS, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

312.    If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against GMS and is entitled to indemnity for all such judgment or settlement or contribution as a result of GMS's breach of its obligation to the Broadway 371, LLC under the GMS Contract.

10466630v.1

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT GILSANZ MURRAY STEFICEK, INC.

### (Breach of Contract)

313.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 312 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

314.    Upon information and belief, in and around July 2012, defendant/third-party-plaintiff, Broadway 371, LLC entered into a written contract ("Gilsanz contract") with GILSANZ MURRAY STEFICEK, INC. ("Gilsanz") to perform structural engineering services for the construction project taking place at 371 Broadway in New York.

315.    Gilsanz breached the Gilsanz contract by performing the required services defectively, improperly, incompetently and negligently, including inter alia, failing to properly draft, design and prepare the Building's structural plans, structural specifications, structural drawings and structural calculations, in accordance with the requirements of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

316.    By reason of the foregoing, Gilsanz is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by Gilsanz.

317.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Gilsanz is liable to Defendants/Third-Party Plaintiffs.

10466630v.1

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT GILSANZ MURRAY STEFICEK, INC.

### (Negligence)

318.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 317 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

319.    Gilsanz accepted and undertook to perform the aforementioned services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

320.    Gilsanz knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on Gilsanz's services related to the subject Building and Project.

321.    Gilsanz did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and contrary to accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

322.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Gilsanz is liable to Defendants/Third-Party Plaintiffs.

10466630v.1

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT GILSANZ MURRAY STEFICEK, INC.

### (Common-Law Indemnification)

323.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 322 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

324.    That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the plaintiffs, by Gilsanz and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

325.    If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of Gilsanz, its agents, servants, and/or employees.

326.    If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness Gilsanz, its agents, servants and/or employees in the premises.

327.    Gilsanz is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and Gilsanz.

328.    By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and Gilsanz, for all or any part of any verdict or

10466630v.1

judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GILSANZ MURRAY STEFICEK, INC.

### (Common-Law Contribution)

329.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 328 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

330.    Without admitting the truth thereof, Gilsanz, is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein.   If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the negligence of plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct of Gilsanz in that it:

    A.    Failed to hire competent personnel;

    B.    Failed to properly design the building;

    C.    Failed to properly provide all structural calculations, structural drawings and structural specifications;

    D.    Failed to properly coordinate with other design professionals and trades;

    E.    Failed to supervise the work being done at the aforesaid premises adequately and properly;

    F.    Failed to inspect the work being done adequately and properly;

    G.    Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules, regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;

    H.    Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 63 of 114

I.      Failed to conduct itself in a manner consistent with the standard of skill and care customary in the industry;

331.    By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or judgment over and against Gilsanz, for all of any part of any verdict or judgment which any party to this action may recover against Broadway 371, LLC all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GILSANZ MURRAY STEFICEK, INC.

### (Contractual Indemnification)

332.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 331 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

333.    That prior hereto, Plaintiffs commenced their respective actions an action in this Court.

334.    It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

335.    The Gilsanz contract requires Gilsanz to indemnify Broadway 371, LLC, for all wrongful and negligent acts by Gilsanz, for all claims arising in connection with the performance of the services by Gilsanz regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

336.    If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of Gilsanz, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and Gilsanz.

- 62 -

337.    319.,    If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Gilsanz for full contractual indemnity for all such judgment or settlement.

338.    By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and Gilsanz, if plaintiffs recover any judgment against Broadway 371, LLC, then Broadway 371, LLC is entitled to a judgment against Gilsanz, requiring Gilsanz to indemnify the Broadway 371, LLC for any judgment which plaintiff may obtain.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT GILSANZ MURRAY STEFICEK, INC.

### (Contractual Contribution)

339.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 338 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

340.    Upon information and belief, in or around July 2012, Broadway 371, LLC entered into an agreement with Gilsanz.

341.    Gilsanz, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

342.    If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Gilsanz and is entitled to indemnity for all such judgment or settlement or contribution as a result of Gilsanz's breach of its obligation to the Broadway 371, LLC under the Gilsanz Contract.

10466630v.1

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT GZA GEOENVIRONMENTAL, INC.

### (Breach of Contract)

343.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 342 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

344.    Upon information and belief, in and around December 6, 2012, defendant/third-party-plaintiff, Broadway 371, LLC entered into a written contract ("GZA Contract") with GZA GEOENVIRONMENTAL, INC. ("GZA") to perform geotechnical engineering, design, inspection, and instrumentation installation services for the construction project taking place at 371 Broadway in New York.

345.    GZA breached the GZA Contract by performing the required services defectively, improperly, incompetently and negligently, including inter alia, failing to adequately provide the requisite services for the project in accordance with the requirements of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

346.    By reason of the foregoing, GZA is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by GZA.

347.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which GZA is liable to Defendants/Third-Party Plaintiffs.

- 64 -

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT GZA GEOENVIRONMENTAL, INC.

### (Negligence)

348.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 347 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

349.    GZA accepted and undertook to perform the aforementioned services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

350.    GZA knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on GZA's services related to the subject Building and Project.

351.    GZA did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and contrary to accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

352.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which GZA is liable to Defendants/Third-Party Plaintiffs.

10466630v.1

Case 1:24-cv-04499-LJL   Document 103-8   Filed 12/09/24   Page 67 of 114

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT GZA GEOENVIRONMENTAL, INC.

### (Common-Law Indemnification)

353.   The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 352 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

354.   That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the plaintiffs, by GZA and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

355.   If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of GZA, its agents, servants, and/or employees.

356.   If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness of GZA, its agents, servants and/or employees in the premises.

