# EXHIBIT J

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| CATLIN INSURANCE COMPANY | ) <br> ) <br> ) <br> ) |
| _____ <br> *Plaintiff(s)* | ) <br> ) |
| v. | )     Civil Action No.   1:24-cv-4499 |
| CHAMP CONSTRUCTION COMPANY, AMERICAN <br> EMPIRE INSURANCE COMPANY, MERCHANTS <br> MUTUAL INSURANCE COMPANY, NAVIGATORS <br> SPECIALTY INSURANCE, et. al | ) <br> ) <br> ) <br> ) |
| _____ <br> *Defendant(s)* | ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  GZA GEOENVIRONMENTAL, INC., also known as GOLDBERG ZOINO
ASSOCIATES OF NEW YORK P.C.,
104 W. 29th Street
New York, NY 10001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Shaji M. Eapen, Esq.
Methfessel & Werbel
112 West 34th Street, 17th Floor,
New York, NY 10120

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ 09/25/2024 _____          _____ /s/ P. Canales _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:24-cv-4499

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00    .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                                  *Server's signature*

                                                        _____
                                                                  *Printed name and title*

                                                        _____
                                                                  *Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATLIN INSURANCE COMPANY,<br><br>　　　　Plaintiff<br><br>V<br><br>CHAMP CONSTRUCTION COMPANY, AMERICAN EMPIRE INSURANCE COMPANY, MERCHANTS MUTUAL INSURANCE COMPANY, NAVIGATORS SPECIALTY INSURANCE, AXIS INSURANCE, NAVIGATORS INSURANCE COMPANY, GZA GEOENVIRONMENTAL, INC., also known as GOLDBERG ZOINO ASSOCIATES OF NEW YORK P.C., COMMERCE & INDUSTRY INSURANCE, ACE AMERICAN INSURANCE COMPANY, GILSANZ, MURRAY, STEFICEK,LLP, CONTINENTAL CASUALTY COMPANY, JOHN DOES 1-10 (said persons being unknown and fictitious) and ABC COMPANIES 1-10 (said entities being unknown and fictitious),<br><br>　　　　Defendants. | Case No. 1:24-cv-4499<br><br><br>**AMENDED COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Catlin Insurance Company ("Catlin") by and through its attorneys Methfessel & Werbel, P.C., and by way of Complaint for Declaratory Relief against the defendants Champ Construction Company ("Champ"), American Empire Insurance Company ("American Empire"),

Merchants Mutual Insurance Company ("Merchants Mutual"), Navigators Specialty Insurance ("Navigators Specialty"), Axis Insurance ("Axis"), Navigators Insurance Company ("Navigators"); GZA Geoenvironmental, Inc., also known as Goldberg Zoino Associates of New York, P.C. ("GZA"), Commerce & Industry Insurance ("Commerce & Industry"), Ace American Insurance Company ("Ace American"), Gilsanz Murray Steficek LLC ("Gilsanz"), Continental Casualty Company ("Continental"), John Does 1-10 and ABC Companies 1-10, hereby alleges as follows:

## NATURE OF ACTION

1.   Catlin seeks a declaration pursuant to 28 U.S.C. Section 2201(a) that Champ, GZA and Gilsanz has a contractual duty to defend and indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium for the claims asserted in the action filed in the Supreme Court of the State of New York, County of New York, captioned, <u>EMFT, LLC, et al. v. Broadway 371, LLC, et al.</u>, Index No. 156959/2016 (the "Underlying Action").

2.   Catlin further seeks a declaration that American Empire, Merchants Mutual, Navigators Specialty, Axis and/or Navigators, Commerce & Industry, Ace American and Continental have a duty to defend and/or indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium for the claims asserted in the Underlying Action per their insurance policies issued to Champ.

3.      Catlin also seeks a declaration that American Empire, Merchants Mutual, Navigators Specialty, Axis and/or Navigators, Commerce & Industry, Ace American and Continental owe coverage for Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium's defense and liability that is primary to the policy issued by Catlin to Broadway 371 LLC.

