

## METHFESSEL & WERBEL
### A Professional Corporation

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
FREDRIC PAUL GALLIN*+^
WILLIAM S. BLOOM>
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
LORI BROWN STERNBACK+>
I. BLAKELEY JOHNSTONE, III+*
GINA M. STANZIALE>
PAUL J. ENDLER JR.>
JAMES P. CULLEN, JR.=^
THOMAS O. MULVIHILL>
JAMES FOXEN^
SARAH K. DELAHANT+
ATHINA L. CORNELL+
JEFFREY R. MERLINO+
JENNIFER A. OSBORNE+
ANDREW J. GIBBS>
JARED S. SCHURE>

Of Counsel
STEPHEN R. KATZMAN#
ED THORNTON>
MICHAEL TRIFIOLIS>
BETH A. BOLGER+
PAUL E. GRIGGS>

Retired
JOHN METHFESSEL, SR.>
(1935-2017)
DON CROWLEY*+
(1942-2024)
MARC DEMBLING*+
(1944-2022)

Counsel
STEPHEN G. BRENNER+^
ADAM M. CARMAN+^
SHAJI M. EAPEN>
JOSEPH C. FALK>
ANGELA M. GURRERA>
GERALD KAPLAN>
JARED P. KINGSLEY*+
JOHN R. KNODEL*+
LESLIE A. KOCH=
CHARLES T. MCCOOK, JR.*>
CHRISTINA MICHELSON+
RICHARD A. NELKE~
STEVEN K. PARNESS+
RAINA M. PITTS^
AMANDA J. SAWYER^
STEVEN A. UNTERBURGER+

Associates
JILLIAN T. CLARK>
EDWARD D. DEMBLING>
KARISHMA DHRUVE>
MICHAEL R. EATROFF>
ERICA FRANCISCO-LAU+
FRANK J. KEENAN+^
SCOTT KETTERER>

Associates, Cont'd
ALLISON M. KOENKE>
JOHN M. MARTIN>
ANTHONY J. MANCUSO>
KAJAL J. PATEL+
ADAM M. SCHWARTZ+
VITTORIA A. SCULCO>
SARAH E. SHEPP+
ALYCIA M. SWIFT+
TIFFANY D. TAGARELLI>

* Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^ Member of PA & NJ Bar
^Member of NY Bar only
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
<Member of NJ, NY & CA Bar
>Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar
=Member of NY, NJ & MA Bar

**Please reply to New York**

January 27, 2025

**VIA ELECTRONIC FILING**
Motions Clerk, United States District Court Southern District of New York
US Courthouse  40 Foley Square
New York, NY 10007-1581

RE:  **CATLIN INSURANCE VS. CHAMP CONSTRUCTION, ET AL.**
Our File No.      : 94407a SME
Docket No.        : 1:24-CV-4499

Dear Sir/Madam:

Enclosed please find Plaintiff's opposition to Defendant Goldberg-Zoino Associates of New York, P.C. i/s/h/a GZA Environmental Inc. a/k/a Goldberg Zoino Associates of New York P.C's Motion to Dismiss for lack of subject matter jurisdiction in the above captioned matter.

Respectfully submitted,
**METHFESSEL & WERBEL, ESQS.**

Shaji M. Eapen
eapen@methwerb.com
Ext. 131

SME:kfh/Encl.

2025 Lincoln Highway · Suite 200 · P.O. Box 3012 · Edison, NJ 08818 · (732) 248-4200 · FAX (732) 248-2355
112 West 34th Street · 17th Floor · New York, NY 10120 · (212) 947-1999 · FAX (212) 947-3332
One Liberty Place · 1650 Market St., 36th Floor · Philadelphia, PA 19103 · (215) 665-5622 · FAX (215) 665-5623
101 Federal Street · Suite 1900 · Boston, MA 02110 · (617) 204-5630 · FAX (617) 977-9398
www.njinslaw.com

Methfessel & Werbel, Esqs.
Our File No. 94407a SME
Page 2

cc:    **<u>VIA ELECTRONIC FILING</u>**

<u>VIA EMAIL: apremisler@lpgmlaw.com</u>
Andrew Premisler, Esq.

<u>VIA EMAIL: swinikow@mgmlaw.com</u>
Scott Winikow, Esq.

<u>VIA EMAIL: jzimring@zblawpllc.com</u>
Joshua Zimring, Esq.

