

**METHFESSEL & WERBEL**
A Professional Corporation

| | Counsel | Associates, Cont'd |
|---|---|---|
| JOEL N. WERBEL> | STEPHEN G. BRENNER+^ | ALLISON M. KOENKE> |
| JOHN METHFESSEL, JR.> | ADAM M. CARMAN+^ | JOHN M, MARTIN> |
| FREDRIC PAUL GALLIN*+^ | SHAJI M. EAPEN+ | ANTHONY J. MANCUSO> |
| WILLIAM S. BLOOM>* | JOSEPH C. FALK> | KAJAL J. PATEL+ |
| ERIC L. HARRISON*+ | ANGELA M. GURRERA> | ADAM M. SCHWARTZ+ |
| MATTHEW A. WERBEL> | GERALD KAPLAN> | VITTORIA A. SCULCO> |
| LORI BROWN STERNBACK*+ | JARED P. KINGSLEY*+ | SARAH E. SHEPP+ |
| I. BLAKELEY JOHNSTONE, III+* | JOHN R. KNODEL*+ | ALYCIA M. SWIFT+ |
| GINA M. STANZIALE> | LESLIE A. KOCH= | TIFFANY D. TAGARELLI> |
| PAUL J. ENDLER JR.> | CHARLES T. MCCOOK, JR.*> | |
| JAMES P. CULLEN, JR.=^ | CHRISTINA MICHELSON+ | |
| THOMAS O. MULVIHILL> | RICHARD A. NELKE~ | |
| JAMES FOXEN^ | STEVEN K. PARNESS+ | * Certified by the Supreme Court of |
| SARAH K. DELAHANT+ | RAINA M. PITTS^ |    New Jersey as a Civil Trial Attorney |
| ATHINA L. CORNELL+ | AMANDA J. SAWYER^ | +Member of NY & NJ Bar |
| JEFFREY R. MERLINO+ | STEVEN A. UNTERBURGER+ | ^Member of PA & NJ Bar |
| JENNIFER A. OSBORNE+ | | ^Member of NY Bar only |
| ANDREW J. GIBBS> | Associates | >Member of NJ Bar only |
| JARED S. SCHURE> | JILLIAN T. CLARK> | #Member of NJ & LA. Bar |
| | EDWARD D. DEMBLING> | <Member of NJ & DC Bar |
| Of Counsel | KARISHMA DHRUVE> | ≤Member of NJ, NY & CA Bar |
| STEPHEN R. KATZMAN# | MICHAEL R. EATROFF> | ≥Member of NJ, PA & DC Bar |
| ED THORNTON> | ERICA FRANCISCO-LAU+ | ~Member of NY, NJ & DC Bar |
| MICHAEL TRIFIOLIS | FRANK J. KEENAN+^ | =Member of NY, NJ & MA Bar |
| BETH A. BOLGER+ | SCOTT KETTERER> | |
| PAUL E. GRIGGS> | | **Please reply to New York** |

Retired
JOHN METHFESSEL, SR.>
(1935-2017)
DON CROWLEY*+
(1942-2024)
MARC DEMBLING*+
(1944-2022)

January 27, 2025

**VIA ELECTRONIC FILING**

Motions Clerk, United States District Court Southern District of New York
US Courthouse  40 Foley Square
New York, NY 10007-1581

RE:   **CATLIN INSURANCE VS. CHAMP CONSTRUCTION, ET AL.**
        Our File No.         : 94407a SME
        Docket No.           : 1:24-CV-4499

Dear Sir/Madam:

Enclosed please find Plaintiff's opposition to Defendant Gilsanz, Murray, Steficek, LLP's Motion to Dismiss the Complaint in the above captioned matter.

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**

Shaji M. Eapen
eapen@methwerb.com
Ext. 131

SME:kfh/Encl.

