UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
CATLIN INSURANCE COMPANY,

                Plaintiff,                CASE NO. 1:24-cv-4499

    -against-

CHAMP CONSTRUCTION COMPANY, AMERICAN
EMPIRE INSURANCE COMPANY, MERCHANT'S
MUTUAL INSURANCE COMPANY, NAVIGATOR'S
SPECIAL INSURANCE, AXIS INSURANCE,
NAVIGATORS INSURANCE COMPANY, GZA
GEOENVIRONMENTAL, INC., also known as GOLDBERG
ZOINO ASSOCIATES OF NEW YORK P.C., COMMERCE
& INDUSTRY INSURANCE, ACE AMERICAN
INSURANCE COMPANY, GILSANZ, MURRAY,
STEFICEK, LLP, CONTINENTAL CASUALTY
COMPANY, JOHN DOES 1-10 (said persons
being unknown and fictitious) and ABC COMPANIES
1-10 (said entities being unknown and fictitious).

                Defendants.
---------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT**

                              **MANNING GROSS + MASSENBURG LLP**
                              *Attorneys for Defendant,*
                              ***GOLDBERG-ZOINO ASSOCIATES OF NEW
YORK, P.C. i/s/h/a GZA EOENVIRONMENTAL,
INC. a/k/a GOLDBERG ZOINO ASSOCIATES
OF NEW YORK P.C.***
                              200 Vesey Street
                              25th Floor
                              New York, New York 10281
                              *(*212) 244-3333

**OF COUNSEL:
Scott K. Winikow, Esq.
Joshua S. Stern, Esq.**

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS....................................................................................i

TABLE OF AUTHORITIES ..........................................................................ii

ARGUMENT IN OPPOSITION ...................................................................1

I. PLAINTIFF HAS NOT MET ITS BURDEN OF DEMONSTRATING "GOOD CAUSE"..........................................2

II. PLAINTIFF'S AMENDMENT REGARDING GZA BEING AN INTERESTED PARTY IS FUTILE AND DOES NOT REMEDY THE ISSUES WARRANTING DISMISSAL…………………………………………………………….3

CONCLUSION...........................................................................................5

# TABLE OF AUTHORITIES

**Case**                                                                                                                    **Page**

Barbagallo v. Marcum LLP, No. 11 Civ. 1358(JBW),
2012 WL 1664238, at *5 (E.D.N.Y. May 11, 2012)……………………………………4

DiBuono v. Abbey, LLC, 944 N.Y.S.2d 280, 285 (2d Dep't 2012)…………………..4

E.R. Squibb & Sons, Inc. v. Lloyd's & Companies,
241 F.3d 154, 177 (2d Cir. 2001)……………………………………………………….4

Inner City Redevelopment Corp. v. Thyssenkrupp Elevator Corp.,
8 N.Y.S.3d 314, 315 (1st Dep't 2015)…………………………………………………..4

In re Prudential Lines Inc., 158 F.3d 65 (2d Cir. 1998)..............................................6

Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007)…………..3

MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126–27 (2007)………………..4

New Hampshire Ins. Co. v. Total Tool Supply, Inc.,
621 F. Supp. 2d 121, 124 (S.D.N.Y. 2009)…………………………………………….3

Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000)……………..2

Sawicki v. GameStop Corp., 966 N.Y.S.2d 447, 450 (2d Dep't 2013)……………...4

S.S. Silberblatt, Inc. v. E. Harlem Pilot Block--Bldg. 1 Hous. Dev. Fund Co.,
608 F.2d 28, 42 (2d Cir. 1979)…………………………………………………………3

Steuhl v. Home Therapy Equip., Inc.,
857 N.Y .S.2d 335, 339–40 (3d Dep't 2008)…………………………………………..4

**ARGUMENT IN OPPOSITION**

Defendant Goldberg-Zoino Associates of New York, P.C. i/s/h/a GZA Environmental, Inc. a/k/a Goldberg Zoino Associates of New York P.C. ("GZA") submits this memorandum of law in opposition to Plaintiff's motion leave to file a second amended complaint.

As the Court is aware, GZA filed a pending motion to dismiss Plaintiff's First Amended Complaint (the "GZA Motion") on the basis that the claims against GZA relating to the duty to indemnify and defend lack subject matter jurisdiction; or (ii) in the alternative, staying the proceeding against GZA for all remaining claims pending resolution of the underlying tort action, entitled <u>EMFT, LLC, et al. v. Broadway 371, LLC, et al.</u>, Index No. 156969/2016 which is pending in the Supreme Court of the State of New York, New York County (the "State Action").

