

**METHFESSEL & WERBEL**
A Professional Corporation

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
FREDRIC PAUL GALLIN*+^
WILLIAM S. BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
LORI BROWN STERNBACK*+
I. BLAKELEY JOHNSTONE, III+*
GINA M. STANZIALE>
PAUL J. ENDLER JR.>
JAMES P. CULLEN, JR.=^
THOMAS O. MULVIHILL>
JAMES FOXEN^
SARAH K. DELAHANT+
ATHINA L. CORNELL+
JEFFREY R. MERLINO+
JENNIFER A. OSBORNE+
ANDREW J. GIBBS>
JARED S. SCHURE>

Of Counsel
Stephen R. Katzman#
ED THORNTON>
MICHAEL TRIFIOLIS>
BETH A. BOLGER+
PAUL E. GRIGGS>

Counsel
STEPHEN G. BRENNER+^
ADAM M. CARMAN+^
SHAJI M. EAPEN+
JOSEPH C. FALK>
ANGELA M. GURRERA>
GERALD KAPLAN>
JARED P. KINGSLEY*+
JOHN R. KNODEL*+
LESLIE A. KOCH=
CHARLES T. MCCOOK, JR.*>
CHRISTINA MICHELSON+
RICHARD A. NELKE~
STEVEN K. PARNESS+
RAINA M. PITTS^
AMANDA J. SAWYER^
STEVEN A. UNTERBURGER+

Associates
EDWARD D. DEMBLING>
KARISHMA DHRUVE>
MICHAEL R. EATROFF>
ERICA FRANCISCO-LAU+
FRANK J. KEENAN+^
SCOTT KETTERER>
ZURAB MAISURADZE>
JOHN M. MARTIN>
ANTHONY J. MANCUSO>
KAJAL J. PATEL+
ADAM M. SCHWARTZ+
VITTORIA A. SCULCO>
SARAH E. SHEPP+
ALYCIA M. SWIFT+
TIFFANY D. TAGARELLI>

Retired
JOHN METHFESSEL, SR.>
(1935-2017)
DON CROWLEY*+
(1942-2024)
MARC DEMBLING*+
(1944-2022)

*Certified by the Supreme Court of
 New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
^Member of NY Bar only
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
≤Member of NJ, NY & CA Bar
≥Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar
=Member of NY, NJ & MA Bar

**Please reply to New York**

April 28, 2025

VIA ECF
Honorable Lewis J. Liman, U.S.D.J.
United States District Court for the Southern District of New York
US Courthouse  40 Foley Square
New York, NY 10007-1581

RE:   **CATLIN INSURANCE VS. CHAMP CONSTRUCTION, ET AL.**
      Our File No.     : 94407a SME
      Docket No.       : 1:24-CV-4499

Dear Judge Liman:

This office represents Plaintiff Catlin Insurance Company ("Catlin") in the above-referenced matter. Kindly accept this letter brief in lieu of a more formal memorandum of law in response to Defendant Navigators Insurance Company's Motion to Dismiss Catlin's Amended Complaint for lack of diversity jurisdiction, ECF No. 155. Catlin does not oppose Navigators' dismissal from the action, so long as it is without prejudice. However, Catlin does oppose Navigators' request that Catlin's Amended Complaint be dismissed in its entirety.

If a federal action is dismissed for lack of diversity, C.P.L.R. § 205(a)[1] applies and a new action is preserved. *Dyer v. Cahan,* 150 A.D.2d 540, 541

---

[1] N.Y.C.P.L.R. § 205(a) states in relevant part: "[i]f an action is timely filed and is terminated for any reason besides voluntary discontinuance, neglect to prosecute, or a final judgment on the merits, plaintiff can commence on a new action provided the new action would have been timely when the prior action was commenced."

2025 Lincoln Highway • Suite 200 • P.O. Box 3012 • Edison, NJ 08818 • (732) 248-4200 • FAX (732) 248-2355
112 West 34th Street • 17th Floor • New York, NY 10120 • (212) 947-1999 • FAX (212) 947-3332
One Liberty Place • 1650 Market St., 36th Floor • Philadelphia, PA 19103 • (215) 665-5622 • FAX (215) 665-5623
101 Federal Street • Suite 1900 • Boston, MA 02110 • (617) 204-5630 • FAX (617) 977-9398
www.njinslaw.com

Methfessel & Werbel, Esqs.
Our File No. 94407a SME
Page 2

N.Y.S.2d 440 (N.Y.App.Div.1989). Since the Complaint and Amended Complaint was timely filed, and Navigator's dismissal is based on lack of diversity, Navigator's dismissal should be without prejudice so that Catlin could re-file its claim against Navigators in New York state court if so desired pursuant to section 205(a). *See Diffley v. Allied–Signal, Inc.,* 921 F.2d 421, 424 (2d. Cir.1990). Courts have also held that since a dismissal for lack of diversity jurisdiction is not based on the merits of the claim, the dismissal should be without prejudice so the plaintiff could file in a court with proper jurisdiction and/or if the facts change. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).")

Moreover, Courts have held that where one party lacks diversity jurisdiction, the other parties may remain as defendants so long as the court has jurisdiction over the remaining parties and the dismissed party is not an indispensable party. *See Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 837-38, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989); *Curley v. Brignoli, Curley & Roberts Assocs.,* 915 F.2d 81, 89 (2d Cir.1990).

In the present action, after being advised that Catlin and Navigators lacked diversity of citizenship, Catlin consented to dismissing Navigators without prejudice due to the lack of diversity jurisdiction, combined with the fact that Navigators is a second layer excess insurer for Champ Construction Company

Methfessel & Werbel, Esqs.
Our File No. 94407a SME
Page 3

("Champ") and the potential damages will likely not reach Navigators' level of insurance coverage. *See* ¶3 of Declaration of Andrew M. Premisler, Esq.'s Declaration. However, Navigators could not secure the consent of all parties, forcing it to file the instant motion. *Ibid.*

Accepting Navigators' representations, Catlin does not dispute that there is a lack of diversity jurisdiction between it and Navigators, requiring that Navigators (and Navigators alone) be dismissed without prejudice from the present matter. No other party has challenged the diversity of citizenship between Catlin and it in this matter. Additionally, Navigators is a dispensable party as it is unlikely that the damages could reach its second layer of excess coverage for Champ, who has its two primary insurers (American Empire and Axis) and its first layer excess insurer (Merchants Mutual) as named defendants in the matter.

Based on the foregoing, it is respectfully requested that Navigators' Motion to Dismiss for lack of diversity jurisdiction be granted with Navigators alone being dismissed without prejudice.

> Respectfully submitted,
> **METHFESSEL & WERBEL, ESQS.**
>
> Shaji M. Eapen
> eapen@methwerb.com
> Ext. 131

SME:kfh
cc:    All Counsel of Record (VIA ECF)