```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/02/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
CATLIN INSURANCE COMPANY,                                          :
                                                                   :
                        Plaintiff,                                 :
                                                                   :          24-cv-4499 (LJL)
            -v-                                                    :
                                                                   :          OPINION AND ORDER
CHAMP CONSTRUCTION COMPANY, AMERICAN                               :
EMPIRE INSURANCE COMPANY, MERCHANTS                                :
MUTUAL INSURANCE COMPANY, NAVIGATORS                               :
SPECIALTY INSURANCE, AXIS INSURANCE,                               :
NAVIGATORS INSURANCE COMPANY, GZA                                  :
GEOENVIRONMENTAL, INC., also known as                              :
GOLDBERG ZOINO ASSOCIATES OF NEW YORK                              :
P.C., COMMERCE & INDUSTRY INSURANCE, ACE                           :
AMERICAN INSURANCE COMPANY, GILSANZ,                               :
MURRAY, STEFICEK,LLP, CONTINENTAL                                  :
CASUALTY COMPANY, JOHN DOES 1-10 (said                             :
persons being unknown and fictitious) and ABC                      :
COMPANIES 1-10 (said entities being unknown and                    :
fictitious),                                                       :
                        Defendants.                                :
                                                                   :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

   Defendant Gilsanz Murray Steficek ("Gilsanz") moves, pursuant to Federal Rule of Civil

Procedure 12(b)(1) and (b)(6), to dismiss the action against it for lack of subject matter

jurisdiction and for failure to state a claim for relief or, in the alternative, for a stay of this action.

Dkt. No. 108. Defendant Ace American Insurance Company ("Ace") moves, pursuant to Federal

Rule of Civil Procedure 12(b)(6), to dismiss the Amended Complaint for failure to state a claim

for relief. Dkt. No. 137. Plaintiff Caitlin Insurance Company ("Catlin" or "Plaintiff") cross-

moves, pursuant to Federal Rules of Civil Procedure 15 and 16, for leave to file a Second Amended Complaint. Dkt. No. 147.[1]

For the reasons that follow, Gilsanz and Ace's motions to dismiss are granted and Catlin's motion to amend is denied.

## BACKGROUND

For purposes of this motion, the Court assumes the truth of the allegations of the Amended Complaint, as supplemented by the documents incorporated by reference.

In this action, Catlin seeks a declaratory judgment with respect to the obligations of certain parties to defend or indemnify of Catlin's insureds in connection with a lawsuit pending in New York State Supreme Court, New York County captioned *EMFT, LLC, et al. v. Broadway 371, LLC, et al.*, Index No. 156959/2016 (the "Underlying Action"). Dkt. No. 23 ¶ 1.

The Underlying Action concerns construction of a new ground up condominium building at 5 Franklin Place a/k/a 371 Broadway, New York, New York (the "Building") and damage that is alleged to have been sustained to the neighboring building at 365 Broadway, New York, New York (the "365 Building"). Dkt. No. 138-2.[2] On February 21, 2017, EMFT, LLC ("EMFT"), the owner of the 365 Building, filed a summons and complaint in New York State Supreme Court against Broadway 371, LLC ("Broadway 371"), ELAD Group Properties, LLC ("Elad"), and The Board of Directors of Franklin Place Condominium (the "Board," and collectively with Broadway 371 and Elad, the "Underlying Defendants") for damages arising from and/or relating to work performed at the Building, including but not limited to foundation work. *Id.* ¶ 44.

---

[1] There is also pending before the Court a motion by Defendant GZA GeoEnvironmental, Inc., also known as Goldberg Zoino Associates of New York PC ("GZA"), pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the Amended Complaint against it for lack of jurisdiction. Dkt. No. 101. This Opinion and Order does not address that motion.
[2] The Court takes judicial notice of the state court verified complaint for its contents but not for the truth of the matters asserted in it.

2

Broadway 371 is the owner of the Building. *Id.* ¶ 21. According to the allegations in the Underlying Action, Elad is the managing member of the Building and the Board was established to own and control the Building. *Id.* ¶ 45; *see* Dkt. No. 138-2.

EMFT alleges three causes of action against Broadway 371 in the Underlying Action: (1) Broadway 371 is responsible for the construction of an extension to the chimneys of the 365 Building and the costs for that extension pursuant to New York City law; (2) Broadway 371 is responsible for damages that occurred to the 365 Building during construction activities at the project; and (3) Broadway 371 is liable for the failure to remove dissembled scaffolding and other debris on the roof of the 365 Building. Dkt. No. 138-2 ¶¶ 49–54.