357.   GZA is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and GZA.

358.   By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and GZA, for all or any part of any verdict or

10466630v.1

judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GZA GEOENVIRONMENTAL, INC.

### (Common-Law Contribution)

359.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 358 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

360.    Without admitting the truth thereof, GZA, is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein.  If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the negligence of plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct of GZA in that it:

A.    Failed to hire competent personnel;

B.    Failed to hire competent contractors, subcontractors and/or trades;

C.    Failure to adequately install the instrumentations;

D.    Failed to supervise the work being done at the aforesaid premises adequately and properly;

E.    Failed to inspect the work being done adequately and properly;

F.    Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules, regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;

G.    Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and

H.    Failed to conduct itself in a manner consistent with the standard of skill and care customary in the industry;

- 67 -

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 69 of 114

361.    By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or

judgment over and against GZA, for all of any part of any verdict or judgment which any party

to this action may recover against Broadway 371, LLC all determined in accordance with the

relative culpability of each party liable herein.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT GZA GEOENVIRONMENTAL, INC.

#### (Contractual Indemnification)

362.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the

allegations set forth in paragraphs 1 through 361 of this Third-Party Complaint with the same

force and effect as if set forth at length herein.

363.    That prior hereto, Plaintiffs commenced their respective actions an action in this

Court.

364.    It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that

plaintiffs suffered property damage which is attributed to the alleged negligence of

defendants/third-party plaintiffs.

365.    The GZA Contract requires GZA to indemnify Broadway 371, LLC, for all

wrongful and negligent acts by GZA, for all claims arising in connection with the performance of

the services by GZA regarding the construction of the Building and the Project at 371 Broadway

in New York, New York.

366.    If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it

is due to the sole, primary, and active negligence of GZA, its agents, servants, and/or employees

in the breach of its obligations pursuant to contracts and agreements entered into between

Broadway 371, LLC and GZA.

10466630v.1

367.    If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against GZA for full contractual indemnity for all such judgment or settlement.

368.    By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and GZA, if plaintiffs recover any judgment against Broadway 371, LLC, then Broadway 371, LLC is entitled to a judgment against GZA, requiring GZA to indemnify the Broadway 371, LLC for any judgment which plaintiff may obtain.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT GZA GEOENVIRONMENTAL, INC.

### (Contractual Contribution)

369.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 368 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

370.    Upon information and belief, in or around December 6, 2012, Broadway 371, LLC entered into an agreement with GZA.

371.    GZA, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

372.    If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against GZA and is entitled to indemnity for all such judgment or settlement or contribution as a result of GZA 's breach of its obligation to the Broadway 371, LLC under the GZA Contract.

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 71 of 114

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT
### GOLDBERG ZOINO ASSOCIATES OF NEW YORK PC

**(Breach of Contract)**

373.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 372 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

374.    Upon information and belief, in and around December 6, 2012, defendant/third-party-plaintiff, Broadway 371, LLC entered into a written contract ("Goldberg Contract") with GOLBERG ZOINO ASSOCIATES OF NEW YORK PC ("Goldberg") to perform geotechnical engineering, design, inspection, and instrumentation installation services for the construction project taking place at 371 Broadway in New York.

375.    Goldberg breached the Goldberg Contract by performing the required services defectively, improperly, incompetently and negligently, including inter alia, failing to adequately provide the requisite services for the project in accordance with the requirements of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

376.    By reason of the foregoing, Goldberg is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by Goldberg.

377.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Goldberg is liable to Defendants/Third-Party Plaintiffs.

- 70 -

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT
## GOLDBERG ZOINO ASSOCIATES OF NEW YORK PC

### (Negligence)

378.   The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 377 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

379.   Goldberg accepted and undertook to perform the aforementioned services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

380.   Goldberg knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on Goldberg's services related to the subject Building and Project.

381.   Goldberg did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and contrary to accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

382.   By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Goldberg is liable to Defendants/Third-Party Plaintiffs.

10466630v.1

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT
### GOLDBERG ZOINO ASSOCIATES OF NEW YORK PC

#### (Common-Law Indemnification)

383.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 382 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

384.    That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the plaintiffs, by Goldberg and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

385.    If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of Goldberg, its agents, servants, and/or employees.

386.    If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness of Goldberg, its agents, servants and/or employees in the premises.

387.    Goldberg is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and Goldberg.

388.    By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and Goldberg, for all or any part of any verdict or

- 72 -

10466630v.1

judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GOLDBERG ZOINO ASSOCIATES OF NEW YORK PC

#### (Common-Law Contribution)

389.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 388 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

390.    Without admitting the truth thereof, Goldberg, is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein.   If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the negligence of plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct of Goldberg in that it:

A.    Failed to hire competent personnel;

B.    Failed to hire competent contractors, subcontractors and/or trades;

C.    Failure to adequately install the instrumentations;

D.    Failed to supervise the work being done at the aforesaid premises adequately and properly;

E.    Failed to inspect the work being done adequately and properly;

F.    Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules, regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;

G.    Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and

H.    Failed to conduct itself in a manner consistent with the standard of skill and care customary in the industry;

- 73 -

10466630v.1

391.    By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or judgment over and against Goldberg, for all of any part of any verdict or judgment which any party to this action may recover against Broadway 371, LLC all determined in accordance with the relative culpability of each party liable herein.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GOLDBERG ZOINO ASSOCIATES OF NEW YORK PC

#### (Contractual Indemnification)

392.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 391 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

393.    That prior hereto, Plaintiffs commenced their respective actions an action in this Court.

394.    It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

395.    The Goldberg Contract requires Goldberg to indemnify Broadway 371, LLC, for all wrongful and negligent acts by Goldberg, for all claims arising in connection with the performance of the services by Goldberg regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

396.    If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of Goldberg, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and Goldberg.