4.      Catlin also seeks reimbursement from Champ, American Empire, Merchants Mutual, Navigators Specialty, Axis, Navigators, GZA, Commerce & Industry, Ace American, Gilsanz, and Continental, for all amounts paid by Catlin to defend and indemnify Broadway 371 LLC, Elad Group Properties LLC in the Underlying Action.

5.      An actual controversy exists between Catlin, Champ, American Empire, Merchants Mutual, Navigators Specialty, Axis, Navigators, GZA, Commerce & Industry, Ace American, Gilsanz, and Continental, concerning the parties' respective rights and obligations under certain contracts and policies of insurance in connection with the claims asserted in the Underlying Action.

## THE PARTIES

6.      Catlin is a Texas corporation having its principal place of business in Connecticut.

7.      Upon information and belief, Champ is a New York corporation having its principal place of business in New York.

8.     Upon information and belief, American Empire is an Ohio corporation having its principal place of business in New York.

9.     Upon information and belief, Merchants Mutual is a New York corporation having its principal place of business in New York.

10.    Upon information and belief, Navigators Specialty is a New York corporation having its principal place of business in New York.

11.    Upon information and belief, Axis is an Illinois corporation having its principal place of business in Georgia.

12.    Upon information and belief, Navigators is a New York corporation having its principal place of business in New York.

13.    Upon information and belief, GZA is a corporation having its principal place of business in New York.

14.    Upon information and belief, Commerce & Industry is a New York corporation having its principal place of business in New York.

15.    Upon information and belief, Ace American is a Pennsylvania corporation, having its principal place of business in Pennsylvania.

16.    Upon information and belief, Gilsanz is a corporation having its principal place of business in New York.

17.    Upon information and belief, Continental is an Illinois corporation having its principal place of business in Illinois.

18.    John Does 1-10 and ABC Companies 1-10 are currently unknown individuals and entities who may be an interested party to this matter, including but not limited to insurance companies who are or may

have an obligation to defend Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium in the Underlying Action.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. Section 1332 because there is complete diversity of citizenship between Catlin (a citizen of Texas) and all the defendants and the amount in controversy exceeds $75,000 exclusive of costs.

20.     Venue is proper in this district under 28 U.S.C. Section 1391(b)(1) because, upon information and belief, one or more of the defendants are residents of the Southern District, and under 28 U.S.C. Section 1391(b)(2) because a substantial part of the events giving rise to this action occurred in the Southern District of New York.

## BACKGROUND

### Contract

**Champ**

21.     On or about September 25, 2012, Champ signed a Trade Contract Agreement with Design Construct International Inc. as Construction Manager, on behalf of and as agent for Broadway 371, LLC as Owner ("Trade Contract Agreement"), to perform excavation, foundation, piles and MTA work for the construction of the condominium building located at 371 Broadway, New York, New York ("Building").

22.    Pursuant to the Trade Contract Agreement, Champ was obligated to "indemnify, defend and hold harmless Owner and Construction Manager and each of their parent companies, corporations, subsidiaries and affiliated companies. . .from and against all claims or causes of action, lawsuits, damages, losses. . . and expenses (including, but not limited to, reasonable attorney's fees and legal costs and expenses). . .arising from, or in connection with, the performance of the services by [Champ] under this Agreement irrespective of the cause and/or type of such injury, cost, damage or loss."

23.    Further, per the Trade Contract Agreement, Champ was required to maintain commercial general liability insurance in the amount of $1,000,000 per occurrence with $2,000,000 general aggregate and umbrella liability insurance with limits of $5,000,000 per occurrence on a following the form basis.

24.    In addition, Champ agreed to name Broadway 371, LLC, El-Ad Group, Ltd., and others as Additional Insureds on a primary and non-contributory basis under the insurance policies Champ was required to obtain.