<u>VIA EMAIL: jmckenna@lbcclaw.com</u>
John McKenna, Esq.

<u>VIA EMAIL: bgartner@lbcclaw.com</u>
Bethany Gartner, Esq.

<u>VIA EMAIL: dgerber@gerberciano.com</u>
Daniel Gerber, Esq.

<u>VIA EMAIL: droa@gerberciano.com</u>
Dominick Roa, Esq.

<u>VIA EMAIL: gpetropoulos@cgpllp.com</u>
Gary Petropoulos, Esq.

<u>VIA EMAIL: rschwartz@zdlaw.com</u>
Roy Schwartz, Esq.

| | |
|---|---|
| CATLIN INSURANCE COMPANY,<br><br>        Plaintiff<br><br>AGAINST<br><br>CHAMP CONSTRUCTION COMPANY, AMERICAN EMPIRE INSURANCE COMPANY, MERCHANTS MUTUAL INSURANCE COMPANY, NAVIGATORS SPECIALTY INSURANCE, AXIS INSURANCE, NAVIGATORS INSURANCE COMPANY, GZA GEOENVIRONMENTAL, INC., also known as GOLDBERG ZOINO ASSOCIATES OF NEW YORK P.C., COMMERCE & INDUSTRY INSURANCE, ACE AMERICAN INSURANCE COMPANY, GILSANZ, MURRAY, STEFICEK,LLP, CONTINENTAL CASUALTY COMPANY,  JOHN DOES 1-10 (said persons being unknown and fictitious) and ABC COMPANIES 1-10 (said entities being unknown and fictitious),<br><br>        Defendants | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>CASE NO.: 1:24-CV-4499-LJL<br><br><br>        Civil Action<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>* Oral Argument Requested |

## PLAINTIFF CATLIN INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT GOLDBERG-ZOINO ASSOCIATES OF NEW YORK, P.C.'S MOTION TO DISMISS

Shaji M. Eapen, Esq.
  On the Brief

**METHFESSEL & WERBEL, ESQS.**
112 West 34th Street, 17th Floor
New York, NY  10120
Phone: 212-947-1999
Fax: 12-947-3332
eapen@methwerb.com
Attorneys for Catlin Insurance Company
Our File No.  94407a SME

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................... ii

PRELIMINARY STATEMENT ....................................................................... 1

STATEMENT OF FACTS ............................................................................ 3

    I.     GZA's contract with Broadway 371, LLC ...................................... 3

    II.    EMFT's Lawsuit.................................................................... 5

    III.   Present Declaratory Judgment Action........................................... 6

LEGAL ARGUMENT

Point 1-THE COURT HAS SUBJECT MATTER JURISDICTION OVER CATLIN'S CLAIMS AGAINST GZA BECAUSE GZA'S OBLIGATION TO "DEFEND, INDEMNIFY AND HOLD HARMLESS" THE UNDERLYING DEFENDANTS IS TRIGGERED UNDER NEW YORK LAW ........................... 7

   A.  Legal Standard for a Motion to Dismiss for Lack of Subject Matter Jurisdiction ....................................................................... 7

   B.  New York state law applies to the interpretation of GZA's contractual obligation to "indemnify, defend, and hold harmless"........................ 8

   C.  GZA's duty to indemnify and defend is triggered based on the allegations in the Underlying Action arising out of GZA's services ........................ 9

   D.  In the event the Court finds that GZA's duty to defend and indemnify the Underlying Defendants is not triggered at this time, GZA should still remain a party to this action because it is an "interested party"........ 11

Point II- CONTRARY TO GZA'S ASSERTION, THE WILTON-BRILLHART ABSENTION DOCTRINE DOES NOT APPLY HERE BECAUSE THERE IS NO IDENTITY OF PARTIES/ISSUES BETWEEN THIS MATTER AND THE UNDERLYING ACTION AND CATLIN IS SEEKING DAMAGES FOR GZA'S CONDUCT.............................................................................. 13

CONCLUSION ....................................................................................... 16

## TABLE OF AUTHORITIES

### Cases:

*Alarcon v. UCAN White Plains Hous. Dev. Fund Corp.*
  100 A.D.3d 431, 954 N.Y.S.2d 13 (1st Dept. 2012) ........................... 9