2025 Lincoln Highway • Suite 200 • P.O. Box 3012 • Edison, NJ 08818 • (732) 248-4200 • FAX (732) 248-2355
112 West 34th Street • 17th Floor • New York, NY 10120 • (212) 947-1999 • FAX (212) 947-3332
One Liberty Place • 1650 Market St., 36th Floor • Philadelphia, PA 19103 • (215) 665-5622 • FAX (215) 665-5623
101 Federal Street • Suite 1900 • Boston, MA 02110 • (617) 204-5630 • FAX (617) 977-9398
www.njinslaw.com

Methfessel & Werbel, Esqs.
Our File No. 94407a SME
Page 2

cc: **VIA ELECTRONIC FILING**

    VIA EMAIL: apremisler@lpgmlaw.com
    Andrew Premisler, Esq.

    VIA EMAIL: swinikow@mgmlaw.com
    Scott Winikow, Esq.

    VIA EMAIL: jzimring@zblawpllc.com
    Joshua Zimring, Esq.

    VIA EMAIL: jmckenna@lbcclaw.com
    John McKenna, Esq.

    VIA EMAIL: bgartner@lbcclaw.com
    Bethany Gartner, Esq.

    VIA EMAIL: dgerber@gerberciano.com
    Daniel Gerber, Esq.

    VIA EMAIL: droa@gerberciano.com
    Dominick Roa, Esq.

    VIA EMAIL: gpetropoulos@cgpllp.com
    Gary Petropoulos, Esq.

    VIA EMAIL: rschwartz@zdlaw.com
    Roy Schwartz, Esq.

| | |
|---|---|
| CATLIN INSURANCE COMPANY,<br><br>Plaintiff<br><br>AGAINST<br><br>CHAMP CONSTRUCTION COMPANY, AMERICAN EMPIRE INSURANCE COMPANY, MERCHANTS MUTUAL INSURANCE COMPANY, NAVIGATORS SPECIALTY INSURANCE, AXIS INSURANCE, NAVIGATORS INSURANCE COMPANY, GZA GEOENVIRONMENTAL, INC., also known as GOLDBERG ZOINO ASSOCIATES OF NEW YORK P.C., COMMERCE & INDUSTRY INSURANCE, ACE AMERICAN INSURANCE COMPANY, GILSANZ, MURRAY, STEFICEK,LLP, CONTINENTAL CASUALTY COMPANY,  JOHN DOES 1-10 (said persons being unknown and fictitious) and ABC COMPANIES 1-10 (said entities being unknown and fictitious),<br><br>Defendants | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK<br>CASE NO.: 1:24-CV-4499-LJL<br><br>Civil Action<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>* Oral Argument Requested |

**PLAINTIFF CATLIN INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT GILSANZ, MURRAY, STEFICEK, LLP'S MOTION TO DISMISS THE COMPLAINT**

| | |
|---|---|
| Shaji M. Eapen, Esq.<br> On the Brief | **METHFESSEL & WERBEL, ESQS.**<br>112 West 34th Street, 17th Floor<br>New York, NY  10120<br>Phone: 212-947-1999<br>Fax: 212-947-3332<br>eapen@methwerb.com<br>Attorneys for Catlin Insurance Company<br>Our File No.  94407a SME |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................ ii

PRELIMINARY STATEMENT ....................................................................... 1

LEGAL ARGUMENT

Point I- WHILE CATLIN DOES NOT DISPUTE THAT GMS HAS NO DUTY TO DEFEND AND ITS DUTY TO INDEMNIFY BROADWAY 371 IS NOT TRIGGERED AT THIS TIME, GMS SHOULD STILL REMAIN A PARTY TO THIS ACTION BECAUSE IT IS AN "INTERESTED PARTY" UNDER FED. R. CIV. P. 57 ............................................................................................................... 3

Point II- CONTRARY TO GMS'S ASSERTION, THE WILTON-BRILLHART ABSENTION DOCTRINE DOES NOT APPLY HERE BECAUSE THERE IS NO IDENTITY OF PARTIES/ISSUES BETWEEN THIS MATTER AND THE UNDERLYING ACTION ..................................................................................... 5

CONCLUSION .................................................................................................. 8

**TABLE OF AUTHORITIES**

**Cases:**

*Brillhart v. Excess Ins. Co. of America*
    316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) ........................... 6