As detailed in the GZA Motion, Catlin's declaratory judgment claims related to any purported duty to indemnify and defend it alleges is owed by GZA in this action must be dismissed for the simple reason that these claims are not ripe for adjudication. Indeed, no liability has been adjudicated as to GZA, nor against Catlin's insureds, namely Elad Group Properties, LLC, Broadway 371 LLC, and the Board of Directors of the Franklin Place Condominium (collectively, "Broadway 371"). In the alternative, to the extent that any of Plaintiff's claims against GZA survive, these remaining claims, if any, should be stayed pursuant to the <u>Wilton/Brilhart</u> Abstention doctrine because this action is entirely duplicative of the earlier State Action, in which discovery is well underway, and because there are unresolved issues of fact that are determinative to the declaratory judgment issues that are also determinative in the State Court Action.

Almost three months after the GZA Motion was fully brief, Plaintiff is seeking leave to amend its complaint to purportedly correct certain pleading defects in connection with a separate motion to dismiss filed by co-defendant ACE Property and Casualty Insurance Company ("ACE"),

1

who is alleged to have issued an excess property damage policy to GZA. ACE asserts that alleged property damage did not occur during the relevant policy period referenced in the Amended Complaint, and that even if such claims did fall within the policy period, they would be excluded pursuant to a "Professional Services Liability Exclusion-Absolute." However, several portions of Plaintiff's changes to its Second Amended Complaint are wholly unrelated to the ACE Motion and concern the GZA Motion. In particular, Plaintiff seeks to amend Paragraph 13 of its pleading by asserting that "[a]t a minimum, GZA is named as an interested party." (ECF Doc. # 147-4) In its Memorandum of Law in Support of its Cross-Motion (ECF Doc. # 147-1)(footnote 1 on page 3), Catlin asserts that the "amendment addresses the argument raised by Catlin in ECF Nos. 124 and 125 in opposition to GZA and Gilsanz's pending Motion to Dismiss." Those opposition papers were filed on January 27, 2025.

While Plaintiff takes no issue with respect to the ACE Motion, Plaintiff cross-motion to file a Second Amended Complaint as it relates to GZA is improper and must be denied for several reasons.

## I. PLAINTIFF HAS NOT MET ITS BURDEN OF DEMONSTRATING "GOOD CAUSE"

The motion seeking leave to amend was filed more than 3 months after the January 13, 2025, deadline for amending pleadings as contained in the parties' Case Management Plan and Scheduling Order dated December 13, 2024 (ECF Doc. # 106). It was also filed more than 4 months after GZA filed its motion to dismiss (ECF Doc. # 103), and 3 months after Plaintiff filed its opposition to GZA's motion (ECF Doc. No. 124).

Although Fed. R. Civ. P. 15(a) provides that leave to amend should be freely granted, when an amendment occurs after a scheduling order deadline, the party seeking to amend must demonstrate "good cause" pursuant to Fed. R. Civ. P. 16(b). *See* Parker v. Columbia Pictures

2

Indus., 204 F.3d 326, 339 (2d Cir. 2000)("We have not yet had occasion, however, to balance that principle with Rule 16(b)'s requirement that scheduling orders "shall not be modified except upon a showing of good cause," see Fed.R.Civ.P. 16(b).")  Indeed, in Parker, the Court specifically noted that "by limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" With respect to the standard required by Rule 16(b), "good cause' depends on the diligence of the moving party." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007).

In the present circumstance, Plaintiff's motion utterly fails to reference the Rule 16(b) standard, let alone offer any evidence of "good cause," or its purported diligence in amended its pleadings almost 3 months after the Court ordered deadline.  In fact, to the extent that any procedural defects in its pleadings relate to GZA, any motion to amend to assert that GZA was an "interested party" should have been made in December when GZA filed its motion to dismiss, or certainly in January when Plaintiff filed its opposition papers.  There is simply no excuse, and it demonstrates a complete lack of diligence, that Plaintiff waited another 3 months before moving for leave to amend.  As a result, the Court should deny Plaintiff's request as untimely and barred by the scheduling order as a matter of course.