Catlin is an insurance company and the insurer on primary and excess policies issued to Broadway 371 with an effective date of December 21, 2013. Dkt. No. 23 ¶ 33. It is a Texas corporation with its principal place of business in Connecticut. *Id.* ¶ 6.

Gilsanz Murray Steficek is a New York corporation. *Id.* ¶ 16. It signed a Structural Engineering Services Agreement on or about June 28, 2012, to perform structural engineering services for the construction of the Building. *Id.* ¶ 29.

Champ Construction Company is a New York corporation. *Id.* ¶ 7. On or about September 25, 2012, it signed a Trade Contract Agreement with Design Construction International Inc. as Construction Manager on behalf of and as agent for Broadway 371 as Owner to perform excavation, foundation, piles and MTA work for the construction of the Building. *Id.* ¶ 21.

GZA is a New York corporation. *Id.* ¶ 13. On or about December 6, 2012, it signed a Consultant Agreement with Broadway 371 as Owner to "perform consultation services regarding the geotechnical engineering, design, inspection and instrument installation services, including

but not limited to, providing the labor and material for the installation of geostructural instrumentation to monitor 365 Broadway." *Id.* ¶ 25.

On January 14, 2020, Broadway 371 filed a third-party summons and complaint in the Underlying Action against Champ, Gilsanz, and GZA asserting claims for: (i) breach of contract; (ii) negligence; (iii) common-law indemnification; (iv) common-law contribution; and (v) contractual indemnification. Dkt. No. 103-8.

Each of Champ and GZA are obligated by contract to indemnify, defend and/or hold harmless Broadway 371 for lawsuits and claims arising out of their respective performance of services under their respective agreements. *Id.* ¶¶ 22, 26. Gilsanz is obligated to indemnify and hold harmless Broadway 371 for lawsuits and claims arising out of the negligent performance of services under its agreement. *Id.* ¶ 30. Champ, GZA, and Gilsanz are obligated to maintain commercial general liability insurance and to name Broadway 371 and Elad as Additional Insureds. *Id.* ¶¶ 23–24, 27–28, 31–32.

American Empire Insurance Company ("American Empire") has issued a commercial general liability policy to Champ with a policy period of January 17, 2013, to January 17, 2014, with Broadway 371 and others named as additional insured with regard to work being performed for them by Champ. *Id.* ¶ 34. Axis Insurance ("Axis") issued a commercial general liability policy to Champ with a policy period of January 17, 2014, to January 17, 2015, with Broadway 371 and others named as additional insured on a primary non-contributory basis with regard to work being performed for them by Champ. *Id.* ¶ 37. Merchants Mutual Insurance Company ("Merchants Mutual") has issued an excess liability policy to Champ, *id.* ¶¶ 35, 38, Navigators Insurance Company ("Navigators") has issued a commercial umbrella policy to Champ, *id.* ¶ 36, and Navigators Specialty Insurance Company ("Navigators Specialty") has issued an excess

4

liability policy to Champ, *id.* ¶ 39.  The excess and umbrella policies follow the form of the primary general liability policies issued to Champ.  *Id.* ¶ 55.

Commerce & Industry Insurance ("Commerce & Industry") issued a general liability policy to GZA with a policy period of February 28, 2012, to February 28, 2013, with Broadway 371 and others named as additional insured on a primary, non-contributory basis with regard to work being performed for them by GZA.  *Id.* ¶ 40.  Ace is alleged to have issued an excess liability policy to GZA for the policy period of February 28, 2012, to February 28, 2013, with Broadway 371 and others named as additional insureds on a primary, non-contributory basis with regard to work being performed for them by GZA.  *Id.* ¶ 41.  The Ace policy follows the form of the Commerce & Industry policy.  *Id.* ¶ 63.

Continental Casualty Company ("Continental") has issued a general liability policy to Gilsanz, with Broadway 371 and others named as additional insureds on a primary, non-contributory basis with regard to work being performed for them by Gilsanz.  *Id.* ¶¶ 42–43.

## PROCEDURAL HISTORY

Plaintiff filed its complaint for declaratory relief against Champ, American Empire, Merchants Mutual, Navigators Specialty, Axis, and Navigators on June 12, 2024.  Dkt. No. 2.