- 74 -

10466630v.1

397.    If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Goldberg for full contractual indemnity for all such judgment or settlement.

398.    By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and Goldberg, if plaintiffs recover any judgment against Broadway 371, LLC, then Broadway 371, LLC is entitled to a judgment against Goldberg, requiring Goldberg to indemnify the Broadway 371, LLC for any judgment which plaintiff may obtain.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GOLDBERG ZOINO ASSOCIATES OF NEW YORK PC

#### (Contractual Contribution)

399.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 398 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

400.    Upon information and belief, in or around December 6, 2012, Broadway 371, LLC entered into an agreement with Goldberg.

401.    Goldberg, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

402.    If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Goldberg and is entitled to indemnity for all such judgment or settlement or contribution as a result of Goldberg's breach of its obligation to the Broadway 371, LLC under the Goldberg Contract.

- 75 -

INDEX NO. 156959/2016
Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 77 of 114
RECEIVED NYSCEF: 01/16/2020

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT HYDRO TECH ENVIRONMENTAL, CORP.

### (Breach of Contract)

403.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 402 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

404.    Upon information and belief, in and around August 20, 2012, defendant/third-party-plaintiff, Broadway 371, LLC entered into a written contract ("Hydro Tech Contract") with HYDRO TECH ENVIRONMENTAL, CORP. ("Hydro Tech") to perform an environmental site assessment for the construction project taking place at 371 Broadway in New York.

405.    Hydro Tech breached the Hydro Tech Contract by performing the required services defectively, improperly, incompetently and negligently, including inter alia, failing to properly perform the site assessment for the project in accordance with the requirements of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

406.    By reason of the foregoing, Hydro Tech is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by Hydro Tech.

407.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Hydro Tech is liable to Defendants/Third-Party Plaintiffs.

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 78 of 114

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT HYDRO TECH ENVIRONMENTAL, CORP.

### (Negligence)

408.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 407 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

409.    Hydro Tech accepted and undertook to perform the aforementioned services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

410.    Hydro Tech knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on Hydro Tech's services related to the subject Building and Project.

411.    Hydro Tech did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and contrary to accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

412.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Hydro Tech is liable to Defendants/Third-Party Plaintiffs.

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 79 of 114

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT HYDRO TECH ENVIRONMENTAL, CORP.

### (Common-Law Indemnification)

413.   The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 412 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

414.   That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the plaintiffs, by Hydro Tech and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

415.   If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of Hydro Tech, its agents, servants, and/or employees.

416.   If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness Hydro Tech, its agents, servants and/or employees in the premises.

417.   Hydro Tech is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and Hydro Tech.

418.   By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and Hydro Tech, for all or any part of any verdict or

10466630v.1

INDEX NO. 156959/2016
RECEIVED NYSCEF: 01/16/2020

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 80 of 114

judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT HYDRO TECH ENVIRONMENTAL, CORP..

#### (Common-Law Contribution)

419.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 418 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

420.    Without admitting the truth thereof, Hydro Tech, is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein.  If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the negligence of plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct of Hydro Tech in that it:

A.    Failed to hire competent personnel;

B.    Failed to perform an adequate and proper sit assessment;

C.    Failed to hire competent contractors, subcontractors and/or trades;

D.    Failed to supervise the work being done at the aforesaid premises adequately and properly;

E.    Failed to inspect the work being done adequately and properly;

F.    Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules, regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;

G.    Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and

H.    Failed to conduct itself in a manner consistent with the standard of skill and care customary in the industry;

10466630v.1

421.     By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or judgment over and against Hydro Tech, for all of any part of any verdict or judgment which any party to this action may recover against Broadway 371, LLC all determined in accordance with the relative culpability of each party liable herein.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT HYDRO TECH ENVIRONMENTAL, CORP.

#### (Contractual Indemnification)

422.     The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 421 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

423.     That prior hereto, Plaintiffs commenced their respective actions an action in this Court.

424.     It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

425.     The Hydro Tech Contract requires Hydro Tech to indemnify Broadway 371, LLC, for all wrongful and negligent acts by Hydro Tech, for all claims arising in connection with the performance of the services by Hydro Tech regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

426.     If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of Hydro Tech, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and Hydro Tech.

- 80 -

427.    If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Hydro Tech for full contractual indemnity for all such judgment or settlement.

428.    By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and Hydro Tech, if plaintiffs recover any judgment against Broadway 371, LLC, then Broadway 371, LLC is entitled to a judgment against Hydro Tech, requiring Hydro Tech to indemnify the Broadway 371, LLC for any judgment which plaintiff may obtain.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT HYDRO TECH ENVIRONMENTAL, CORP.

#### (Contractual Contribution)

429.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 428 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

430.    Upon information and belief, in or around August 20, 2012, Broadway 371, LLC entered into an agreement with Hydro Tech.

431.    Hydro Tech, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

432.    If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Hydro Tech and is entitled to indemnity for all such judgment or settlement or contribution as a result of Hydro Tech's breach of its obligation to the Broadway 371, LLC under the Hydro Tech Contract.

10466630v.1

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT
## HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C.

### (Breach of Contract)

433.   The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 432 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

434.   Upon information and belief, in and around August 20, 2012, defendant/third-party-plaintiff, Broadway 371, LLC entered into a written contract ("Hydro Contract") with HYDRO TECH ENVIRONMENTAL AND GEOLOGY, D.P.C. ("Hydro") to perform an environmental site assessment for the construction project taking place at 371 Broadway in New York.