**GZA GeoEnvironmental, Inc.,**
**also known as Goldberg Zoino Associates of New York PC**

25.    On or about December 6, 2012, GZA signed a Consultant Agreement with Broadway 371, LLC as Owner ("Consultant Agreement"), "perform consultation services regarding the geotechnical engineering, design, inspection and instrument installation services, including, but

not limited to, providing the labor and material for the installation of geostructural instrumentation to monitor 365 Broadway to the south of the Project and 373-375 Broadway to the north of the Project" regarding to the construction of the Building.

26.    Pursuant to Consultant Agreement, GZA was obligated to "indemnify, defend, and hold harmless the Owner and its parent company, corporations, subsidiary, and affiliated companies, including joint ventures and partnerships and their respective agents, consultants, principals, members, partners, directors, direct and/or indirect owners, officers and employees from and against lawsuits, claims, causes of action, damages, losses, interest, judgment, liens and expenses (including but not limited to reasonable attorney's fees and legal costs, disbursements and expenses) for personal or bodily injury, sickness, disease, or death or injury to a destruction of tangible property arising out of the performance of the services by the Consultant under this Agreement."

27.    GZA was required to maintain commercial general liability insurance in the amount of $1,000,000 per occurrence with $2,000,000 general aggregate and umbrella liability insurance with limits of $5,000,000 per occurrence on a following the form basis.

28.    In addition, GZA agreed to name Broadway 371, LLC, El-Ad Group, Ltd., and others as Additional Insureds on a primary and non-

contributory basis under the insurance policies GGZA was required to obtain.

**<u>Gilsanz Murray Steficek LLP</u>**

29.    On or about June 28, 2012, Gilsanz signed a Structural Engineering Services Agreement ("Structural Engineering Services Agreement") on behalf of and as agent for Broadway 371, LLC as Owner ("Owner"), to perform structural engineering services for the construction of the condominium building located at 371 Broadway, New York, New York ("Building").

30.    Pursuant to the Structural Engineering Agreement, Gilsanz was obligated to "indemnify and hold harmless the Owner and its parent company, corporations, subsidiary and affiliated companies including joint ventures and partnerships and their respective agents, consultants, principals, members, partners, directors, direct and/or indirect owners, officers, employees and Construction Manager from and against all liability (including, but not limited to, statutory liability), lawsuits, claims, causes of action, damages, losses, interest, judgment, liens and expenses (including but not limited to reasonable attorneys' fees and legal costs, disbursements and expenses), for personal or bodily injury, sickness, disease, or death or injury to or destruction of tangible property including loss of use arising from, or in connection with, the negligent performance of the services by the Engineer under this Agreement."

31.    Further, per the Structural Engineering Agreement, Gilsanz was required to maintain commercial general liability insurance in the amount of $2,000,000 per occurrence with $10,000,000 general aggregate, and umbrella liability insurance with limits of $10,000,000 per occurrence on a following the form basis.

32.    In addition, Gilsanz agreed to name Broadway 371, LLC, El-Ad Group, Ltd., and others as Additional Insureds on a primary and non-contributory basis under the insurance policies Gilsanz was required to obtain.

**Insurance Policies**

33.    Catlin issued primary and excess policies to Broadway 371, LLC with an effective date of December 21, 2013.

34.    Upon information and belief, American Empire issued a commercial general liability policy to Champ, 13CG0173946 with a policy period of January 17, 2013 to January 17, 2014 with policy limits of $1,000,000 each occurrence and $2,000,000 in the general aggregate with Broadway 371 LLC and others named as additional insured on a primary, non-contributory basis with regard to the work being performed for them by Champ.

35.    Upon information and belief, Merchants Mutual issued an excess liability policy to Champ, CUO0000059 with a policy period of January 17, 2014 to January 17, 2015 with policy limits of $5,000,000 each occurrence.

36.     Upon information and belief, Navigators issued a commercial umbrella policy to Champ, NY13EXC745995IV with a policy period of January 17, 2013 to January 17, 2014 with policy limits of $10,000,000 each occurrence.