*Aurecchione v. Schoolman Transp. Sys., Inc.*
  426 F.3d 635 (2d Cir. 2005) ............................................ 7

*Brillhart v. Excess Ins. Co. of America*
  316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) ....................... 14

*Brink's Ltd. v. South African Airways*
  93 F.3d 1022 (2d Cir. 1996) ........................................... 8

*In re Allstate Ins. Co. and Stolarz*
  613 N.E.2d 936 (N.Y. 1993) ............................................ 8

*Kanciper v. Suffolk Cnty. Soc'y for the Prevention of Cruelty to Animals, Inc.*
  722 F.3d 88 (2d Cir. 2013) ............................................ 14

*Klaxon Co. v. Stentor Elec. Mfg. Co.*
  313 U.S. 487 (1941) ................................................... 8

*Lazard Freres & Co. v. Protective Life Ins. Co.*
  108 F.3d 1531 (2d Cir. 1997) .......................................... 8

*Luckett v. Bure*
  290 F.3d 493  (2d Cir. 2002) .......................................... 7

*Makarova v. United States*
  201 F.3d 110 (2d Cir. 2000) ........................................... 7

*National Union Fire Ins. Co. v. Karp*
  108 F.3d 17 (2d Cir.1997) ............................................. 14

*Niagara Mohawk Power Corp. v. Hudson River–Black River Regulating Dist.*
  673 F.3d 106 (2d Cir.2012) ........................................ 14,15

*Public Service Com'n of Utah v. Wycoff Co., Inc.*
  344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952) ....................... 13

*Simone v. Liebherr Cranes, Inc.*
    90 A.D.3d 1019, 935 N.Y.S.2d 337 (2nd Dept., 2011)........................... 9

*Travelers Cas. v. Silo City Phase I LLC*
    No. 22-cv-00416-JLS-JJM,
    2023 WL 5098228 (W.D.N.Y. Aug. 2, 2023) ..................................... 15

*Wilton v. Seven Falls Co.*
    515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)  .........13,14,15

**Statutes:**

28 U.S.C. § 2201 ....................................................................... 13

**Rules:**

Federal Rules of Civil Procedure 12 ........................................... 7

**Other Sources**

Advisory Committee Notes to FRCP 57..................................... 12

**PRELIMINARY STATEMENT**

Defendant Goldberg-Zoino Associates of New York, P.C. i/s/h/a GZA Environmental Inc. a/k/a Goldberg Zoino Associates of New York P.C's (hereinafter "GZA") Motion to Dismiss Plaintiff Catlin Insurance Company's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure must be denied because GZA's duty to defend and indemnify Broadway 371, LLC and related parties is triggered.

Per GZA"s agreement with Broadway 371, GZA agreed to "indemnify, defend, and hold harmless" Broadway 371 and its related entities "from and against lawsuits, claims, causes of action, damages, losses" for " injury to or destruction of tangible property arising out of the performance of the services by [GZA]".  The language in GZA's agreement does not require or mandate a finding of any negligence or liability against GZA in order to trigger GZA's defense/indemnity obligation to Broadway 371 and its related entities.  Rather, based on the allegations and discovery in the underlying action, GZA's obligation to defend and potentially indemnify Broadway 371 and its related entities is triggered.  In light of same, GZA's Motion to Dismiss must be denied.

GZA argues, in the alternative, that the Court should stay the present action based on the *Wilton-Brillhart* abstention doctrine.  However, the *Wilton-Brillhart* abstention doctrine can only be applied when there is a parallel state action to the Federal action with an identity of parties, and the issues and relief sought are the same.  As explained below, the underlying state action

1

does not have the same parties as the instant action. Moreover, the relief sought by Catlin is different that the relief sought in the underlying uction. Accordingly, the *Wilton-Brillhart* abstention doctrine should not be applied to the instant action.

**STATEMENT OF FACTS**

**I.    GZA's contract with Broadway 371, LLC**

Defendant Goldberg-Zoino Associates of New York, P.C. i/s/h/a GZA Environmental Inc. a/k/a Goldberg Zoino Associates of New York ("hereinafter "GZA") entered into an agreement with Broadway 371, LLC ("Broadway 371") in December 2012 ("GZA Contract").  *See* Declaration of Shaji M. Eapen, Esq. ("Eapen Decl."), Pl. Ex. A.  Per the terms of the GZA Contract, GZA was to serve as a consultant to Broadway 371 for the development and construction of a condominium complex located at 5 Franklin Street a.k.a. 371 Broadway, New York, New York.  *See* Eapen Decl., Def. Ex. A, Preamble and Art. 1.1., CIC 000150.