*National Union Fire Ins. Co. v. Karp*
    108 F.3d 17 (2d Cir.1997) ............................................................... 6

*Niagara Mohawk Power Corp.*
    673 F.3d 84 (2d Cir.2012) ............................................................. 6

*Public Service Com'n of Utah v. Wycoff Co., Inc.*
    344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952) ............................... 5

*Travelers Cas. v. Silo City Phase I LLC*
    No. 22-cv-00416-JLS-JJM,
    2023 WL 5098228 (W.D.N.Y. Aug. 2, 2023) ....................................... 7

*Wilton v. Seven Falls Co.*
    515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ................ 5, 6

**Statutes**
28 U.S.C. § 2201(a) ............................................................................... 5

**Other Sources**
Advisory Committee Notes to FRCP 57 ....................................................... 3

**PRELIMINARY STATEMENT**

Defendant Gilsanz, Murray, Steficek, LLP's (hereinafter "GMS") Motion to Dismiss the Complaint is premised on the following arguments: a) GMS does not have a duty to defend Broadway 371, LLC ("Broadway 371") and related entities per GMS's contract with Broadway 371 ("GMS Agreement"); b) GMS's obligation to indemnify and hold harmless Broadway 371 and related entities is only triggered upon a finding that GMS negligently performed its services under the GMS Agreement; and c) all disputes arising under the GMS Agreement must be litigated in the Supreme Court of New York, County of New York.

Catlin does not dispute that per the language of the GMS Agreement, GMS does not have an obligation to defend Broadway 371 and the related entities, and that there must be a determination that GMS negligently performed its services in order to trigger GMS's contractual obligation to indemnify and hold harmless Broadway 371 and related entities but no such determination has been made as yet. However, GMS cannot dispute that it is an "interested party" under *Fed. R. Civ. P.* 57, and thus, at a minimum, GMS is required to be named in the Declaratory Judgment Action. Moreover, GMS cannot dispute that Catlin is not a party to the GMS Agreement and thus, is not bound by the choice of venue clause in the GMS Agreement. For these reasons, GMS's Motion to Dismiss must be denied.

GMS argues, in the alternative, that the Court should stay the present action based on the *Wilton-Brillhart* abstention doctrine. However, the *Wilton-*

1

*Brillhart* abstention doctrine can only be applied when there is a parallel state action to the Federal action with an identity of parties, and the issues and relief sought are the same. As explained below, the Underlying state Action does not have the same parties as the instant action. Moreover, the relief sought by Catlin is different that the relief sought in the underlying case. Accordingly, the *Wilton-Brillhart* abstention doctrine should not be applied to the instant action.

**LEGAL ARGUMENT**

**POINT I**

**WHILE CATLIN DOES NOT DISPUTE THAT GMS HAS NO DUTY TO DEFEND AND ITS DUTY TO INDEMNIFY BROADWAY 371 IS NOT TRIGGERED AT THIS TIME, GMS SHOULD STILL REMAIN A PARTY TO THIS ACTION BECAUSE IT IS AN "INTERESTED PARTY" UNDER FED. R. CIV. P. 57.**

Catlin does not dispute that the language of the GMS Agreement, including that per the Agreement, GMS does not have an obligation to defend Broadway 371 and the related entities, and there must be a finding GMS negligently performed its services in order to trigger GMS's contractual obligation to indemnify and hold harmless Broadway 371 and related entities in <u>EMFT, LLC, et al. v. Broadway 371, LLC, et al.</u>, Index No. 156959/2016 (the "Underlying Action"), but no such determination has been made as yet. Even if GMS's duty to indemnify Broadway 371 has not ripened, GMS should remain in the case as it is an interested party to the claims in this matter.[1] "The petitioner must have a practical interest in the declaration sought and <u>all parties having an interest therein or adversely affected must be made parties or be cited</u>." *See* Advisory Committee Notes to FRCP 57 (emphasis added). The purpose of this Action is to compel those parties named (including GMS) to satisfy their obligations to defend and/or indemnify Broadway 371 and related entities in the Underlying Action and to reimburse

---

[1] Although Catlin did not name GMS simply as an interested party, Catlin would be willing to amend the Complaint to name GMS as an interested party should the Court find it necessary.