    **II.    PLAINTIFF'S AMENDMENT REGARDING GZA BEING AN INTERESTED PARTY IS FUTILE AND DOES NOT REMEDY THE ISSUES WARRANTING DISMISSAL**

The Court should also deny Plaintiff leave to amend to assert that GZA is an interested party because such an amendment does not correct the issues (lack of subject matter jurisdiction and ripeness) that warrant dismissal as asserted in the GZA Motion.  See S.S. Silberblatt, Inc. v. E. Harlem Pilot Block--Bldg. 1 Hous. Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979)("A trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would

3

fail to state a cause of action."); New Hampshire Ins. Co. v. Total Tool Supply, Inc., 621 F. Supp. 2d 121, 124 (S.D.N.Y. 2009). Indeed, it is not even clear what Plaintiff means by the term "interested party," since it is a vague and undefined term. Plaintiff' has made the same arguments with respect to Defendant Gilsanz, Murrary, Steficek, LLP.

As the Court in E.R. Squibb & Sons, Inc. v. Lloyd's & Companies, 241 F.3d 154, 177 (2d Cir. 2001), indicated, "[a] party seeking a declaratory judgment bears the burden of proving that the district court has jurisdiction." In addition, as discussed in GZA's motion papers, New York courts have consistently held where the contractual indemnitor is not an insurer, such as GZA in this case, its duty to defend is no broader than and is coextensive with its duty to indemnify. See, e.g., Barbagallo v. Marcum LLP, No. 11 Civ. 1358(JBW), 2012 WL 1664238, at *5 (E.D.N.Y. May 11, 2012) ("Where, as here, the contractual indemnitor is not an insurer, the indemnitor's duty to defend is substantially narrower. In such cases, the indemnitor's duty to defend its contractual indemnitee is no broader than its duty to indemnify. Since [defendant] is not an insurer, his duty to defend is coextensive with his duty to indemnify." (internal citations and quotation marks omitted)); Inner City Redevelopment Corp. v. Thyssenkrupp Elevator Corp., 8 N.Y.S.3d 314, 315 (1st Dep't 2015); Sawicki v. GameStop Corp., 966 N.Y.S.2d 447, 450 (2d Dep't 2013); DiBuono v. Abbey, LLC, 944 N.Y.S.2d 280, 285 (2d Dep't 2012); Steuhl v. Home Therapy Equip., Inc., 857 N.Y.S.2d 335, 339–40 (3d Dep't 2008). As such, Catlin's declaratory judgment action against GZA must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because neither the duty to defend nor the right to contractual indemnification have been triggered, and thus, such claims are not ripe for adjudication. See, e.g. In re Prudential Lines Inc., 158 F.3d 65, 70 (2d Cir. 1998); MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126–27 (2007). A fully recitation of the reasons in favor of dismissal are contained in GZA's motion papers and for the sake of brevity are not repeated herein.

4

Despite Plaintiff's motion for leave to amend, there is simply no case law or legal support that by Plaintiff somehow labeling GZA an "interested party," it saves its claims against GZA. Indeed, GZA was unable to locate any case (nor has any been cited by Plaintiff) where a party seeking dismissal of a declaratory judgment claim due to a lack of ripeness, was made an "interested party" and thus required to expend significant monetary resources in litigating an unripe case, while having to defend the same claims and incur duplicative expenses in another court. Indeed, to grant Catlin's request would be to render questions about ripeness and subject matter jurisdiction as irrelevant and superfluous, as any plaintiff could simply evade the issue by claiming that a defendant was an interested party.

Additionally, Plaintiff's amendment also does nothing to address the alternative relief sought by GZA, which is to stay this proceeding pursuant to the Wilton/Brillhart Abstention Doctrine, pending discovery and the resolution in the State Action. The simple and undeniable fact is that GZA does not belong in this case and that many of the factual and discovery issues are entirely duplicative of the pending State Court Action. To the extent that Plaintiff would like to take discovery from GZA following dismissal, it would certainly be free to issue a non-party subpoena and it does not need to improperly label GZA as an "interested party" to do so.

As such, GZA respectfully requests that this Court reject Catlin's attempt to amend its Second Amended Complaint to vaguely allege that GZA is an interested party.

## **CONCLUSION**

For the foregoing reasons, Defendant GZA GeoEnvironmental, Inc. respectfully requests that this Court deny Plaintiff's cross-motion for leave to file a Second Amended Complaint.

Dated:  New York, New York
       April 25, 2025

                        **MANNING GROSS + MASSENBURG LLP**

By: _____
       Joshua S. Stern
*Attorneys for Defendant*
***GOLDBERG-ZOINO ASSOCIATES OF NEW YORK, P.C. i/s/h/a GZA EOENVIRONMENTAL, INC. a/k/a GOLDBERG ZOINO ASSOCIATES OF NEW YORK P.C.***..
112 West 34th Street, 18th Floor
New York, New York 10120
(212) 244-3333