On September 23, 2024, Plaintiff filed an Amended Complaint for Declaratory Relief adding GZA, Commerce & Industry, Ace, Gilsanz, and Continental as Defendants.  Dkt. No. 23.[3]  In the Amended Complaint, Plaintiff seeks declarations that: (1) Champ must defend and indemnify the Underlying Defendants in the Underlying Action, *id.* ¶¶ 48–50; (2) Champ's insurers (American Empire and Axis) and its excess or umbrella insurers (Merchants Mutual,

---

[3] Continental, Navigators Specialty, American Empire, and Axis answered the Amended Company.  Dkt. Nos. 81, 83, 93, 100.  Merchants Mutual has filed an answer and crossclaims against all defendants.  Dkt. No. 104.

5

Navigators, and Navigators' Specialty) must defend and/or indemnify the Underlying Defendants in the Underlying Action, *id.* ¶¶ 51–55; (3) GZA must defend and indemnify the Underlying Defendants in the Underlying Action, *id.* ¶¶ 56–58; (4) GZA's insurer (Commerce & Industry) and its excess or umbrella insurer (Ace) must defend or indemnify the Underlying Defendants in the Underlying Action, *id.* ¶¶ 59–63. (5) Gilsanz must defend and indemnify the Underlying Defendants in the Underlying Action, *id.* ¶¶ 64–66; and (6) Gilzanz's insurer (Continental) must defend and indemnify the Underlying Defendants in the Underlying Action, *id.* ¶¶ 67–71.

On December 23, 2024, Gilsanz filed its motion to dismiss for lack of subject matter jurisdiction or failure to state a claim or, in the alternative, for a stay of this action. Dkt. No. 108.[4] It also filed a declaration of counsel with eight exhibits and a memorandum of law in support of the motion. Dkt. Nos. 108–109. Catlin filed its memorandum of law in opposition to the motion on January 27, 2025. Dkt. No. 125. On February 4, 2025, Gilsanz filed a reply memorandum of law in further support of its motion to dismiss. Dkt. No. 128. It also filed a declaration of counsel in further support of the motion. Dkt. No. 131.

On March 14, 2025, ACE filed its motion to dismiss the Amended Complaint for failure to state a claim for relief. Dkt. No. 137. It also filed a memorandum of law and an affidavit of counsel with four exhibits in support of the motion to dismiss. Dkt. No. 138. Plaintiff filed an opposition to the motion to dismiss and a cross-motion to file a second amended complaint on

---

[4] GZA had previously filed a motion to dismiss for lack of jurisdiction on December 9, 2024. Dkt. No. 101. The motion was supported by a memorandum of law and the declaration of counsel with ten exhibits. Dkt. Nos. 102–103. Catlin filed a memorandum of law in opposition to GZA's motion to dismiss on January 27, 2025. Dkt. No. 124. On February 5, 2025, GZA filed a reply memorandum of law in further support of its motion to dismiss. Dkt. No. 130. GZA's motion remains *sub judice*.

April 11, 2025. Dkt. No. 147. It also filed a supplemental memorandum of law in support of that motion. Dkt. No. 147-1. ACE filed a memorandum of law in further support of its motion to dismiss and in opposition to the motion to amend on April 25, 2025. Dkt. No. 160. Also on April 25, 2025, GMS and GZA each filed memoranda of law in opposition to the motion to amend. Dkt. No. 161–162.[5]

The initial Case Management Plan and Scheduling Order in this case was entered on December 13, 2024. Dkt. No. 106. It provided that any motion to amend or join additional parties would be filed no later than January 13, 2025, and that all discovery would be completed no later than May 30, 2025. Dkt. No. 106. The Court filed an Amended Case Management Plan and Scheduling Order on April 8, 2025. Dkt. No. 146. The Amended Case Management Plan extended the date for the completion of all discovery to August 15, 2025. *Id.*

## LEGAL STANDARD

Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A court properly dismisses a claim for lack of subject matter jurisdiction under Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A motion to dismiss for lack of subject matter jurisdiction may 'raise a facial challenge based on the pleadings, or a factual challenge based on extrinsic evidence.'" *U.S. Airlines Pilots Ass'n ex rel. Cleary v. US Airways, Inc.*, 859 F. Supp. 2d 283, 296 (E.D.N.Y. 2012) (quoting *Guadagno v. Wallack Ader Levithan Assocs.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996)). Where the defendant

---

[5] Navigators filed a motion to dismiss for lack of jurisdiction on April 18, 2025. Dkt. No. 155. That motion was granted on consent of Catlin on May 5, 2025. Dkt. Nos. 163, 166.