435.   Hydro breached the Hydro Contract by performing the required services defectively, improperly, incompetently and negligently, including inter alia, failing to properly perform the site assessment for the project in accordance with the requirements of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

436.   By reason of the foregoing, Hydro is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by Hydro.

437.   By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Hydro is liable to Defendants/Third-Party Plaintiffs.

10466630v.1

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT
## HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C.

### (Negligence)

438.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 437 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

439.    Hydro accepted and undertook to perform the aforementioned services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

440.    Hydro knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on Hydro's services related to the subject Building and Project.

441.    Hydro did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and contrary to accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

442.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Hydro is liable to Defendants/Third-Party Plaintiffs.

- 83 -

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 85 of 114

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT
## HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C.

### (Common-Law Indemnification)

443.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 442 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

444.    That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the plaintiffs, by Hydro and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

445.    If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of Hydro, its agents, servants, and/or employees.

446.    If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness Hydro, its agents, servants and/or employees in the premises.

447.    Hydro is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and Hydro.

448.    By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and Hydro, for all or any part of any verdict or

10466630v.1

judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT
## HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C.

### (Common-Law Contribution)

449.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 448 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

450.    Without admitting the truth thereof, Hydro, is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein.  If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the negligence of plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct of Hydro in that it:

    A.    Failed to hire competent personnel;

    B.    Failed to perform an adequate and proper sit assessment;

    C.    Failed to hire competent contractors, subcontractors and/or trades;

    D.    Failed to supervise the work being done at the aforesaid premises adequately and properly;

    E.    Failed to inspect the work being done adequately and properly;

    F.    Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules, regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;

    G.    Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and

    H.    Failed to conduct itself in a manner consistent with the standard of skill and care customary in the industry;

10466630v.1

451.    By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or judgment over and against Hydro, for all of any part of any verdict or judgment which any party to this action may recover against Broadway 371, LLC all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT
## HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C.

### (Contractual Indemnification)

452.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 451 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

453.    That prior hereto, Plaintiffs commenced their respective actions an action in this Court.

454.    It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

455.    The Hydro Contract requires Hydro to indemnify Broadway 371, LLC, for all wrongful and negligent acts by Hydro, for all claims arising in connection with the performance of the services by Hydro regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

456.    If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of Hydro, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and Hydro.

10466630v.1

457.    If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Hydro for full contractual indemnity for all such judgment or settlement.

458.    By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and Hydro, if plaintiffs recover any judgment against Broadway 371, LLC, then Broadway 371, LLC is entitled to a judgment against Hydro, requiring Hydro to indemnify the Broadway 371, LLC for any judgment which plaintiff may obtain.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
THIRD-PARTY
HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C.**

**(Contractual Contribution)**

459.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 458 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

460.    Upon information and belief, in or around August 20, 2012, Broadway 371, LLC entered into an agreement with Hydro.

461.    Hydro, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

462.    If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Hydro and is entitled to indemnity for all such judgment or settlement or contribution as a result of Hydro's breach of its obligation to the Broadway 371, LLC under the Hydro Contract.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT JOHN S. DEERKOSKI, P.E., AND ASSOCIATES

#### (Breach of Contract)

463.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 462 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

464.    Upon information and belief, in and around September 27, 2012, defendant/third-party-plaintiff, Broadway 371, LLC entered into a written contract ("Deerkoski Contract") with JOHN S. DEERKOSKI, P.E., AND ASSOCIATES ("Deerkoski") to perform inspection, testing, and consulting services for the construction project taking place at 371 Broadway in New York.

465.    Deerkoski breached the Deerkoski Contract by performing the required services defectively, improperly, incompetently and negligently, including inter alia, failing to properly inspect, test, and consult in accordance with the requirements of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

466.    By reason of the foregoing, Deerkoski is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by Deerkoski.

467.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Deerkoski is liable to Defendants/Third-Party Plaintiffs.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT JOHN S. DEERKOSKI, P.E., AND ASSOCIATES

#### (Negligence)

468.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 467 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

- 88 -

10466630v.1

469.     Deerkoski accepted and undertook to perform the aforementioned services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

470.     Deerkoski knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on Deerkoski's services related to the subject Building and Project.

471.     Deerkoski did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and contrary to accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

472.     By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Deerkoski is liable to Defendants/Third-Party Plaintiffs.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT JOHN S. DEERKOSKI, P.E., AND ASSOCIATES

### (Common-Law Indemnification)

473.     The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 472 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

474.     That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by

- 89 -

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 91 of 114

defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the plaintiffs, by Deerkoski and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

475.    If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of Deerkoski, its agents, servants, and/or employees.

476.    If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness Deerkoski, its agents, servants and/or employees in the premises.

477.    Deerkoski is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and Deerkoski.

478.    By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and Deerkoski, for all or any part of any verdict or judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT JOHN S. DEERKOSKI, P.E., AND ASSOCIATES

#### (Common-Law Contribution)

479.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 478 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 92 of 114

480.    Without admitting the truth thereof, Deerkoski, is respectfully referred to the
Complaints of plaintiffs 373-375 Broadway and EMFT herein.   If the damages allegedly
sustained by plaintiffs were caused or contributed to by a cause other than the negligence of
plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct
of Deerkoski in that it:

A.    Failed to hire competent personnel;

B.    Failed to hire competent contractors, subcontractors and/or trades;

C.    Failed to supervise the work being done at the aforesaid premises
adequately and properly;

D.    Failed to inspect the work being done adequately and properly;

E.    Violated and/or failed to comply with the relevant and applicable
governmental, industry and professional codes, standards, rules,
regulations and statutes in such cases made and provided for and of
which the trial Court will take judicial notice;

F.    Failed to monitor, coordinate, and sequence the work being done at the
aforesaid premises adequately and properly, and

G.    Failed to conduct itself in a manner consistent with the standard of skill
and care customary in the industry;

481.    By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or
judgment over and against Deerkoski, for all of any part of any verdict or judgment which any
party to this action may recover against Broadway 371, LLC all determined in accordance with
the relative culpability of each party liable herein.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT JOHN S. DEERKOSKI, P.E., AND ASSOCIATES

### (Contractual Indemnification)

482.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the
allegations set forth in paragraphs 1 through 481 of this Third-Party Complaint with the same
force and effect as if set forth at length herein.