37.     Upon information and belief, Axis issued a commercial general liability policy to Champ, Policy Number EAP77891714 with a policy period of January 17, 2014 to January 17, 2015 with policy limits of $1,000,000 each occurrence and $2,000,000 in the general aggregate with Broadway 371 LLC and others named as additional insured on a primary, non-contributory basis with regard to the work being performed for them by Champ.

38.     Upon information and belief, Merchants Mutual issued an excess liability policy to Champ, CUP000134 with a policy period of January 24, 2014, to January 24, 2015 with policy limits of $5,000,000 for each occurrence.

39.     Upon information and belief, Navigators Specialty issued an excess liability policy to Champ, NY14EXC745995IV with a policy period of January 24, 2014, to January 24, 2015 with policy limits of $10,000,000 each occurrence.

40.     Upon information and belief, Commerce & Industry issued a general liability policy to GZA, Policy Number GL5844682, with a policy period of 2/28/2012 to 2/28/2013, with policy limits of $1,000,000 for each occurrence and $2,000,000 in the general aggregate with Broadway

371 LLC and others named as additional insured on a primary, non-contributory basis with regard to the work being performed for them by GZA.

41.     Upon information and belief, Ace American issued an excess liability liability policy to GZA, Policy Number XOOM00554947, with a policy period of 2/28/2012 to 2/28/2013, with policy limits of $5,000,000 for each occurrence and $5,000,000 in the aggregate with Broadway 371 LLC and others named as additional insured on a primary, non-contributory basis with regard to the work being performed for them by GZA.

42.     Upon information and belief, Continental issued a general liability policy to Gilsanz, Policy Number B4014369632 with a policy period of 2/19/2013 to 2/19/2014 with policy limits of $1,000,000 for each occurrence and $2,000,000 in the general aggregate with Broadway 371 LLC and others named as additional insured on a primary, non-contributory basis with regard to the work being performed for them by Gilsanz.

43.     Upon information and belief, Continental issued a general liability policy to Gilsanz, Policy Number B4014369596, with a policy period of 2/19/2013 to 2/19/14, with policy limits of $5,000,000 for each occurrence and $5,000,000 in the aggregate with Broadway 371 LLC and others named as additional insured on a primary, non-contributory basis with regard to the work being performed for them by Gilsanz.

44.    Plaintiff EMFT, LLC, in the Underlying Action, asserted claims against Broadway 371, LLC ("Broadway 371"); ELAD Group Properties, LLC ("Elad"); and the Board of Directors of the Franklin Place Condominium ("Board") (Broadway 371, Elad and the Board collectively referred to as "Underlying Defendants") for damages arising from and/or relating to the work performed by Champ, including but not limited to foundation work.

45.    In the Underlying Action, Plaintiff EMFT, LLC asserts that Elad is the managing member of Broadway 371, LLC and the Board was established to own and control the Underlying Defendants' Building.

46.    Despite repeated requests for Champ, GZA and Gilsanz to fulfill its contractual obligation to defend and/or indemnify the Underlying Defendants in the Underlying Action, Champ, GZA and Gilsanz have failed to do so.

47.    As a result of Champ, GZA and Gilsanz's refusal and/or the refusal of Champ, GZA and Gilsanz's insurers to defend and indemnify the Underlying Defendants in the Underlying Action, Catlin has incurred expenses and fees in order to defend the Underlying Defendants in the Underlying Action and potentially indemnify them.


**COUNT I**

**(Declaration that Champ must defend the Underlying Defendants)**

48.     Catlin repeats and reiterates Paragraph 1-47 above as if set forth at length herein.

49.     Champ signed the Trade Contract Agreement, wherein it agreed to indemnify, defend and hold harmless the Underlying Defendants in the Underlying Action.

50.     Despite repeated requests for Champ to fulfill its contractual obligation to indemnify, defend and hold harmless the Underlying Defendants in the Underlying Action, Champ has failed to do so.

**WHEREFORE**, the plaintiff Catlin Insurance Company demands judgment as follows:

a.     Adjudicating the rights between the parties;

b.     Declaring Champ must defend and indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium in the Underlying Action on a primary, non-contributory basis;

c.     Declaring Champ must reimburse Catlin for all defense costs and fees and any indemnification incurred on behalf of Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium in the Underlying Action;

d.     Awarding attorney's fees and costs; and

e.     Such other relief as the Court may deem equitable and just.