Per the GZA Contract, GZA understood that "the existing three story concrete superstructure will be dismantled to the basement level, the foundation is to be redesigned and completed before the superstructure is to be reconstructed to the third floor."  *See* Eapen Decl., Pl. Ex. A, CIC 000162.

For the project, GZA agreed to "provide the labor and material for the installation of geostructural instrumentation <u>in order to monitor 365 Broadway</u>. . . ." *Ibid.* (emphasis added).  GZA also agreed to "observe and document visible cracks, separations, spalling and evidence of water leakage." *Ibid.*  Per the GZA Contract, GZA agreed to set up a "central data management ("CDM") website" that will store all vibration data and have the ability to send

out emails when vibration exceeds the alert levels established. *See* Eapen Decl., Ex. A, CIC 00162. Among the services GZA agreed to provide were:

> ▪ "vibration monitoring";

> ▪ reviewing the available project documents to prepare a pile calculation for an "60 T design load, vertical mini pile for this project";

> ▪ providing an engineer to monitor the proposed vertical pile load test and provide a professional engineer on a daily basis to observe the installation of the piles during construction; and

> ▪ GZA's engineer would oversee the pile operations and prepare a pile installation log.

*See* Eapen Decl., Ex. A, CIC 000163-164.

Per the terms of the GZA Contract (which defined GZA as "Consultant" and Broadway 371 as "Owner"):

> the Consultant shall indemnify, defend, and hold harmless the Owner and its parent company, corporations, subsidiary and affiliated companies. . .from and against lawsuits, claims, causes of action, damages, losses, interest, . . . and expenses (including but not limited to reasonable attorney's fees and legal costs, disbursements and expenses), for. . .injury to or destruction of tangible property arising out of the performance of the services by the Consultant under this Agreement.

*See* Eapen Decl., Ex. A, 8.1.

Both GZA and Broadway 375 signed the GZA contract. *See* Eapen Decl., Ex. A, CIC 000160.

## II.    EMFT's Lawsuit

EMFT, LLC filed suit in the Supreme Court of the State of New York, County of New York, captioned, <u>EMFT, LLC, et al. v. Broadway 371, LLC, et al.</u>, Index No. 156959/2016 (the "Underlying Action") against Broadway 371 LLC, Elad Group Properties LLC and The Board of Directors of the Franklin Place Condominium ("Underlying Defendants").  *See* Declaration of Joshua S. Stern, dated December 9, 2024 ("Stern Decl."), Exhibit J, ¶ 1; *see also* Stern Decl., Def. Ex. A.

EMFT, the owner of real property located at 365 Broadway, New York, New York improved by a 9-story building ("EMFT' Building"), alleges that the Underlying Defendants built a 21 story building on the real property located at 371 Broadway, New York, New York ("Underlying Defendants' Building"), adjacent to EMFT's building.  *See* Stern Decl., Def. Ex. A, ¶¶ 2, 5, 6. EMFT asserts that the Underlying Defendants' Building was built on the site of a formerly lower elevation building.  EMFT's Complaint alleges that in July 2013, Broadway 371 would construct Underlying Defendants' Building.  *Ibid.,* ¶¶ 17, 18.  EMFT further alleges that during and after the construction of the Underlying Defendants' Building, EMFT's building sustained damage.  *Ibid.,* ¶ 24.

EMFT retained StructureTech Engineering PC, which issued a Forensic Investigation Report dated August 26, 2020.  *See* Eapen Decl., Exhibit B.  In relevant part, StructureTech concluded that:

the observed cracks at floors and walls of the subcellar, cellar, and floors above are the result of foundation movement/settlement caused by the increase in the load applied from the adjacent new building to the north at 371 Broadway. The volume/weight of the new building is about 4 times the volume/weight of the old demolished building. This means that the applied dead and live loads of the adjacent new building is approximately 4 times the load which the soil beneath the footing has experienced. The settlement of the footing will continue slowly for a long period of time causing more cracks and wall tilting.

*Id.* at page 4.