3

Catlin for any defense costs and fees incurred and potential indemnification payments. In addition to GMS being named in the Declaratory Judgment Action, GMS's insurer, Continental Casualty Company, is also named as a party to this Declaratory Judgment Action. *See* Declaration of Roy H. Schwartz dated December 23, 2024 *(*"Schwartz Decl.), Exhibit G ¶¶¶¶ 68-71. GMS has an interest in whether Continental Casualty Company has an obligation to defend and potentially indemnify Broadway 371 and related entities, particularly if GMS is later found to have a duty to indemnify Broadway 371 and related entities.

Accordingly, at a minimum, GMS should remain as an "interested party" to the action.

**POINT II**

**CONTRARY TO GMS'S ASSERTION, THE *WILTON-BRILLHART* ABSENTION DOCTRINE DOES NOT APPLY HERE BECAUSE THERE IS NO IDENTITY OF PARTIES/ISSUES BETWEEN THIS MATTER AND THE UNDERLYING ACTION.**

In its moving brief, GMS asserts that the Court must stay the claims against GMS pursuant to the *Wilton-Brillhart* abstention doctrine. Contrary to GMS's assertion, the *Wilton-Brillhart* abstention doctrine is not applicable here because there is no identity of parties and claims between this Declaratory Judgment Action and the Underlying Action.

A district court derives its power to decide a declaratory action from the Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.' " *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (quoting *Public Service Com'n of Utah v. Wycoff Co., Inc.,* 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)). The Supreme Court has defined the issue of when district courts should accept jurisdiction where a parallel state proceeding is pending:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court <u>presenting the same issues</u>, not governed by federal law, <u>between the same parties</u>. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)(emphasis added); *see also Wilton,* 515 U.S. at 282–83, 115 S.Ct. 2137.

"Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, <u>there is an identity of parties, and the issues and relief sought are the same</u>." *National Union Fire Ins. Co. v. Karp,* 108 F.3d 17, 22 (2d Cir.1997)(emphasis added). In comparing the present action to the Underlying Action, there is not an identity of parties and issues. Catlin is not a party to the Underlying Action, nor is Continental Casualty Company, the insurer for GMS. *Compare* Exhibit H to Schwartz Decl. with Exhibit G to Schwartz Decl.; *see also* Schwartz Decl., Exhibit G ¶¶¶¶ 68-71. As such, Catlin's claims in the present action, including its claims against the various insurers, are not present in the Underlying Action.

For these reasons, the *Wilton-Brillhart* abstention doctrine cannot apply to the instant action. In the alternative, if the Court determines the Underlying Action is a parallel case with identity of parties, issues, and relief sought in the current action, the Court should stay the claims against GMS as opposed to dismissing GMS from the matter. The Supreme Court has held that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Niagara Mohawk Power Corp. v. Hudson River–Black River Regulating Dist.,* 673 F.3d 84, 105 (2d Cir.

6

2012) quoting *Wilton, supra*, 515 U.S. at 288 n.2. In *Travelers,* the Magistrate Judge recommended a stay in a coverage action arising from a New York construction project arising from New York law, noting *Wilton's* directive that such cases be stayed pending a parallel state action. *Travelers Cas. v. Silo City Phase I LLC,* No. 22-cv-00416-JLS-JJM, 2023 WL 5098228, at *3 (W.D.N.Y. Aug. 2, 2023).

    Here, the Underlying Action will not resolve the claims in controversy in this matter, particularly Catlin's claim for reimbursement of defense costs and fees from GMS and Catlin's claims against the various insurers. As such, if the Court finds the Underlying Action is a parallel state action to the present Declaratory Judgment Action with respect to GMS, then the Court should stay the action against GMS.

## CONCLUSION

Based on the foregoing, it is respectfully requested that Defendant Gilsanz, Murray, Steficek, LLP's Motion to Dismiss the Complaint be denied.

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Catlin Insurance Company

By:_____
    Shaji M. Eapen

DATED: January 27, 2025

8