7

challenges the legal sufficiency of a complaint's allegations, the court must treat all factual allegations as true and draw reasonable inferences in favor of the complaining party. *Robinson v. Gov't of Malay.*, 269 F.3d 133, 140 (2d Cir. 2001). However, where the jurisdictional challenge is fact-based, the defendant may "proffer[] evidence beyond the [p]leading," and the plaintiff "will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)). In that case, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations," and "the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." *Guadagno*, 932 F. Supp. at 95.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Twombly*, 550 U.S. at 555, 557. The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that

8

discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

## DISCUSSION

Gilsanz argues that the claims against it should be dismissed for lack of subject-matter jurisdiction because they are not ripe. Dkt. No. 102 at 6–8; Dkt. No. 109. Ace argues that the claims against it should be dismissed because the Amended Complaint does not allege that it issued a policy covering the relevant period. Dkt. No. 138. Catlin cross-moves to amend its complaint to suggest that Ace may have issued a policy covering the relevant period and to name GZA and Gilsanz as "interested parties." Dkt. Nos. 147, 147-1, 147-4.

The claims against Gilszanz are not ripe, and Catlin has not stated a claim against Ace in either its current complaint or proposed amended complaint. Therefore, Gilsanz and Ace will be dismissed from this case.

**I. Gilsanz**

Gilsanz argues that it has a contractual obligation only to indemnify Broadway 371 and not to defend it, that its obligation is contingent upon a finding that it has been negligent, and that Broadway 371's rights to indemnification will be triggered (and therefore Plaintiff's rights as subrogee triggered) and the case become ripe only upon a finding in state court of Broadway 371's liability and Gilsanz's negligence. Dkt. No. 109. Plaintiff does not dispute that Gilsanz has no obligation to defend Broadway 371 and the related entities, that its duty to indemnify arises only if it had been negligent, that no such determination has not been made, and that therefore the claims it asserts in this matter have not yet ripened. Dkt. No. 125 at 1, 3. Accordingly, Gilsanz's motion must be granted.

**II.     Ace's Motion to Dismiss/Catlin's Cross-Motion to Amend**

Ace argues that the Amended Complaint fails to state a claim for relief against it.  Ace notes that the complaint in the Underlying Action asserts violations and damages that occurred on or after July 1, 2013.  Dkt. No. 138-2 ¶¶ 18, 23, 24.  The Ace Excess Policy referenced in the Amended Complaint provides coverage only for property damages that occurred during the policy period February 28, 2012, to February 28, 2013.  Dkt. No. 23 ¶ 41; Dkt. No. 138-3 at 10.[6]  Ace also notes that the Ace Excess Policy only affords coverage after the underlying primary policy is exhausted and only when the insured becomes legally obligated to pay damages in excess of $5,000,000 plus any applicable limits of other insurance.  Dkt. No. 138 at 2.  Those events are not yet alleged to have occurred.  Accordingly, Ace argues that the Amended Complaint fails to state a claim for relief.

In response, Catlin seeks to amend its complaint to state that "[u]pon information and belief, Ace American issued an excess liability policy or policies to GZA, with Broadway 371 LLC and others named as additional insured . . . with one or more policies in effect at the time of the alleged loss in the Underlying Action."  Dkt. No. 147; *see* Dkt. No. 147-4 ¶¶ 41, 63.  GZA argues that the proposed amendment would be futile because the proposed amended complaint still does not state a claim for relief.  Dkt. No. 160 at 4–5.

Ace's motion to dismiss is granted, and the cross-motion for leave to amend is denied.  Catlin has no claim for relief under the policy covering the period February 28, 2012, to February 28, 2013, because the alleged loss did not begin until at least July 1, 2013.  Dkt. No. 138-2 ¶ 18.  Catlin's proposed amendment amounts to a statement that it believes or guesses

---

[6] ECF pagination.

that Ace may have issued some other policy covering the relevant period. *See* Dkt. No. 147-4 ¶ 41. This is not sufficient to state a claim for relief.