- 91 -

10466630v.1

483.    That prior hereto, Plaintiffs commenced their respective actions an action in this Court.

484.    It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

485.    The Deerkoski Contract requires Deerkoski to indemnify Broadway 371, LLC, for all wrongful and negligent acts by Deerkoski, for all claims arising in connection with the performance of the services by Deerkoski regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

486.    If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of Deerkoski, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and Deerkoski.

487.    If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Deerkoski for full contractual indemnity for all such judgment or settlement.

488.    By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and Deerkoski, if plaintiffs recover any judgment against Broadway 371, LLC, then Broadway 371, LLC is entitled to a judgment against Deerkoski, requiring Deerkoski to indemnify the Broadway 371, LLC for any judgment which plaintiff may obtain.

- 92 -

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 94 of 114

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT JOHN S. DEERKOSKI, P.E., AND ASSOCIATES

### (Contractual Contribution)

489.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 488 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

490.    Upon information and belief, in or around September 27, 2012, Broadway 371, LLC entered into an agreement with Deerkoski.

491.    Deerkoski, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

492.    If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Deerkoski and is entitled to indemnity for all such judgment or settlement or contribution as a result of Deerkoski's breach of its obligation to the Broadway 371, LLC under the Deerkoski Contract.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT DEERKOSKI ENGINEERING, P.C.

### (Breach of Contract)

493.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 492 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

494.    Upon information and belief, in and around September 27, 2012, defendant/third-party-plaintiff, Broadway 371, LLC entered into a written contract ("Deerkoski Engineering Contract") with DEERKOSKI ENGINEERING, P.C. ("Deerkoski Engineering") to perform inspection, testing, and consulting services for the construction project taking place at 371 Broadway in New York.

- 93 -

10466630v.1

495.    Deerkoski Engineering breached the Deerkoski Engineering Contract by performing the required services defectively, improperly, incompetently and negligently, including inter alia, failing to properly inspect, test, and consult in accordance with the requirements of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

496.    By reason of the foregoing, Deerkoski Engineering is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by Deerkoski Engineering.

497.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Deerkoski Engineering is liable to Defendants/Third-Party Plaintiffs.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT DEERKOSKI ENGINEERING, P.C.

### (Negligence)

498.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 497 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

499.    Deerkoski Engineering accepted and undertook to perform the aforementioned services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

500.    Deerkoski Engineering knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on Deerkoski Engineering's services related to the subject Building and Project.

- 94 -

501.    Deerkoski Engineering did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and contrary to accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

502.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which Deerkoski Engineering is liable to Defendants/Third-Party Plaintiffs.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT DEERKOSKI ENGINEERING, P.C.

### (Common-Law Indemnification)

503.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 502 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

504.    That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the plaintiffs, by Deerkoski Engineering and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

10466630v.1

505.    If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of Deerkoski Engineering, its agents, servants, and/or employees.

506.    If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness Deerkoski Engineering, its agents, servants and/or employees in the premises.

507.    Deerkoski Engineering is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and Deerkoski Engineering.

508.    By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and Deerkoski Engineering, for all or any part of any verdict or judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT DEERKOSKI ENGINEERING, P.C.

### (Common-Law Contribution)

509.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 508 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

510.    Without admitting the truth thereof, Deerkoski Engineering, is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein. If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the

10466630v.1

negligence of plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct of Deerkoski Engineering in that it:

    A.    Failed to hire competent personnel;

    B.    Failed to hire competent contractors, subcontractors and/or trades;

    C.    Failed to supervise the work being done at the aforesaid premises adequately and properly;

    D.    Failed to inspect the work being done adequately and properly;

    E.    Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules, regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;

    F.    Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and

    G.    Failed to conduct itself in a manner consistent with the standard of skill and care customary in the industry;

511.    By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or judgment over and against Deerkoski Engineering, for all of any part of any verdict or judgment which any party to this action may recover against Broadway 371, LLC all determined in accordance with the relative culpability of each party liable herein.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT DEERKOSKI ENGINEERING, P.C.

**(Contractual Indemnification)**

512.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 511 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

513.    That prior hereto, Plaintiffs commenced their respective actions an action in this Court.

10466630v.1

514. It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

515. The Deerkoski Engineering Contract requires Deerkoski Engineering to indemnify Broadway 371, LLC, for all wrongful and negligent acts by Deerkoski Engineering, for all claims arising in connection with the performance of the services by Deerkoski Engineering regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

516. If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of Deerkoski Engineering, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and Deerkoski Engineering.

517. If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Deerkoski Engineering for full contractual indemnity for all such judgment or settlement.

518. By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and Deerkoski Engineering, if plaintiffs recover any judgment against Broadway 371, LLC, then Broadway 371, LLC is entitled to a judgment against Deerkoski Engineering, requiring Deerkoski Engineering to indemnify the Broadway 371, LLC for any judgment which plaintiff may obtain.

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 100 of 114

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT DEERKOSKI ENGINEERING, P.C.