## COUNT II

### (Declaration that Champ's Insurers must defend and/or indemnify the Underlying Defendants)

51.   Catlin repeats and reiterates Paragraph 1-50 above as if set forth at length herein.

52.   American Empire and Axis issued primary commercial general liabilities policies to Champ wherein the Underlying Defendants are deemed to be additional insureds under such policies on a primary, non-contributory basis.

53.   As such, American Empire and Axis must defend the Underlying Defendants in the Underlying Action, but has failed to do so.

54.   Further, American Empire and Axis must indemnify the Underlying Defendants in the Underlying Action.

55.   In addition, as Merchants Mutual, Navigators and Navigators Specialty issued excess and/or umbrella policies to Champ that follow the form of the primary general liability policies issued to Champ, Merchants Mutual, Navigators and Navigators Specialty also has a duty to defend and/or indemnify the Underlying Defendants in the Underlying Action.

**WHEREFORE,** the plaintiff Catlin Insurance Company demands judgment as follows:

a.   Adjudicating the rights between the parties;

b.   Declaring American Empire and Axis Insurance Company have a   duty to defend and indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium in the Underlying Action on a primary, non-contributory basis;

c.,     Declaring Merchants Mutual Insurance Company, Navigators Insurance Company and Navigators Specialty Insurance have a duty to defend and indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium in the Underlying Action on a primary, non-contributory basis;

d.     Declaring American Empire, Axis Insurance Company, Merchants Mutual Insurance Company, Navigators Insurance and/or Navigators Specialty Insurance must reimburse Catlin for all defense costs and fees and any indemnification incurred on behalf of Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium in the Underlying Action;

e.     Awarding attorney's fees and costs; and

f.     Such other relief as the Court may deem equitable and just.

## COUNT III
### (Declaration that GZA must defend the Underlying Defendants)

56.     Catlin repeats and reiterates Paragraph 1-55 above as if set forth at length herein.

57.     GZA signed the Consultant Agreement wherein it agreed to indemnify, defend, and hold harmless the Underlying Defendants in the Underlying Action.

58.     Despite repeated requests for GZA to fulfill its contractual obligation to indemnify, defend and hold harmless the Underlying Defendants in the Underlying Action, GZA has failed to do so.

**WHEREFORE,** the plaintiff Catlin Insurance Company demands judgment as follows:

    a.        Adjudicating the rights between the parties;

    b.        Declaring GZA must defend and indemnify Broadway 371 LLC, Elad Group Properties LLC, and The Board of Directors of the Franklin Place Condominium in the Underlying Action on a primary, non-contributory basis;

    c.        Declaring GZA must reimburse Catlin for all defense costs and fees and any indemnification incurred on behalf of Broadway 371 LLC, Elad Group Properties LLC, *and* The Board of Directors of the Franklin Place Condominium in the Underlying Action;

    d.        Awarding attorney's fees and costs; and

    e.        Such other relief as the Court may deem equitable and just.

## COUNT IV

### (Declaration that GZA's Insurers must defend and/or indemnify the Underlying Defendants)

59.    Catlin repeats and reiterates Paragraph 1-60 above as if set forth at length herein.

60.    Commerce & Industry issued a primary commercial general liability policy to GZA wherein the Underlying Defendants are deemed to

be additional insureds under such policies on a primary, non-contributory basis.

61.    As such, Commerce & Industry must defend the Underlying Defendants in the Underlying Action, but has failed to do so.

62.    Further, Commerce & Industry must indemnify the Underlying Defendants in the Underlying Action.

63.    In addition, as Ace American issued an excess and/or umbrella policy to GZA that follow the form of the primary general liability policies issued to GZA, Ace American also has a duty to defend and/or indemnify the Underlying Defendants in the Underlying Action.