## III.    **Present Declaratory Judgment Action**

Catlin Insurance Company, insurer for Broadway 371, has been defending Broadway 371 and its related entities in the Underlying Action. *See* Stern Decl., Exhibit J, ¶¶ 33, 47. Despite repeated requests for GZA to fulfill its contractual obligation to indemnify, defend and holding the Underlying Defendants harmless in the Underlying Action, GZA has failed to do so. *See* Stern Decl., Exhibit J, ¶¶ 46, 58. As a result, Catlin has incurred damages in the form of defense costs and fees defending the Underlying Defendants in the Underlying Action and potentially indemnifying them. *Ibid.* at ¶ 47.

## LEGAL ARGUMENT

### POINT I

**THE COURT HAS SUBJECT MATTER JURISDICTION OVER CATLIN'S CLAIMS AGAINST GZA BECAUSE GZA'S OBLIGATION TO "DEFEND, INDEMNIFY AND HOLD HARMLESS" THE UNDERLYING DEFENDANTS IS TRIGGERED UNDER NEW YORK LAW.**

Defendant Goldberg-Zoino Associates of New York, P.C. i/s/h/a GZA Environmental Inc. a/k/a Goldberg Zoino Associates of New York P.C's Motion to Dismiss for lack of subject matter jurisdiction must be denied as there is an actual controversy to be determined by the Court, namely that GZA's duty to defend and indemnify Broadway 371, LLC and related entities has been triggered.

### A. Legal Standard for a Motion to Dismiss for Lack of Subject Matter Jurisdiction.

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that jurisdiction exists by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In ruling on such a motion, a court may consider evidence outside the pleadings without converting the motion to dismiss into a motion for summary judgment. *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113.).

7

**B. New York state law applies to the interpretation of GZA's contractual obligation to "indemnify, defend, and hold harmless".**

This action was filed in federal court based on diversity of citizenship. *See* Stern Decl., Exhibit J, ¶ 19. "A federal court sitting in diversity must apply the choice of law rules of the forum state." *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1538-39 (2d Cir. 1997) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496– 97 (1941)). New York is the forum state, and in contract lawsuits, New York courts apply a "center of gravity" or "grouping of contracts" approach in determining which body of substantive law governs. *Lazard Freres & Co.*, 108 F.3d at 1539 (citation omitted).

"Under this approach, courts may consider a spectrum of significant contacts, including the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties." *Id.* (quoting *Brink's Ltd. v. South African Airways*, 93 F.3d 1022, 1030–31 (2d Cir. 1996)); accord *In re Allstate Ins. Co. and Stolarz*, 613 N.E.2d 936, 940 (N.Y. 1993).

Here, GZA (with a principal place of business in New York, New York) and Broadway 371 (a New York limited liability company with offices in New York, New York) entered into a contract wherein GZA was to serve as a consultant to Broadway 371 for the development and construction of a

condominium complex located at 5 Franklin Street a.k.a. 371 Broadway, New York, New York.  *See* Eapen Decl., Def. Ex. A, Preamble and Art. 1.1.

Applying these factors under the "center of gravity" or "grouping of contracts" approach, New York substantive law applies to the interpretation of GZA's contract.

### C. GZA's duty to indemnify and defend is triggered based on the allegations in the Underlying Action arising out of GZA's services.

There are two general types of indemnification agreements: one where the duty to indemnify is triggered only upon a showing of negligence and one where the obligation to indemnify does not require a finding of negligence.  An indemnitee is entitled to contractual indemnification when the clause does not limit indemnification to only claims arising out of negligence or wrongful acts. *Simone v. Liebherr Cranes, Inc.,* 90 A.D.3d 1019, 935 N.Y.S.2d 337 (2nd Dept., 2011). The Court further held in *Simone* that "since the contract did not require as a condition for contractual indemnification that the acts or omissions be negligent or wrongful, whether those acts or omissions constituted negligent conduct was not relevant to the appellant's liability for contractual indemnification." *Id.*

In *Alarcon v. UCAN White Plains Hous. Dev. Fund Corp.*, 100 A.D.3d 431, 954 N.Y.S.2d 13 (1st Dept. 2012), the First Department enforced an indemnification provision in a subcontract agreement requiring a masonry subcontractor to indemnify the defendant general contractor and owners for all losses "arising out of, or in any manner relating to" the subcontractor's

work.  There, the accident involved an employee of the subcontractor who fell off a scaffold while exiting the construction site.  *Id.*

Here, the GZA contract does not require a showing a finding of negligence.  Specifically, the GZA contract provides that the "Consultant shall indemnify, defend, and hold harmless the Owner. . .from and against lawsuits, claims, causes of action, damages, losses, interest, . . . and expenses, for. . .injury to or destruction of tangible property arising out of the performance of the services by the Consultant under this Agreement."  *See* Eapen Decl., Ex. A, 8.1.