"[T]o plead a cause of action for breach of contract, a plaintiff usually must allege that: (1) a contract exists; (2) plaintiff performed in accordance with the contract; (3) defendant breached its contractual obligations; and (4) defendant's breach resulted in damages." *34-06 73, LLC v. Seneca Ins. Co.*, 198 N.E.3d 1282, 1287 (N.Y. 2022) (internal citations omitted). "Conclusory allegations that a contract existed or that it was breached do not suffice." *Ebomwonyi v. Sea Shipping Line*, 473 F. Supp. 3d 338, 347 (S.D.N.Y. 2020) (quoting *Emerald Town Car of Pearl River, LLC v. Phila. Indem. Ins. Co.*, 2017 WL 1383773, at *7 (S.D.N.Y. Apr. 12, 2017)), *aff'd*, 2022 WL 274507 (2d Cir. Jan. 31, 2022). Under the "liberal standard" of Federal Rule of Civil Procedure 15, "[t]he court should freely give leave" to amend a complaint. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160 (2d Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). "However, it is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).[7]

Catlin's proposed amendment is simply a conclusory statement that Ace issued "one or more policies" that would cover the alleged loss. *See* Dkt. No. 147-4 ¶ 41. Catlin makes this allegation on information and belief, and it makes no additional allegations that would support a plausible inference the alleged policy existed. *See Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120

---

[7] Because the deadline to amend the complaint set by the Court's Case Management Plan and Scheduling Order elapsed prior to the motion to amend, *see* Dkt. No. 146, Catlin must also show good cause to amend the Case Management Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 16. *See Pasternack v. Shrader*, 863 F.3d 162, 174 n.10 (2d Cir. 2017). Given that Catlin's proposed amendment is futile, the Court need not consider whether Catlin has shown good cause.

11

(2d Cir. 2010) (noting that a plaintiff who pleads facts on information and belief must also plead "factual information that makes the inference of culpability plausible"). This is not sufficient to plead the existence of a contract. *See Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405, 416 (S.D.N.Y. 2009); *Childers v. N.Y. & Presbyterian Hosp.*, 36 F. Supp. 3d 292, 312 (S.D.N.Y. 2014); *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008); *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*, 455 F. App'x 102, 104 (2d Cir. 2012). Therefore, the proposed amendment is futile.

### III. Interested Party Status

Plaintiff argues that even if the claims against Gilsanz and GZA are not ripe, Gilsanz and GZA should remain in the action as "interested parties." Dkt. No. 124 at 11–122; Dkt. No. 125 at 3–4. In its cross-motion to amend, it also seeks to amend its complaint to describe Champ, GZA, and Gilsanz as "interested part[ies]." Dkt. No. 147-4 ¶¶ 7, 13, 16.

Plaintiff relies on language from the advisory committee notes upon the adoption of Rule 57 that "[t]he petitioner must have a practical interest in the declaration sought and all parties having an interest therein or adversely affected must be made parties or be cited." Fed. R. Civ. P. 57 advisory committee notes to 1937 adoption. From that, Plaintiff argues that GZA and Gilsanz should remain in the case as "interested parties" even if the claims against them are dismissed.

This is a misreading. The cited sentence is apparently a reference to the text of the Declaratory Judgment Act, which states that the court "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether future relief is or could be sought." 28 U.S.C. § 2201. An interested party is a party with standing, *i.e.*, a person who is the proper party to seek the declaratory relief. *See* Moore's Federal Practice 57.22[4], at 57–58 (3d ed. 2024) ("The term *interested party* involves

the legal concept of standing, that is, whether the named plaintiff is the proper party to seek the declaratory relief."). Certainly, the party seeking a declaratory judgment must have standing to do so. The second portion of the sentence may also reference the concerns expressed by Federal Rule of Civil Procedure 19, which requires joinder of any person who "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19. In other words, the statement suggests that the plaintiff in a declaratory judgment action must have standing, that any necessary parties must be joined, and possibly, that other parties that could have an interest should be "cited."

What the statement cannot be read to do is create an amorphous "interested party" status unique to declaratory judgment actions, given that such status is not supported by either the text of Rule 57 itself or the text of the DJA. Plaintiff does not argue that the Rule 19 standard for required joinder is met. Nor does it argue that GZA and Gilsanz have not been "cited"—GZA and Gilsanz are well aware of this action and there is no concern that their interests will be unprotected in their absence. There is thus no cause for Gilsanz to be retained as an "interested party" after the claims against it are dismissed, nor is it clear what such a status would entail. If the claims against GZA were to be dismissed, the same would follow with respect to GZA. The motion to amend the complaint accordingly is denied.

## CONCLUSION

The motions to dismiss are GRANTED. The motion to amend is DENIED.

The Clerk of Court is respectfully directed to close Dkt. Nos. 108, 137, and 147.

SO ORDERED.

Dated: July 2, 2025
      New York, New York

                                              LEWIS J. LIMAN
                                     United States District Judge