### (Contractual Contribution)

519.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 518 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

520.    Upon information and belief, in or around September 27, 2012, Broadway 371, LLC entered into an agreement with Deerkoski Engineering.

521.    Deerkoski Engineering, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

522.    If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against Deerkoski Engineering and is entitled to indemnity for all such judgment or settlement or contribution as a result of Deerkoski Engineering's breach of its obligation to the Broadway 371, LLC under the Deerkoski Engineering Contract.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT P-GOOM PLATFORM AND SCAFFOLDING, INC.

### (Breach of Contract)

523.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 522 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

524.    Upon information and belief, in and around November 1, 2013, Hailey Development Group, LLC, as construction manager, entered into a written contract ("P-Goom Platform Contract") with P-GOOM PLATFORM AND SCAFFOLDING, INC. ("P-Goom Platform") on behalf of and agent for defendant/Third-party plaintiff, Broadway 371, LLC,

- 99 -

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 101 of 114

whereby P-Goom Platform agreed to provide exterior wall scaffolding protection for the construction project taking place at 371 Broadway in New York.

525.    P-Goom Platform breached the P-Goom Platform Contract by performing the required services defectively, improperly, incompetently and negligently, including inter alia, failing to provide adequate exterior wall scaffolding protection for the project in accordance with the requirements of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

526.    By reason of the foregoing, P-Goom Platform is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by P-Goom Platform.

527.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which P-Goom Platform is liable to Defendants/Third-Party Plaintiffs.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT P-GOOM PLATFORM AND SCAFFOLDING, INC.

#### (Negligence)

528.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 527 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

529.    P-Goom Platform accepted and undertook to perform the aforementioned services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

- 100 -

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 102 of 114

530.    P-Goom Platform knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on P-Goom Platform's services related to the subject Building and Project.

531.    P-Goom Platform did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and contrary to accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

532.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which P-Goom Platform is liable to Defendants/Third-Party Plaintiffs.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT P-GOOM PLATFORM AND SCAFFOLDING, INC.

#### (Common-Law Indemnification)

533.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 532 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

534.    That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the

- 101 -

plaintiffs, by P-Goom Platform and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

535.    If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of P-Goom Platform, its agents, servants, and/or employees.

536.    If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness P-Goom Platform, its agents, servants and/or employees in the premises.

537.    P-Goom Platform is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and P-Goom Platform.

538.    By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and P-Goom Platform, for all or any part of any verdict or judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT P-GOOM PLATFORM AND SCAFFOLDING, INC.

#### (Common-Law Contribution)

539.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 538 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

540.    Without admitting the truth thereof, P-Goom Platform, is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein.  If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the negligence of

10466630v.1

plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct

of P-Goom Platform in that it:

    A.    Failed to hire competent personnel;

    B.    Failed to hire competent contractors, subcontractors and/or trades;

    C.    Failed to supervise the work being done at the aforesaid premises adequately and properly;

    D.    Failed to inspect the work being done adequately and properly;

    E.    Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules, regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;

    F.    Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and

    G.    Failed to conduct itself in a manner consistent with the standard of skill and care customary in the industry;

541.    By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or

judgment over and against P-Goom Platform, for all of any part of any verdict or judgment

which any party to this action may recover against Broadway 371, LLC all determined in

accordance with the relative culpability of each party liable herein.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
THIRD-PARTY DEFENDANT P-GOOM PLATFORM AND SCAFFOLDING, INC.**

**(Contractual Indemnification)**

542.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the

allegations set forth in paragraphs 1 through 541 of this Third-Party Complaint with the same

force and effect as if set forth at length herein.

543.    That prior hereto, Plaintiffs commenced their respective actions an action in this

Court.

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 105 of 114

544.    It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

545.    The P-Goom Platform Contract requires P-Goom Platform to indemnify Broadway 371, LLC, for all wrongful and negligent acts by P-Goom Platform, for all claims arising in connection with the performance of the services by P-Goom Platform regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

546.    If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of P-Goom Platform, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and P-Goom Platform.

547.    If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against P-Goom Platform for full contractual indemnity for all such judgment or settlement.

548.    By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and P-Goom Platform, if plaintiffs recover any P-Goom Platform, requiring P-Goom Platform to indemnify the Broadway 371, LLC for any judgment which plaintiff may obtain.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT P-GOOM PLATFORM AND SCAFFOLDING, INC.

### (Contractual Contribution)

549.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 548 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

- 104 -

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 106 of 114

550. Upon information and belief, in or around November 1, 2013, Hailey Development Group, LLC, as construction manager, entered into a written contract with P-Goom Platform on behalf of and agent for defendant/Third-party plaintiff, Broadway 371, LLC.

551. P-Goom Platform, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

552. If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against P-Goom Platform and is entitled to indemnity for all such judgment or settlement or contribution as a result of P-Goom Platform's breach of its obligation to the Broadway 371, LLC under the P-Goom Platform Contract.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT P-GOOM, INC.

### (Breach of Contract)

553. The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 552 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

554. Upon information and belief, in and around November 1, 2013, Hailey Development Group, LLC, as construction manager, entered into a written contract ("P-Goom Contract") with P-GOOM, INC. ("P-Goom") on behalf of and agent for defendant/Third-party plaintiff, Broadway 371, LLC, whereby P-Goom agreed to provide exterior wall scaffolding protection for the construction project taking place at 371 Broadway in New York.

555. P-Goom breached the P-Goom Contract by performing the required services defectively, improperly, incompetently and negligently, including inter alia, failing to provide adequate exterior wall scaffolding protection for the project in accordance with the requirements

10466630v.1

Case 1:24-cv-04499-LJL   Document 103-8   Filed 12/09/24   Page 107 of 114

of the Condominium Offering Plan, the contract between the parties, and all applicable laws, regulations and/or codes.