**WHEREFORE**, the plaintiff Catlin Insurance Company demands judgment as follows:

a.    Adjudicating the rights between the parties;

b.    Declaring that Commerce & Industry Insurance Company and Ace American Insurance Company have a duty to defend and indemnify Broadway 371 LLC, Elad Group Properties LLC, and The Board of Directors of the Franklin Place Condominium in the Underlying Action on a primary, non-contributory basis;

c.    Declaring that Commerce & Industry Insurance Company and Ace American Insurance Company must reimburse Catlin for all defense costs and fees and any indemnification incurred on behalf of Broadway 371 LLC, Elad Group Properties LLC, and The Board of Directors of the Franklin Place Condominium in the Underlying Action;

d.     Awarding attorney's fees and costs; and

e.     Such other relief as the Court may deem equitable and just.

## COUNT V

### (Declaration that Gilsanz must defend the Underlying Defendants)

64.    Catlin repeats and reiterates Paragraph 1-63 above as if set forth at length herein.

65.    Gilsanz signed the Engineering Agreement wherein it agreed to indemnify, defend, and hold harmless the Underlying Defendants in the Underlying Action.

66.    Despite repeated requests for Gilsanz to fulfill its contractual obligation to indemnify, defend and hold harmless the Underlying Defendants in the Underlying Action, Gilsanz has failed to do so.

**WHEREFORE**, the plaintiff Catlin Insurance Company demands judgment as follows:

a.     Adjudicating the rights between the parties;

b.     Declaring that Gilsanz must defend and indemnify Broadway 371 LLC, Elad Group Properties LLC, and The Board of Directors of the Franklin Place Condominium in the Underlying Action on a primary, non-contributory basis;

c.     Declaring that Gilsanz must reimburse Catlin for all defense costs and fees and any indemnification incurred on behalf of Broadway 371 LLC, Elad Group Properties LLC, and The Board of Directors of the Franklin Place Condominium in the Underlying Action;

d.      Awarding attorney's fees and costs; and

e.      Such other relief as the Court may deem equitable and just.

## COUNT VI

### (Declaration that Gilsanz' s Insurers must defend and/or indemnify the Underlying Defendants)

67.     Catlin repeats and reiterates Paragraph 1-66 above as if set forth at length herein.

68.     Continental issued a primary commercial liability policy to Gilsanz wherein the Underlying Defendants are deemed to be additional insureds under such policies on a primary, non-contributory basis.

69.     As such, Continental must defend the Underlying Defendants in the Underlying Action, but has failed to do so.

70.     Further, Continental must indemnify the Underlying Defendants in the Underlying Action.

71.     In addition, as Continental issued an excess and/or umbrella policy to Gilsanz that follow the form of the primary general liability policies issued to Gilsanz, Continental also has a duty to defend and/or indemnify the Underlying Defendants in the Underlying Action.

**WHEREFORE,** the plaintiff Catlin Insurance Company demands judgment as follows:

a.      Adjudicating the rights between the parties;

b.      Declaring that Continental Casualty Company has a duty to defend and indemnify Broadway 371 LLC, Elad Group Properties LLC, and

The Board of Directors of the Franklin Place Condominium in the Underlying Action on a primary, non-contributory basis;

c.    Declaring that Continental Casualty Company must reimburse Catlin for all defense costs and fees and any indemnification incurred on behalf of Broadway 371 LLC, Elad Group Properties LLC, and The Board of Directors of the Franklin Place Condominium in the Underlying Action;

d.    Awarding attorney's fees and costs; and

e.    Such other relief as the Court may deem equitable and just.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Catlin Insurance Company demands judgment and respectfully requests that this Court adjudge and declare the following:

a.    Champ Construction Corp has a duty to defend and indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium for the claims asserted in the action filed in the Supreme Court of the State of New York, County of New York, captioned, EMFT, LLC, et al. v. Broadway 371, LLC, et al., Index No. 156959/2016, on a primary, non-contributory basis;

b.    American Empire Insurance Company has a duty to defend and indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium for the claims