Based on the allegations and expert discovery in the Underlying Action, there is no question that EMFT's claims arise out of GZA's services under the GZA Agreement.  In the Underlying Action, EMFT alleges that during and after the construction of the Underlying Defendants' Building, EMFT's building sustained damage.  One of EMFT's experts, StructureTech, concluded that:

> the observed cracks at floors and walls of the subcellar, cellar, and floors above [in the EFMT Building{ are the result of foundation movement/settlement caused by the increase in the load applied from the adjacent new building to the north at 371 Broadway.  The volume/weight of the new building is about 4 times the volume/weight of the old demolished building.  This means that the applied dead and live loads of the adjacent new building is approximately 4 times the load which the soil beneath the footing has experienced.  The settlement of the footing will continue slowly for a long period of time causing more cracks and wall tilting.

> *See* Eapen Decl., Ex. B, page 4.

GZA's obligations included monitoring 365 Broadway (aka the EMFT Building) and vibrations to such, as well as observing cracks and separations.

GZA also agreed to supply an engineer to oversee the pile operations at 371 Broadway. If, as EMFT alleges, that the weight of the building at 371 Broadway was too much for the piles and footings at that location, resulting in cracks at the EMFT building, then EMFT's claims in the Underlying Action arises out of the services provided by GZA. Therefore, EMFT's claims against the Underlying Defendants are within the purview of the indemnification clause and thus, GZA's duty to defend and indemnify the Underlying Defendants in the Underlying Action is triggered.

Given GZA's failure to defend and indemnify the Underlying Defendants in the Underlying Action, resulting in Catlin having to incur defense costs and fees, Catlin's demand that GZA defend and indemnify the Underlying Defendants is an actual controversy within the jurisdiction of the Court. Accordingly, GZA's Motion to Dismiss for lack of subject matter jurisdiction must be denied.

### D. In the event the Court finds that GZA's duty to defend and indemnify the Underlying Defendants is not triggered at this time, GZA should still remain a party to this action because it is an "interested party".

Even if the Court were to find that GZA's duty to defend (let alone duty to indemnify) Broadway 371 and the other Underlying Defendants has not ripened, GZA should still remain in the case as it is an "interested party".[1] "The petitioner must have a practical interest in the declaration sought and

---

[1] Although Catlin did not name GZA simply as an interested party, Catlin would be willing to amend the Complaint to name GZA as an interested party should the Court find that the claims against GZA has not ripened as yet.

all parties having an interest therein or adversely affected must be made parties or be cited." *See* Advisory Committee Notes to FRCP 57.   The purpose of this Action is to seek an Order compelling those parties named in the Declaratory Judgment Action (including GZA) to satisfy their obligations to defend and/or indemnify the Underlying Defendants in the Underlying Action.  In addition to GZA being named in the Declaratory Judgment Action, GZA's insurers, Commerce & Industry Insurance and Ace American Insurance Company, are also named as parties to this Declaratory Judgment Action. *See* Stern Decl., Exhibit J ¶¶¶¶ 60-63.  As GZA's insurers, GZA would have an interest in whether its insurers have an obligation to defend and possibly indemnifying the Underlying Defendants, particularly if GZA is found to have a duty to defend and potentially indemnify the Underlying Defendants.

Accordingly, at a minimum, GZA, with an interest in the disposition of the present action, should remain a party to the action.

**POINT II**

**CONTRARY TO GZA'S ASSERTION, THE *WILTON-BRILLHART* ABSENTION DOCTRINE DOES NOT APPLY HERE BECAUSE THERE IS NO IDENTITY OF PARTIES/ISSUES BETWEEN THIS MATTER AND THE UNDERLYING ACTION AND CATLIN IS SEEKING DAMAGES FOR GZA'S CONDUCT.**

In its moving brief, GZA asserts that the Court must stay the claims against GZA pursuant to the *Wilton-Brillhart* abstention doctrine. Contrary to GZA's assertion, the *Wilton-Brillhart* abstention doctrine is not applicable here because there is not an identity of parties and claims between this Declaratory Judgment Action and the Underlying Action. Additionally, the *Wilton-Brillhart* abstention doctrine does not apply because Catlin is not seeking purely declaratory judgment relief, but is also seeking recovery of damages caused by GZA's conduct.