556.  By reason of the foregoing, P-Goom is liable to defendant/third-party-plaintiff, Broadway 371, LLC for all damages resulting from the breach of contract by P-Goom.

557.  By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which P-Goom is liable to Defendants/Third-Party Plaintiffs.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT P-GOOM, INC.

#### (Negligence)

558.  The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 557 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

559.  P-Goom accepted and undertook to perform the aforementioned services, and to perform said services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the building construction would be accomplished in a good and workmanlike manner and free from material defects.

560.  P-Goom knew or should have known that Broadway 371, LLC would rely on and did reasonably rely on P-Goom's services related to the subject Building and Project.

561.  P-Goom did not perform all such services in a good and workmanlike manner, and pursuant to and in accordance with accepted practices and industry standards, so that the Building construction would be accomplished in a good and workmanlike manner and free of material defects, but rather performed said services carelessly and negligently and contrary to

10466630v.1

INDEX NO. 156959/2016
RECEIVED NYSCEF: 01/16/2020

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 108 of 114

accepted practices and industry standards, as a consequence of which carelessness and negligence resulted in plaintiffs 373-375 Broadway and EMFT's damages.

562.    By reason of the foregoing, Defendants/Third-Party Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of the lower courts, with costs and interest therefrom for which P-Goom is liable to Defendants/Third-Party Plaintiffs.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT P-GOOM, INC.

### (Common-Law Indemnification)

563.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 562 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

564.    That on the authority of Dole v. Dow Chemical, 30 N.Y.2d 143 (1972), Rogers v. Dorchester, 32 N.Y.2d 553 (1973) and Kelly v. Diesel Construction, 35 N.Y.S.2d 1 (1974) if plaintiffs sustained damages in the manner alleged in the Complaints, all of which are denied by defendants/third-party plaintiffs, through negligence other than Plaintiffs' own negligence, carelessness or recklessness, such damages were caused, in whole or in part, by the primary and active negligence, carelessness, culpable conduct, breach of contract and/or breach of duty to the plaintiffs, by P-Goom and/or other third parties who are parties to this action, with the negligence, if any, of defendants/third-party plaintiffs, being secondary and/or derivative only.

565.    If plaintiffs were damaged as alleged in the Complaints, it was due to the negligence and carelessness as aforesaid of P-Goom, its agents, servants, and/or employees.

566.    If a judgment or settlement is recovered by plaintiffs from defendants/third-party plaintiffs, such recovery will be due to the negligence, carelessness and recklessness P-Goom its agents, servants and/or employees in the premises.

- 107 -

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 109 of 114

567. P-Goom is liable to Broadway 371/LLC in common-law indemnification for all of the judgment or settlement that plaintiff may recover from defendants/third-party plaintiffs, based upon the relationship between Broadway 371, LLC and P-Goom.

568. By reason of the foregoing, Broadway 371, LLC is entitled to indemnification and/or judgment over and against plaintiffs, and P-Goom, for all or any part of any verdict or judgment which any party to this action may recover against defendants/third-party plaintiffs all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT P-GOOM, INC.

### (Common-Law Contribution)

569. The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 568 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

570. Without admitting the truth thereof, P-Goom, is respectfully referred to the Complaints of plaintiffs 373-375 Broadway and EMFT herein. If the damages allegedly sustained by plaintiffs were caused or contributed to by a cause other than the negligence of plaintiffs, said damages were caused or contributed to by the negligence and/or culpable conduct of P-Goom in that it:

    A.    Failed to hire competent personnel;

    B.    Failed to hire competent contractors, subcontractors and/or trades;

    C.    Failed to supervise the work being done at the aforesaid premises adequately and properly;

    D.    Failed to inspect the work being done adequately and properly;

    E.    Violated and/or failed to comply with the relevant and applicable governmental, industry and professional codes, standards, rules,

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 110 of 114

regulations and statutes in such cases made and provided for and of which the trial Court will take judicial notice;

F.    Failed to monitor, coordinate, and sequence the work being done at the aforesaid premises adequately and properly, and

G.    Failed to conduct itself in a manner consistent with the standard of skill and care customary in the industry;

571.    By reason of the foregoing, Broadway 371, LLC is entitled to contribution and/or judgment over and against P-Goom, for all of any part of any verdict or judgment which any party to this action may recover against Broadway 371, LLC all determined in accordance with the relative culpability of each party liable herein.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT P-GOOM, INC.

### (Contractual Indemnification)

572.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 571 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

573.    That prior hereto, Plaintiffs commenced their respective actions an action in this Court.

574.    It is alleged in Plaintiffs' Complaints, without admitting the truth thereof, that plaintiffs suffered property damage which is attributed to the alleged negligence of defendants/third-party plaintiffs.

575.    The P-Goom Contract requires P-Goom to indemnify Broadway 371, LLC, for all wrongful and negligent acts by P-Goom, for all claims arising in connection with the performance of the services by P-Goom regarding the construction of the Building and the Project at 371 Broadway in New York, New York.

- 109 -

10466630v.1

576.    If a judgment or settlement is recovered by plaintiffs form Broadway 371, LLC, it is due to the sole, primary, and active negligence of P-Goom, its agents, servants, and/or employees in the breach of its obligations pursuant to contracts and agreements entered into between Broadway 371, LLC and P-Goom.

577.    If a judgment or settlement is recovered by plaintiffs from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against P-Goom for full contractual indemnity for all such judgment or settlement.

578.    By reason of the foregoing, and based upon the relationship between the Broadway 371, LLC and P-Goom, if plaintiffs recover any P-Goom, requiring P-Goom to indemnify the Broadway 371, LLC for any judgment which plaintiff may obtain.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT P-GOOM, INC.