asserted in the action filed in the Supreme Court of the State of New York, County of New York, captioned, EMFT, LLC, et al. v. Broadway 371, LLC, et al., Index No. 156959/2016, on a primary, non-contributory basis;

c.       Axis Insurance has a duty to defend and indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium for the claims asserted in the action filed in the Supreme Court of the State of New York, County of New York, captioned, EMFT, LLC, et al. v. Broadway 371, LLC, et al., Index No. 156959/2016, on a primary, non-contributory basis;

d.       Merchants Mutual Insurance Company has a duty to defend and/or indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium for the claims asserted in the action filed in the Supreme Court of the State of New York, County of New York, captioned, EMFT, LLC, et al. v. Broadway 371, LLC, et al., Index No. 156959/2016;

e.       Navigators Specialty Insurance has a duty to defend and/or indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium for the claims asserted in the action filed in the Supreme Court of the State of New York, County of New York, captioned, EMFT, LLC, et al. v. Broadway 371, LLC, et al., Index No. 156959/2016;

f.       Navigators Insurance Company has a duty to defend and/or indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board

of Directors of the Franklin Place Condominium for the claims asserted in the action filed in the Supreme Court of the State of New York, County of New York, captioned, EMFT, LLC, et al. v. Broadway 371, LLC, et al., Index No. 156959/2016;

g.      GZA has a duty to defend and indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium for the claims asserted in the action filed in the Supreme Court of the State of New York, County of New York, captioned, EMFT, LLC, et al. v. Broadway 371, LLC, et al., Index No. 156959/2016, on a primary, non-contributory basis;

h.      Commerce & Industry Insurance Company has a duty to defend and/or indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium for the claims asserted in the action filed in the Supreme Court of the State of New York, County of New York, captioned, EMFT, LLC, et al. v. Broadway 371, LLC, et al., Index No. 156959/2016;

i.      Ace American Insurance Company has a duty to defend and/or indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium for the claims asserted in the action filed in the Supreme Court of the State of New York, County of New York, captioned, EMFT, LLC, et al. v. Broadway 371, LLC, et al., Index No. 156959/2016;

j.      Gilsanz has a duty to defend and indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium for the claims asserted in the action filed in the Supreme Court of the State of New York, County of New York, captioned, <u>EMFT, LLC, et al. v. Broadway 371, LLC, et al., Index No. 156959/2016</u>, on a primary, non-contributory basis;

k.      Continental Insurance Company has a duty to defend and indemnify Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium for the claims asserted in the action filed in the Supreme Court of the State of New York, County of New York, captioned, <u>EMFT, LLC, et al. v. Broadway 371, LLC, et al.</u>, Index No. 156959/2016, on a primary, non-contributory basis;

l.      Catlin Insurance Company is entitled to a reimbursement for all defense costs and fees and any indemnification incurred on behalf of Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium related to the claims asserted in the action filed in the Supreme Court of the State of New York, County of New York, captioned, <u>EMFT, LLC, et al. v. Broadway 371, LLC, et al.</u>, Index No. 156959/2016 from Champ Construction Corp, American Empire Insurance Company, Axis Insurance, Merchants Mutual Insurance Company, Navigators Specialty Insurance and/or Navigators Insurance Company, GZA Geoenvironmental, Inc., also known as Goldberg Zoino Associates of New York, P.C., Commerce & Industry Insurance, Ace

American Insurance Company, Gilsanz Murray Steficek LLC, and Continental Casualty Company.

      m.    Catlin Insurance Company is entitled to attorney's fees and costs; and

      n.    Catlin Insurance Company is entitled to such other relief as the Court may deem equitable and just.

DATED:    NEW YORK, NEW YORK
          September 20, 2024

**METHFESSEL & WERBEL, P.C.**
Attorneys for Plaintiff Catlin
Insurance Company


By:_____
          Shaji M. Eapen
          112 W. 34th St.
          17th Floor, Room 17089
          New York, New York 10120
          (212) 947-1999
          eapen@methwerb.com
          94407a SME