A district court derives its power to decide a declaratory action from the Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.' " *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (quoting *Public Service Com'n of Utah v. Wycoff Co., Inc.,* 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)). The Supreme Court has defined the issue of when district courts should accept jurisdiction where a parallel state proceeding is pending:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court <u>presenting the</u>

same issues, not governed by federal law, between the same
parties. Gratuitous interference with the orderly and
comprehensive disposition of a state court litigation should be
avoided.

*Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 495, 62 S.Ct. 1173, 86
L.Ed. 1620 (1942)(emphasis added); *see also Wilton,* 515 U.S. at 282–83, 115
S.Ct. 2137.

"Federal and state proceedings are 'concurrent' or 'parallel' for purposes
of abstention when the two proceedings are essentially the same; that is, there
is an identity of parties, and the issues and relief sought are the same."
*National Union Fire Ins. Co. v. Karp,* 108 F.3d 17, 22 (2d Cir.1997)(emphasis
added).  In comparing the present action to the Underlying Action, there is no
identity of parties and issues.  Catlin is not a party to the Underlying Action,
nor are the insurers for GZA, Commerce & Industry Insurance and Ace
American Insurance Company.  *Compare* Exhibit H to Stern Decl. with
Exhibit J to Stern Decl.; *see also* Stern Decl., Exhibit J ¶¶ 60, 61.  As such,
Catlin and its claims in the present action, including its claims against the
various insurers, are not present in the Underlying Action.

Moreover, under Second Circuit authority, *Wilton* "does not apply where
… a plaintiff does not seek purely declaratory relief, but also … seeks damages
caused by the defendant's conduct." *Kanciper v. Suffolk Cnty. Soc'y for the
Prevention of Cruelty to Animals, Inc.,* 722 F.3d 88, 93 (2d Cir. 2013) (quoting
*Niagara Mohawk Power Corp. v. Hudson River–Black River Regulating
Dist.,* 673 F.3d 106 (2d Cir.2012)).  Here, given GZA's failure to defend
Broadway 371 and the rest of the Underlying Defendants in the Underlying

14

Case, Catlin is seeking damages from GZA in the form of reimbursement of all defense costs and fees and any indemnification incurred on behalf of the Underlying Defendants in the Underlying Action.  *See e.g.* Stern Decl., Exhibit J ¶¶ 58(c).  For these reasons, the *Wilton-Brillhart* abstention doctrine cannot apply to the instant action.

In the alternative, if the Court determines the Underlying Action is a parallel case with identity of parties, issues, and relief sought in the current action, the Court should stay the claims against GZA as opposed to dismissing GZA from the matter.  The Supreme Court has held that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Niagara Mohawk Power Corp.*, *supra*, 673 F.3d at 105 quoting *Wilton*, *supra*, 515 U.S. at 288 n.2. In *Travelers,* the Magistrate Judge recommended a stay in a coverage action arising from a New York construction project arising from New York law, noting *Wilton's* directive that such cases be stayed pending a parallel state action. *Travelers Cas. v. Silo City Phase I LLC*, No. 22-cv-00416-JLS-JJM, 2023 WL 5098228, at *3 (W.D.N.Y. Aug. 2, 2023).

Here, the Underlying Action will not resolve the claims in controversy in this matter, particularly Catlin's claim for reimbursement of defense costs and fees from GZA and Catlin's claims against the various insurers.  As such, if the Court finds the Underlying Action is a parallel state action to the present

15

Declaratory Judgment Action, then the Court should stay the action against GZA.

## CONCLUSION

Based on the foregoing, it is respectfully requested that Defendant Goldberg-Zoino Associates of New York, P.C. i/s/h/a GZA Environmental Inc. a/k/a Goldberg Zoino Associates of New York P.C's Motion to Dismiss for lack of subject matter jurisdiction be denied.

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Catlin Insurance Company

By:_____
          Shaji M. Eapen

DATED: January 27, 2025

16