#### (Contractual Contribution)

579.    The Defendants/Third-Party Plaintiffs repeat, reiterate and re-allege the allegations set forth in paragraphs 1 through 578 of this Third-Party Complaint with the same force and effect as if set forth at length herein.

580.    Upon information and belief, in or around November 1, 2013, Hailey Development Group, LLC, as construction manager, entered into a written contract with P-Goom on behalf of and agent for defendant/Third-party plaintiff, Broadway 371, LLC.

581.    P-Goom, as a result of the breach of its obligations under said agreement, caused plaintiffs to suffer damages as alleged in the Complaints.

582.    If plaintiffs recover judgment or settlement from Broadway 371, LLC, then Broadway 371, LLC will be entitled to judgment over and against P-Goom and is entitled to

10466630v.1

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 112 of 114

indemnity for all such judgment or settlement or contribution as a result of P-Goom's breach of its obligation to the Broadway 371, LLC under the P-Goom Contract.

**WHEREFORE**, Defendants/Third-Party Plaintiffs, BROADWAY 371, LLC, EL AD US HOLDING, INC. and THE BOARD OF DIRECTORS OF THE FRANKLIN PLACE CONDOMINIUM, demand judgment over and against the Third-Party Defendants 786 IRON WORKS CORP., CERTIFIED SCAFFOLDING & HOISTING, INC., CHAMP CONSTRUCTION CORP., DESIGN CONSTRUCT INTERNATIONAL, INC., DESIGN CONSTRUCT INT'L OF NEW YORK, LLC, FNA ASSOCIATES, INC., GEOTECHNICAL SOLUTIONS CORP., GILSANZ.MURRAY.STEFICEK, INC., GILSANZ.MURRAY.STEFICEK, LLP., GZA GEOENVIRONMENTAL, INC., GOLDBERG ZOINO ASSOCIATES OF NEW YORK, PC, HYDRO TECH ENVIRONMENTAL, CORP., HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C., JOHN S. DEERKOSKI, P.E., AND ASSOCIATES, DEERKOSKI ENGINEERING, P.C., P-GOOM PLATFORM AND SCAFFOLDING, INC., P-GOOM, INC., for all, or part of any, sums that may be adjudged against the Defendants/Third-Party Plaintiffs in favor of plaintiffs, together with the costs and disbursements of this action and for any expenses incurred in the defense thereof, and such other and further relief as the Court may deem just and proper.

Failure to appear or answer will result in judgment being taken against you by default for the relief demanded in the Third-Party Complaint.

Dated: New York, New York
        January 16, 2020

10466630v.1

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:_____

Neha Dewan
Attorneys for Defendants
Broadway 371 LLC, El Ad US Holding, Inc.
The Board of Directors of the
Franklin Place Condominium
Wilson Elser Moskowitz Edelman & Dicker LLP
150 E. 42nd Street
New York, NY 100717
(212) 915-5960

TO:    Avram Turkel, Esq.
       Borstein Turkel PC
       420 Lexington Avenue
       Suite 2920
       New York, NY 10170

       Michael T. Contos, Esq.
       Wilk Auslander LLP
       1515 Broadway
       43rd Floor
       New York, NY  10036

**786 IRON WORKS CORP. (Via Secretary of State)**
50 Morgan Avenue
Brooklyn, NY 11237

**CERTIFIED SCAFFOLDING & HOISTING, INC. (Via Secretary of State)**
633 Court Street
Brooklyn, NY 11231

**CHAMP CONSTRUCTION CORP. (Via Secretary of State)**
35 Lafayette Place
Woodmere, NY 11598

**DESIGN CONSTRUCT INTERNATIONAL, INC. (Via Secretary of State)**
9 East 37th Street, 12th Floor
New York, NY 10016

**DESIGN CONSTRUCT INT'L OF NEW YORK, LLC**
9 East 37th Street, 12th Floor
New York, NY 10016

- 112 -

Case 1:24-cv-04499-LJL    Document 103-8    Filed 12/09/24    Page 114 of 114

**FNA ASSOCIATES, INC. (Via Secretary of State)**
c/o FELIX FERRER
269 Broadway
Dobbs Ferry, NY 10522

**GEOTECHNICAL SOLUTIONS CORP. (Via Secretary of State)**
PO Box 1569
Melville, NY 11747

**GILSANZ, MURRAY, STEFICEK, INC. (Via Secretary of State)**
129 West 27th Street, 5th Floor
New York, NY 10001

**GILSANZ, MURRAY, STEFICEK, LLP. (Via Secretary of State)**
129 West 27th Street, 5th Floor
New York, NY 10001

**GZA GEOENVIRONMENTAL, INC.**
104 West 29th St, 10th Fl.
New York, NY 10001

**GOLDBERG ZOINO ASSOCIATES OF NEW YORK, PC**
104 West 29th St, 10th Fl.
New York, NY 10001

**HYDRO TECH ENVIRONMENTAL CORP. (Via Secretary of State)**
77 Arkay Drive, Suite K
Hauppauge, NY 11788

**HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C. (via Secretary of State)**
77 Arkay Drive, Suite K
Hauppauge, NY 11788

**JOHN S. DEERKOSKI , P.E. AND ASSOCIATES (Via Secretary of State)**
56 Forester Avenue
Warwick, NY 10990

**DEERKOSKI ENGINEERING, P.C (Via Secretary of State)**
56 Forester Avenue
Warwick, NY 10990

**P-GOOM PLATFORM AND SCAFFOLDING, INC.**
222 West 37th Street
New York, NY 10018

- 113 -

10466630v.1